UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | Civil Action No. 2:18-cv-412 |
| Plaintiff, | |
| v. | |
| NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL; AND HMD GLOBAL OY, | JURY TRIAL DEMANDED |
| Defendants. | |

## ALCATEL-LUCENT USA, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Alcatel-Lucent USA, Inc. ("ALU") was merged into the entity Nokia of America Corporation.  Nokia of America Corporation responds to this complaint on behalf of ALU, and by its undersigned attorneys, hereby submits its answer, affirmative defenses, and counterclaims to the Original Complaint and demand for jury trial seeking relief from patent infringement of Traxcell Technologies, LLC ("Traxcell" or "Plaintiff").

### I.   THE PARTIES

1. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

3. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4. On information and belief, ALU admits that Nokia Corporation is a corporation organized and existing under the laws of Finland. On information and belief, ALU denies the remaining allegations.

5. On information and belief, ALU admits that Nokia Technologies Oy is a corporation organized and existing under the laws of Finland with its principal place of business in Espoo, Finland and that Nokia Technologies Oy is a wholly-owned subsidiary of Nokia Corporation. On information and belief, ALU denies the remaining allegations.

6. ALU merged into the entity now known as Nokia of America Corporation. The allegations are otherwise denied.

7. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II. JURISDICTION AND VENUE

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent that a response is required, ALU denies that it has committed and/or induced and/or contributed to acts of patent infringement in this district.

10. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14. On information and belief, ALU denies the allegations.

15. On information and belief, ALU denies the allegations.

16. On information and belief, ALU denies the allegations.

17. On information and belief, ALU denies the allegations.

18. Paragraph 18 contains a legal conclusion to which no response is required. ALU merged into the entity now known as Nokia of America Corporation. ALU denies that it has committed and/or induced and/or contributed to acts of patent infringement in this district. The allegations are otherwise denied.

19. ALU merged into the entity now known as Nokia of America Corporation. The allegations are otherwise denied. Plaintiff purports to assert venue. ALU denies that this is the most convenient venue.

20. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23. ALU is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

### III. INFRINGEMENT ('388 Patent (Attached as exhibit A))

24. ALU admits that U.S. Patent No. 9,549,388 ("the '388 patent") is titled on its face "Mobile wireless device providing off-line and on-line geographic navigation information" and

states on its face that it was issued January 17, 2017. ALU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

25. ALU admits that the '388 patent abstract states "A mobile device, wireless network and their method of operation provide both on-line (connected) navigation operation, as well as off-line navigation from a local database within the mobile device. Routing according to the navigation system can be controlled by traffic congestion measurements made by the wireless network that allow the navigation system to select the optimum route based on expected trip duration."

26. ALU denies the allegations as they relate to ALU.

27. ALU denies the allegations as they relate to ALU.

28. ALU denies the allegations as they relate to ALU.

29. ALU denies the allegations as they relate to ALU.

**IV. INFRINGEMENT ('353 Patent (Attached as exhibit B))**

30. ALU admits that U.S. Patent No. 9,888,353 ("the '353 patent") is titled on its face "Mobile wireless communications system and method with hierarchical location determination" and states on its face that it was issued February 6, 2018. ALU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

31. ALU admits that the '353 Patent's Abstract states, "A mobile wireless network and a method of operation provide a hierarchical selection from among various location methods in populating a user location database. A digital signature technique is used to determine a location of a mobile wireless communications device. The location is compared with received signal-strength indication (RSSI) measurements to determine if the location provided by the digital

signature technique is reasonable, and if so, the digital signal measurement location result is stored in the database. Otherwise, the user location database controller computes the location in conformity with the RSSI measurements. Triangulation measurements in combination with the RSSI measurements may be used to compute a prospective location that is used if the digital signature-determined location is unreasonable and also tested for validity by comparison to the RSSI measurements. The prospective location can also be tested for reasonableness by comparing the RSSI measurements."

32. ALU denies the allegations as they relate to ALU.

33. ALU denies the allegations as they relate to ALU.

34. ALU denies the allegations as they relate to ALU.

V. **INFRINGEMENT ('196 Patent (Attached as exhibit C))**

35. ALU admits that U.S. Patent No. 9,918,196 ("the '196 patent") is titled on its face "Internet queried directional navigation system with mobile and fixed originating location determination". ALU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

36. ALU admits that the '196 Patent Abstract states: "A mobile wireless network and a method of operation provide directional assistance in response to an Internet query. The directional assistance is provided from a location of the querying device to a destination that may be selectively prompted based on whether the destination is a nearby business, a type of business, a street address, or another mobile device or fixed telephone location. The location of the querying device is also selectively determined depending on whether the querying device is a wireless device such as a mobile telephone, or whether the device has a presumed fixed location, such as an ordinary telephone connected to a public-switched telephone network (PSTN)."

37. ALU denies the allegations as they relate to ALU.

38. ALU denies the allegations as they relate to ALU.

39. ALU denies the allegations as they relate to ALU.

40. ALU denies the allegations as they relate to ALU.

41. ALU denies the allegations as they relate to ALU.

## VI.     ANSWER TO PRAYER FOR RELIEF

ALU denies that Plaintiff is entitled to any relief requested in the Complaint or any other relief whatsoever. To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts, ALU denies each and every allegation.

**DEFENSES**

Subject to the responses above, ALU alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims against ALU, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, ALU specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. ALU does not infringe and has not infringed any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents.

2. The claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

3. Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products or methods alleged to infringe those patents, either literally or under the doctrine of equivalents.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or waiver.

5. Plaintiff is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

6. Any claim by Plaintiff for damages is limited by 35 U.S.C. §§ 286 or 287. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

7. Plaintiff is not entitled to treble damages under 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

8. To the extent certain products accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Plaintiff's claims against ALU with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498. ALU reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to instances of inequitable conduct, unclean hands, patent misuse, and/or implied license) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that ALU has the burden of proving the matter asserted.

## COUNTERCLAIMS

Alcatel-Lucent USA, Inc. ("ALU") was merged into the entity Nokia of America Corporation ("Nokia of America"). Nokia of America files these counterclaims on behalf of ALU, and through its undersigned attorneys. ALU alleges, with knowledge with respect to its own acts and on information and belief as to other matters, as follows:

## PARTIES

1. ALU was merged into the entity Nokia of America, which is a is a limited liability company organized and existing under the laws of Delaware, with places of business at 6000 Connection Drive, MD E4- 400, Irving, TX 75039 and 601 Data Dr., Plano, TX 75075. Nokia of America sells and offers to sell products and services in Texas and this judicial district.

2. Traxcell Technologies, LLC ("Traxcell") alleges that it is a Texas Limited Liability Company, with its principal place of business located 1405 Municipal Ave., Suite 2305, Plano, TX 75074.

## BACKGROUND

3. Traxcell alleges that it owns U.S. Patent No. 9,549,388 ("the '388 patent") by assignment.

4. Traxcell alleges that it owns U.S. Patent No. 9,888,353 ("the '353 patent") by assignment.

5. Traxcell alleges that it owns U.S. Patent No. 9,918,196 ("the '196 patent") by assignment.

## JURISDICTION

6. ALU brings these counterclaims under, inter alia, the patent laws of the United States, 35 U.S.C. § 1 et seq.; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), and 2201 and 2202 (declaratory judgment).

7. Traxcell is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Complaint, Traxcell has submitted to the personal jurisdiction of this Court.

8. To the extent that venue is proper for Traxcell's claims, venue is also proper for these counterclaims under 28 U.S.C. §§ 1391(b) and 1391(c). Traxcell has consented to venue in this District by bringing this action.

**COUNT I**

Declaration of Noninfringement of U.S. Patent No. 9,549,388

9. ALU restates and incorporates by reference each of the allegations set forth above.

10. Traxcell alleges infringement of the '388 patent against ALU.

11. No asserted claim of the '388 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation, sale, and/or offer for sale of ALU's products and services.

12. For example, Traxcell purports to charge ALU with infringement of Claims 1-30 of the '388 patent, but identifies claim 1 as "exemplary."

13. Claims 1-30 of the '388 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation, sale, and/or offer for sale of ALU's products and services, at least because, by way of non-limiting example, ALU's products and services do not satisfy the following claim limitations of Traxcell's "exemplary" claim: "a first processor within the wireless mobile communications

device coupled to the at least one first radio-frequency transceiver programmed to receive a location of the wireless mobile communications device from the wireless communications network and generate an indication of a location of the wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device, and wherein the processor displays to the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device"; "a second processor coupled to the at least one second radio-frequency transceiver programmed to determine the location of the wireless mobile communications device, wherein the second processor selectively determines the location of the wireless mobile communications device dependent on the setting of preference flags, wherein the second processor determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicates the location of the wireless mobile communications device to the first processor via the second radio-frequency transmitter, and wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device."

15. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ALU requests the declaration of the Court that ALU does not infringe and has not infringed any claim of the '388 patent.

## COUNT II

### Declaration of Noninfringement of U.S. Patent No. 9,888,353

16. ALU restates and incorporates by reference each of the allegations set forth above.

17. Traxcell alleges infringement of the '353 patent against ALU.

18. No asserted claim of the '353 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation, sale, and/or offer for sale of ALU's products and services.

19. For example, Traxcell purports to charge ALU with infringement of Claims 1-19 of the '353 patent, but identifies claim 1 as "exemplary."

20. Claims 1-19 of the '388 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation, sale, and/or offer for sale of ALU's products and services, at least because, by way of non-limiting example, ALU's products and services do not satisfy the following claim limitations of Traxcell's "exemplary" claim: "a user location database controller coupled to the multiple radio-frequency transceivers, wherein the user location database controller determines a location of a first one of the mobile wireless communications devices by comparing a result of a digital signature location with received signal strength indication measurements to determine whether or not the result of the digital signature location is reasonable, wherein the user location database controller, responsive to determining that the result of the digital signature location is reasonable, stores the result as the location of the first mobile wireless communications device in a user location database, wherein the user location database controller, responsive to determining that the result of the digital signature location is not reasonable, computes the location of the first mobile wireless communications device in conformity with the received signal strength

indication measurements, wherein the user location database controller compares the result of the digital signature location with the received signal strength indication measurements by determining a test zone from signal strength indications of a plurality of towers corresponding to the multiple antennas that are in radio-frequency communication with the first mobile wireless communication device and comparing the result of the digital signature location with the test zone, so that the user location database controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone."

21. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ALU requests the declaration of the Court that ALU does not infringe and has not infringed any claim of the '388 patent.

**COUNT III**

Declaration of Noninfringement of U.S. Patent No. 9,918,196

22. ALU restates and incorporates by reference each of the allegations set forth above.

23. Traxcell alleges infringement of the '196 patent against ALU.

24. No asserted claim of the '196 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation, sale, and/or offer for sale of ALU's products and services.

25. For example, Traxcell purports to charge ALU with infringement of Claims 1-30 of the '196 patent, but identifies claim 1 as "exemplary."

26. Claims 1-30 of the '196 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by ALU or the purchasers of ALU's products and services through the manufacture, use, importation,

sale, and/or offer for sale of ALU's products and services, at least because, by way of non-limiting example, ALU's products and services do not satisfy the following claim limitations of Traxcell's "exemplary" claim: "receiving, by a directional assistance service, an Internet query initiated at the communications device and directed via the Internet to initiate a request for navigational assistance to a destination"; "responsive to receiving the Internet query, determining whether or not the communications device is a mobile wireless communications device"; "responsive to determining that the communications device is the mobile wireless communications device, the directional assistance service determining and using a present location of the mobile wireless communications device as a location of the communications device"; "responsive to determining that the communications device is not the mobile wireless communications device, obtaining a fixed location associated with the communications device to determine the location of the communications device"; "the directional assistance service providing navigation information to the communications device in response to the Internet query, wherein the navigation provides directions for proceeding from the location of the communications device to a location of the destination".

27. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., ALU requests the declaration of the Court that ALU does not infringe and has not infringed any claim of the '196 patent.

### COUNT IV

### Declaration of Invalidity of US Patent No. 9,549,388

28. The asserted claims of the '388 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35

U.S.C. §§ 101, 102, 103, and/or 112. Each asserted claim of the '388 patent is anticipated and/or rendered obvious in view of at least one or more of the references:  US6314365B1; US6317605B1; US6317684B1; US6334047B1; US6336073B1; US20020002504A1; US6341255B1; US6362783B1; US20020052786A1; US6401035B2; US20020091568A1; US6421607B1; US20020111154A1; US6442394B1.  Each of the foregoing references is prior art to the '388 patent. The foregoing prior art is exemplary only and should not be construed as limiting in any way the defenses that ALU will present in this case.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Nokia requests the declaration of the Court that one or more claims of the '388 patent is invalid.

## COUNT V

### Declaration of Invalidity of US Patent No. 9,888,353

30. The asserted claims of the '353 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112. Each asserted claim of the '353 patent is anticipated and/or rendered obvious in view of at least one or more of the references: US5873040A; US5875398A; WO1999012228A2; US5884163A; US5890068A; US5911773A; US5920607A; US5930515A; US5930717A; US5933776A; US5933100A; US5959577A; US5987329A; US6014090A; US6026304A; WO2000010296A2.  Each of the foregoing references is prior art to the '353 patent. The foregoing prior art is exemplary only and should not be construed as limiting in any way the defenses that ALU will present in this case.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Nokia requests the declaration of the Court that one or more claims of the '353 patent is invalid.

## COUNT VI

Declaration of Invalidity of US Patent No. 9,918,196

30. The asserted claims of the '196 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112. Each asserted claim of the '196 patent is anticipated and/or rendered obvious in view of at least one or more of the references: US6282491B1; US6285688B1; US6246861B1; US6249680B1; US6249252B1; WO2001046710A2; US6266514B1; US6269246B1; US6278941B1; EP1126376A1; US6282491B1.  Each of the foregoing references is prior art to the '196 patent. The foregoing prior art is exemplary only and should not be construed as limiting in any way the defenses that ALU will present in this case.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Nokia requests the declaration of the Court that one or more claims of the '196 patent is invalid.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ALU respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, ALU respectfully requests that the Court enter a Judgment and Order in its favor and against Plaintiff as follows:

A. A judgment dismissing Plaintiff's Complaint against ALU with prejudice;

B. A judgment that Plaintiff take nothing by its Complaint in this action;

C. A judgment that ALU has not infringed, either directly or indirectly, any valid and enforceable claim of the patents-in-suit;

D. A declaration that this case is exceptional case under 35 U.S.C. § 285 and an award to ALU of its reasonable costs and attorneys' fees; and

E. A declaration that ALU has not infringed and does not infringe any valid and enforceable claim of the patents-in-suit;

F. A declaration that the claims of patents-in-suit are invalid;

G. An order barring Traxcell and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the patents-in-suit against ALU or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

H. Such other and further relief as this Court may deem just and proper.

Dated:  December 31, 2018

      Respectfully submitted,

      */s/ Michael E. Jones*
      David A. Nelson
      Nathan Hamstra
      Marc Kaplan
      QUINN EMANUEL URQUHART
      & SULLIVAN, LLP
      191 N. Wacker Dr., Suite 2700
      Chicago, IL 60606
      (312) 705-7400
      (312) 705-7401 (Facsimile)
      davenelson@quinnemanuel.com
      nathanhamstra@quinnemanuel.com
      marckaplan@quinnemanuel.com

      Michael E. Jones
      Texas Bar No. 10929400
      mikejones@potterminton.com
      E. Glenn Thames, Jr.
      Texas Bar No. 00785097
      glennthames@potterminton.com
      Patrick C. Clutter
      Texas Bar No. 24036374
      patrickclutter@potterminton.com
      POTTER MINTON
      A PROFESSIONAL CORPORATION
      110 North College Avenue, Suite 500
      Tyler, Texas 75702
      Tel: 903-597-8311
      Fax: 903-531-3937

      *Attorneys for ALU (Predecessor in Interest to Nokia of America)*

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 31, 2018.

                                          */s/ Michael E. Jones*
                                          Michael E. Jones