**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL OY; AND T-MOBILE USA, INC.<br><br>　　　　Defendants. | Case No. 2:18-CV-0412-RWS-RSP |

**T-MOBILE'S MOTION TO DISMISS
TRAXCELL'S' FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................................. 1

II.  STATEMENT OF ISSUES .................................................................................................. 2

III.  ARGUMENT ....................................................................................................................... 3

   A.  A COMPLAINT MUST ALLEGE SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM .................................................................................................................................. 3

   B.  TRAXCELL'S DIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS ................................................................. 4

   C.  TRAXCELL'S INDUCEMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS ..................................................................................... 9

   D.  TRAXCELL'S WILLFULNESS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS ................................................................................... 12

IV.  CONCLUSION ................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3, 9

*Atlas IP, LLC v. Exelon Corp.*,
    C.A. No. 15-10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) .......................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 3

*Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................... 9

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ........... 6, 8

*Cont'l Circuits LLC v. Intel Corp.*,
    No. CV16-2026 PHX DGC, 2017 WL 2651709 (D. Ariz. June 19, 2017) .......... 12

*Diamond Grading Techs. Inc. v. Am. Gem Soc'y*,
    No. 2:14-CV-1161-RWS-RSP, 2016 WL 3902482 (E.D. Tex. Mar. 30, 2016) .... 12

*Diem LLC v. BigCommerce, Inc.*,
    No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ......... 4

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) ............................................................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) .......................................................................................... 12

*Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*,
    No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ................ 11

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016) ............................................................................... 4

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
    No. 216CV00059JRGRSP, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017) .............. 4

*Promotional Techs., LLC v. Facebook, Inc.*,
    No. 3:11-CV-3488-P, 2012 WL 13026789 (N.D. Tex. Sept. 27, 2012) ............... 11

*Realtime Data LLC v. EchoStar Corp.*,
    No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512 (E.D. Tex. July 19, 2017) ........................... 13

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
    No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ................... 7, 8, 9, 11

*State Indus. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ........................................................................................ 11

*Traxcell Technologies, LLC, v. Huawei Technologies USA, Inc.*,
    Case No. 2:18-cv-00354-RWS-RSP ..................................................................................... 7

Defendant T-Mobile USA, Inc. ("T-Mobile") hereby moves to dismiss Plaintiff Traxcell Technologies, LLC's ("Traxcell" or "Plaintiff") First Amended Complaint for Patent Infringement (D.I. 22) against T-Mobile for failure to state a claim upon which relief may be based.

## I.     INTRODUCTION[1]

Traxcell originally brought suit against Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, Nokia Corporation, Nokia Technologies Oy, Alcatel-Lucent USA Inc. (collectively, "Nokia"), HMD Global, and HMD Global Oy alleging infringement of three patents: U.S. Patent Nos. 9,888,353 ("the '353 patent") 9,918,196 ("the '196 patent"), and 9,549,388 ("the '388 patent"). *See* D.I. 1. On February 21, Traxcell filed a First Amended Complaint (the "Complaint"), adding allegations against T-Mobile for the '353 patent and the '196 patent.[2] A comparison of the original complaint to the amended complaint shows that Traxcell merely added jurisdictional allegations against T-Mobile, and the occasional word "T-Mobile" to the claim charts. The substance of the allegations is unchanged, with Traxcell routinely lumping the Defendants together as a single entity. Traxcell's infringement claims against T-Mobile should be dismissed for failing to satisfy the basic pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure, because Traxcell fails to provide sufficient factual allegations to state a claim to relief that is plausible on its face.

The Complaint is severely lacking in factual allegations to support Traxcell's direct infringement claims. Regarding the '353 patent, Traxcell fails to identify any accused instrumentality for several of the claim elements. Instead, Traxcell parrots the claim element

---

[1] As is required under Fed. R. Civ. P. 12(b)(6), T-Mobile assumes as true the allegations in the Complaint for purposes of this motion. In so doing, however, T-Mobile is not waiving, but rather expressly reserves, its arguments challenging the truth of Traxcell's allegations.

[2] Traxcell is not asserting the '388 patent against T-Mobile in this case. *See* Complaint p. 7 n. 1.

1

without identifying any factual allegations.  Further, the Complaint is clearly incomplete, as it includes numerous references to "[t]he following exemplifies the existence of this limitation in Accused Systems:" which are followed by nothing.  For the '196 patent, Traxcell makes oblique references to "Accused Systems" or "computers/servers" without identifying any product connected to T-Mobile.

Traxcell's inducement claims are even more deficient.  Traxcell skips the threshold step of alleging underlying direct infringement.  Then, Traxcell fails to allege facts suggesting that T-Mobile had the requisite knowledge of the '353 and '196 patents or that T-Mobile had the requisite specific intent to induce infringement.  In fact, Traxcell alleges that "Defendants" were aware of the '353 and '196 patents because the patents' underlying application had been cited to "one" of the Defendants (there are several defendants unconnected to T-Mobile), but provides no allegations directed specifically to T-Mobile.

Traxcell's allegations relating to willful infringement are essentially nonexistent.  Traxcell merely alleges in its Prayer for Relief that it is entitled to treble damages.  As with induced infringement, Traxcell provides no allegations of T-Mobile's knowledge of the '353 and '196 patents.  Indeed, Traxcell does not set forth any facts from which one could draw an inference that T-Mobile acted willfully.

Traxcell's deficient claims against T-Mobile should be dismissed.

## II.   STATEMENT OF ISSUES

1.   Whether the Complaint sufficiently pleads that T-Mobile directly infringes the '353 and '196 patents under 35 U.S.C. § 271(a) where the allegations are conclusory and fail to identify any product that infringes.

2. Whether the Complaint sufficiently pleads that T-Mobile induces infringement of the '353 and '196 patents under 35 U.S.C. § 271(b) where the Complaint includes no plausible, factual support alleging knowledge of the '353 and '196 patents and fails to set forth any facts to support the bare assertion that T-Mobile intends to induce infringement by third parties.

3. Whether the Complaint is sufficient to establish a facially plausible claim that T-Mobile's alleged infringement has been willful where the Complaint includes no plausible, factual support alleging knowledge of the '353 and '196 patents and fails to set forth any facts to support the bare assertion that T-Mobile's alleged infringement was willful, intentional and/or deliberate.

## III. ARGUMENT

### A. A COMPLAINT MUST ALLEGE SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted); *see* Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Id*. at 678.

In a patent infringement case, the Federal Circuit applies regional circuit law to a motion to dismiss.

### B.    TRAXCELL'S DIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS

Traxcell's direct infringement claims should be dismissed because Traxcell fails to allege sufficient facts to state a plausible claim. While Traxcell ostensibly provides a representative claim chart for the '353 and '196 patents that break a claim down into individual elements, Traxcell fails to identify a device or system that meets ***all elements*** of the claim.

A claim for direct infringement must include some "coherent theory of which claims are allegedly infringed and how the accused products practice . . . ***each*** of those elements." *Atlas IP, LLC v. Exelon Corp.*, C.A. No. 15-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) (emphasis added). The Federal Circuit in "*Lyda* appears to require factual allegations sufficient to give rise to a plausible inference that a device meets ***all elements*** of a ***specific claim***." *Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 216CV00059JRGRSP, 2017 WL 780885, at *3 (E.D. Tex. Feb. 10, 2017) (citing *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016)) (emphasis in original), *report and recommendation adopted*, No. 216CV00059JRGRSP, 2017 WL 780880 (E.D. Tex. Feb. 28, 2017); *see also Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *3 (E.D. Tex. May 11, 2017) ("Plaintiff must put Defendant on plausible notice of the claims Defendant may need to defend agains [sic] by identifying a representative claim from the '122 Patent and providing facts sufficient to create a plausible inference that ***each element of the claim*** is infringed by the accused products.") (emphasis added).

Traxcell fails to do so. With respect to the '353 patent, despite the presence of the claim chart, for many of the claim elements, Traxcell simply repeats the claim limitation and does not

4

identify *any* accused instrumentality that practices that claim limitation, never mind *how* that accused instrumentality would practice that limitation. This can be seen in the claim limitations below, where the claim language is highlighted in yellow:

| | |
|---|---|
| wherein the user location database controller, responsive to determining that the result of the digital signature location is reasonable, stores the result as the location of the first mobile wireless communications device in a user location database, | Plaintiff contends that each user location database controller corresponds to determining that the result of the digital signature location is reasonable, stores the result as the location of the mobile wireless communications device in a user location database or location server. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is not reasonable, computes the location of the first mobile wireless communications device in conformity with the received signal strength indication measurements, | Plaintiff contends that each described user location database controller computes location by using different methods and in response to determining that the result of the digital signature location is not reasonable, it then computes the location of the mobile wireless communications device in conformity with the received signal strength indication (RSSI) measurements. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller compares the result of the digital signature location with the received signal strength indication measurements by determining a test zone from signal strength indications of a plurality of towers corresponding to the multiple antennas that are in radio-frequency communication with the first mobile wireless communication device and comparing the result of the digital signature location with the test zone, so that the user location database controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone. | Plaintiff contends that each described user location database controller corresponds to this claim limitation, compares the result of the digital signature location with the received signal strength indication (RSSI) measurements by determining a test zone from signal strength indications of a plurality of access points or towers corresponding to the multiple antennas that are in radio-frequency communication with the mobile wireless communication device. It then compares the result of the digital signature location with the test zone. The controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone. |

Complaint ¶ 32 p. 17-18. Traxcell fails to identify any product that practices these elements. Even assuming that Traxcell properly identified a product for these claim elements (such as one of the devices identified for other claim elements), a simple repetition of the element does not constitute "factual allegations sufficient to give rise to a plausible inference" that the device meets this element. *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018).

In *Chapterhouse*, the patentee merely repeated the claim elements, and provided, without additional allegations, screenshots to purportedly illustrate how the accused products practice the claim elements. Traxcell has done even less. The court in *Chapterhouse* dismissed the direct infringement claims, stating that:

> For example, the preamble of Claim 1 of the '087 Patent states "A system for generating de-identified electronic receipts, comprising." (Complaint, Dkt. No. 1 ¶ 13.) The Complaint then alleges "14. The Shopify System is a system for generating de-identified electronic receipts. *See, e.g.*, Server Information; and Sales Reports. An example is illustrated below," (*Id.* ¶ 14,) followed by two screenshots. Such a statement, on its own, is a mere conclusory statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations. There are none here.

*Chapterhouse*, 2018 WL 6981828, at *2. As in *Chapterhouse*, Traxcell merely repeats the claim element, providing no more than a conclusory statement without any factual allegations. Traxcell did not even bother to include screenshots of an accused T-Mobile product or system, as the plaintiff did in *Chapterhouse*.

Evidencing the unfinished nature of Traxcell's Complaint, allegations for certain claim elements include the statement "The following exemplifies the existence of this limitation in Accused Systems:" followed by . . . nothing, as shown below.

6

| | |
|---|---|
| wherein the user location database controller, responsive to determining that the result of the digital signature location is reasonable, stores the result as the location of the first mobile wireless communications device in a user location database, | Plaintiff contends that each user location database controller corresponds to determining that the result of the digital signature location is reasonable, stores the result as the location of the mobile wireless communications device in a user location database or location server. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is not reasonable, computes the location of the first mobile wireless communications device in conformity with the received signal strength indication measurements, | Plaintiff contends that each described user location database controller computes location by using different methods and in response to determining that the result of the digital signature location is not reasonable, it then computes the location of the mobile wireless communications device in conformity with the received signal strength indication (RSSI) measurements. The following exemplifies the existence of this limitation in Accused Systems: |

*See, e.g.,* Complaint ¶ 32 p. 17. Further, the claim charts refer to "the transceivers and antenna of each Exhibit-A item" and "the products and applications listed within Exhibit C," while those exhibits appear to be missing. Complaint ¶ 32 p. 15-16. Exhibit A and Exhibit C to the Complaint are the other patents-in-suit, and do not disclose transceivers, antennas, products, and applications of the purportedly accused products. Lastly, there are stray references to Huawei products (*see* Complaint p. 8, 10, 14) that appear to be a holdover from Traxcell's similar complaint filed against Huawei. *See Traxcell Technologies, LLC, v. Huawei Technologies USA, Inc.*, Case No. 2:18-cv-00354-RWS-RSP. Even worse, this is not the first time these errors appear in Traxcell's Complaint. Traxcell's original complaint (which did not include T-Mobile) included these same issues. *See* D.I. 1. Such errors demonstrate "the lack of care with which [the patentee] drafted and filed its pleadings." *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *5 (E.D. Tex. June 28, 2016) (finding that "the 'inadvertent' inclusion of language presumably taken from a pleading directed to a different case, and completely unrelated

to the patent-in-suit, is indicative of the kind of cut-and-paste pleading practices that Rule 12(b)(6) was meant to address.").

With respect to the '196 patent, Traxcell fails to identify any product connected to T-Mobile that is alleged to infringe. Traxcell broadly accuses "U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation" as infringing, but does not provide any connection to T-Mobile. Complaint ¶ 37. In the claim chart for the '196 patent, Traxcell repeatedly alleges that "each Accused System" "is a computer/server operating in a communication network" but again provides no explanation for what the Accused System is, where or what the "computer/server" is, or any connection to T-Mobile. Complaint ¶ 38. Moreover, the "Accused System" and "computer/server" are described by their functionality, as if inviting T-Mobile to figure out what product it is that Traxcell believes infringes. The only products identified in the claim chart for the '196 patent are Nokia products, again with no factual allegations to connect T-Mobile to these products. "[P]arsing a Complaint is not meant to be a snark hunt; the Complaint is meant to put the Defendant on notice of the allegations against them." *Chapterhouse*, 2018 WL 6981828, at *4. Without any factual allegations, Traxcell fails to state a plausible claim that T-Mobile "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a).

"Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ruby Sands*, 2016 WL 3542430, at *4 (*quoting Iqbal*, 556 U.S. at 678). Because Traxcell does not plead sufficient facts to permit a plausible inference of direct infringement, Traxcell's claims for direct infringement should be dismissed.

### C. TRAXCELL'S INDUCEMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS

Traxcell's claim that T-Mobile has induced patent infringement should also be dismissed for failure to allege sufficient facts. Traxcell fails to allege any factual assertions to support its inducement claim, including any facts that T-Mobile had knowledge of the '353 and '196 patents.

"To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands*, 2016 WL 3542430, at *3(citing 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). While an inducement claim does not need to identify a specific direct infringer, it must "plead[] facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336. "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

As an initial matter, Traxcell fails to plausibly plead any underlying direct infringement for the '353 patent or the '196 patent. The only basis for Traxcell's claim that T-Mobile induced infringement is that "Defendants" encouraged or instructed third parties on how to use its products and services. Complaint ¶¶ 33, 40. However, as discussed above, Traxcell fails to plausibly claim that Defendants' products and services directly infringe. Consequently, Traxcell fails to plausibly claim that the third parties' use of those products and services infringe. While Traxcell does not need to identify a specific underlying direct infringement, it does need to plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

9

Without pleading enough facts to allow an inference of any direct infringement, Traxcell's induced infringement claim fails.

With regards to the actual inducement allegations, Traxcell alleges only that Defendants are inducing others to infringe the '353 and '196 patents, with no factual support, including any facts that T-Mobile had the requisite specific intent to induce infringement, that T-Mobile had knowledge of the patent, or how T-Mobile induced infringement.  *See* Complaint ¶¶ 33, 40. Indeed, Traxcell fails to provide a single factual allegation that is specific to T-Mobile.  Traxcell only vaguely alleges that "Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 32)."  Complaint ¶¶ 33, 40.  It is unclear which of the Defendants induced infringement by whose customers, suppliers, or competitors.

Most notably, Traxcell fails to allege any facts suggesting that T-Mobile had knowledge of the '353 and '196 patents.  In an attempt to establish knowledge, Traxcell alleges that "Defendants" had knowledge of the '353 and '196 patents because the patents' underlying application was cited to "Defendants" during prosecution of "one of Defendants' patent applications."  Complaint ¶¶ 33, 40.  Traxcell does not specify to which "one" of the Defendants the Traxcell patent application was cited, nor does Traxcell specify in which patent application the Traxcell patent application was cited.  There is no allegation that T-Mobile itself had knowledge.  Indeed, it is highly likely that that statement does not refer to T-Mobile, because this allegation was present in Traxcell's original complaint, before T-Mobile was added to this lawsuit.  In fact, it appears that the allegation applies to Nokia, because Traxcell subsequently specifically alleges that Nokia had knowledge of the patents because "a family-related patent's underlying application" was cited to Nokia.  Complaint ¶¶ 33, 40.

Moreover, to the extent that "one of the Defendants" refers to T-Mobile, the Federal Circuit has held that notice of the patent application is insufficient to establish knowledge of the patent because "[f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (in the context of willful infringement).

Traxcell also fails to allege any facts suggesting that T-Mobile had the specific intent to induce infringement. Traxcell does not even allege the basic conclusion that T-Mobile had the requisite specific intent. Without alleging this necessary element, Traxcell's inducement claim must fail. *See Ruby Sands*, 2016 WL 3542430, at *3 ("To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement."); *Promotional Techs., LLC v. Facebook, Inc.*, No. 3:11-CV-3488-P, 2012 WL 13026789, at *5 (N.D. Tex. Sept. 27, 2012) (dismissing claims where the complaint "does not contain any allegations of the Defendants' specific intent to induce or active steps to encourage another's infringement and, therefore, it is insufficient" because a "patentee must provide factual allegations in support of the elements of inducement that have some evidentiary support"); *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) (dismissing inducement allegations based on their "lack of inference-supporting facts and reliance on conclusory statements that merely mirror the elements of the cause of action").

### D. TRAXCELL'S WILLFULNESS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE SUFFICIENT FACTS

In its Prayer for Relief, Traxcell seeks damages caused by T-Mobile's purported patent infringement and asks that the court "declare Defendants' infringement to be willful and treble the damages." Complaint, Prayer for Relief at v. To the extent that Traxcell is further claiming willful infringement, such claims should be dismissed.

In *Halo*, the Supreme Court recently revised the test for finding willful infringement and the award of enhanced patent damages, emphasizing that enhanced damages are "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Although the *Halo* decision altered a district court's discretion to award enhanced damages, it did not alter the fact that patent infringement claims, including willfulness claims, must be adequately pled. Courts "have universally—either in word or deed—required plaintiffs to plead facts showing willfulness." *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *7 (D. Ariz. June 19, 2017) (citing cases). "At the pleading stage, a plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk. . . . Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement, but the complaint must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants." *Diamond Grading Techs. Inc. v. Am. Gem Soc'y*, No. 2:14-CV-1161-RWS-RSP, 2016 WL 3902482 (E.D. Tex. Mar. 30, 2016).

Traxcell has not pled *any* facts regarding willful infringement, including any facts suggesting this case is an egregious case warranting enhanced damages. As with its inducement claim, Traxcell provides no factual allegations specific to T-Mobile and no allegations of knowledge of the patent. In fact, the only mention of willful infringement in the Complaint is the

conclusory statement in the Prayer for Relief that Traxcell is entitled to treble damages. This is plainly insufficient. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512 (E.D. Tex. July 19, 2017) ("[A] solitary request for treble damages under § 284 in the Prayer for Relief is insufficient to give rise to a plausible claim of willful infringement.").

## IV. CONCLUSION

For the foregoing reasons, T-Mobile respectfully moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for entry of an Order dismissing Traxcell's claims against T-Mobile for failure to state a claim upon which relief may be granted.

Dated: March 20, 2019

Respectfully,

/s/ *Jacob K. Baron with permission,*
 *by Michael E. Jones*
Jacob K. Baron
jacob.baron@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5(a)(3) on March 20, 2019. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*