**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,** | |
| Plaintiff, | |
| v. | |
| **NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL OY; AND T-MOBILE, USA, INC.,** | **CASE NO. 2:18-CV-00412-RWS-RSP** |
| Defendants. | |

**DEFENDANT HMD GLOBAL OY'S MOTION TO DISMISS
FOR IMPROPER SERVICE OF PROCESS**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    STATEMENT OF THE ISSUES....................................................................... 3

III.   BACKGROUND ............................................................................................ 3

IV.   LEGAL STANDARDS .................................................................................... 8

      A.    Proper Service Is Necessary To Confer Jurisdiction................................. 8

      B.    Certain Subsections Of Rule 4 Govern Service Of Process On A Foreign
           Corporation Outside The United States .................................................... 9

      C.    The Hague Convention Is The Only Mechanism For Service In Finland.............. 11

V.    ARGUMENT ................................................................................................. 12

      A.    Traxcell Has Failed To Serve HMD In Compliance With Rule 4(f) ...................... 12

      B.    Traxcell Has Never Served The Proper Documents In This Case ......................... 13

      C.    Dismissal Is Appropriate Because Traxcell Has Not Demonstrated
           Reasonable Diligence In Attempting To Serve HMD ........................................... 16

VI.   CONCLUSION............................................................................................... 19

# TABLE OF AUTHORITIES

**CASES**

*A.T.N. Indus., Inc. v. Gross*,
   No. 4:14-CV-02743, 2016 WL 362309 (S.D. Tex. Jan. 29, 2016)..........................................16

*Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*,
   635 F.2d 434 (5th Cir. 1981) ..............................................................................................8, 9

*AGIS Software Dev., LLC v. ZTE Corp.*,
   No. 2:17-CV-00517-JRG, 2018 WL 4053897 (E.D. Tex. July 20, 2018).............14, 16, 17, 18

*Amrhein v. Riechert*,
   No. 3:12-CV-03707-G-BK, 2013 WL 1155473 (N.D. Tex. Feb. 1, 2013) .............................14

*Ayres v. Jacobs & Crumplar, P.A.*,
   99 F.3d 565 (3d Cir. 1996)....................................................................................................15

*Blitzsafe Texas LLC v. Geely Sweden Holdings AB*,
   2:17-cv-420-JRG (E.D. Tex. June 26, 2018)....................................................................17, 18

*Blue Underground Inc. v. Caputo*,
   No. CV 14-1343-GW, 2014 WL 12573679 (C.D. Cal. Sept. 8, 2014)..............................10, 12

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ..............................................................................9, 10, 11, 12

*C & F Sys., LLC v. Limpimax, S.A.*,
   No. 1:09-cv-858, 2010 U.S. Dist. LEXIS 973 (W.D. Mich. Jan. 6, 2010)............................17

*Charles v. Sanchez*,
   No. EP-13-CV-00193-DCG, 2013 WL 12087219 (W.D. Tex. Aug. 5, 2013).......................13

*ClubCom, Inc. v. Captive Media, Inc.*,
   No. 02:07-CV-1462, 2009 WL 249446 (W.D. Pa. Jan. 31, 2009) .........................................11

*Gartin v. Par Pharm. Cos., Inc.*,
   289 F. App'x 688 (5th Cir. 2008) ...........................................................................................8

*Glencore Ltd. v. Occidental Argentina Exploration and Prod., Inc.*,
   No. 11-cv-3070, 2012 WL 591226 (S.D. Tex. Feb. 22, 2012).................................................8

*Harrison v. Prather*,
   404 F.2d 267 (5th Cir. 1968) ..................................................................................................5

*Hazim v. Schiel & Denver Book Grp.*,
  No. CIV.A. H-12-1286, 2013 WL 2152109 (S.D. Tex. May 16, 2013) .................................. 12

*King v. Dogan*,
  31 F.3d 344 (5th Cir. 1994) .................................................................................... 13, 14

*Lozano v. Bosdet*,
  693 F.3d 485 (5th Cir. 2012) ............................................................................................ 15

*Margetis v. Ray*,
  No. 3:08–CV–958–L, 2009 WL 464962 (N.D. Tex. Feb. 25, 2009) ..................................... 13

*Marine Geotechnics, LLC v. Williams*,
  No. H–07–3499, 2009 WL 2144278 (S.D. Tex. July 13, 2009) ............................................. 13

*McGuire v. Sigma Coatings, Inc.*,
  48 F.3d 902 (5th Cir. 1995) ............................................................................................... 18

*Monument Peak Ventures, LLC v. HMD Global Oy*,
  Case No. 2:18-cv-00521-RWS-RSP .............................................................................. 2, 16

*Moreno v. LG Elecs., U.S.A. Inc.*,
  No. 7:13-CV-427, 2014 WL 11281383 (S.D. Tex. May 7, 2014) .......................................... 14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ...................................................................................................... 1, 8

*Nylok Corp. v. Fastener World Inc.*,
  396 F.3d 805 (7th Cir. 2005) ............................................................................................. 15

*Paradigm Entm't, Inc. v. Video Sys. Co., Ltd.*,
  No. Civ.A. 3:99-cv-2004P, 2000 WL 251731 (N.D. Tex. Mar. 3, 2000) ................................ 9

*People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*,
  No. CV 17-107-JWD-RLB, 2018 WL 1532196 (M.D. La. Mar. 28, 2018) ............................. 8

*Pickett v. City of Houston*,
  No. CIV.A. H-08-2734, 2009 WL 1158842 (S.D. Tex. Apr. 29, 2009) .................................. 15

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*,
  353 F.3d 916 (11th Cir. 2003) ............................................................................................. 9

*Reflex Media, Inc. v. Apiriliaco Ltd.*,
  745 F. App'x 14 (9th Cir. 2018) .......................................................................................... 9

*Uniloc USA, Inc. v. Avaya Inc.*,
  No. 6:15-CV-1168-JRG, 2016 WL 9245469 (E.D. Tex. Nov. 2, 2016) ................................. 19

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ...................................................................................10, 11

*Waraich v. Nat'l Austl. Bank Ltd.*,
    No. CV H-18-4069, 2019 WL 1003625 (S.D. Tex. Feb. 28, 2019) ..........................................9

*Water Splash, Inc. v. Menon*,
    137 S. Ct. 1504 (2017) ...................................................................................11

*Wells v. Ali*,
    304 F. App'x 292 (5th Cir. 2008) ..........................................................................15

*Williams v. Air-France-KLM, S.A.*,
    No. 3:14-CV-1244-B, 2014 WL 3626097 (N.D. Tex. July 23, 2014) .......................................9

**STATUTES**

18 U.S.C. § 1501 ...........................................................................................7, 14

35 U.S.C. § 299 ..............................................................................................2

**RULES**

Fed. R. Civ. P. 4(d) .........................................................................................9

Fed. R. Civ. P. 4(f) ................................................................................... passim

Fed. R. Civ. P. 4(h) ......................................................................................9, 12

Fed. R. Civ. P. 12 ...................................................................................... passim

**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 1093 (4th ed.) ........................................................................................14

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 1353 (3d ed.) .........................................................................................8

Finnish Code of Judicial Procedure Chapter 11, §§ 1–2 ............................................................12

Hague Convention on Service Abroad of Judicial and Extrajudicial Documents,
    Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ................................................... passim

## I.      INTRODUCTION

Defendant HMD Global Oy ("HMD") respectfully requests dismissal from this case pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(b)(2), 12(b)(4) and 12(b)(5).

This case has been pending for over six months.  After HMD's counsel raised to the Court its lack of service, the Court directed Plaintiff Traxcell Technologies, LLC ("Traxcell") to file evidence of service by March 28, 2019.  In response, Traxcell sent HMD in Finland two sets of legally inoperative documents and filed two alleged affidavits of service, D.I. 38 and D.I. 39, neither of which demonstrates service of process on HMD.  Because a district court cannot exercise jurisdiction over a defendant in the absence of service of process, dismissal is appropriate.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999).

Formal service of process not only vests the court with jurisdiction, but also notifies the party of the allegations levied against it and provides it an opportunity to respond.  Proper service is thus critical when the defendant is a corporation outside the United States.  Traxcell has instead created confusion and frustration, sending misnamed summonses and superseded complaints to HMD in both Finland and the United Kingdom, with citations to exhibits that Traxcell has neither filed nor served.  Traxcell has also repeatedly filed "affidavits of service" with the Court, knowing that these so-called affidavits—some comprising only packing slips or printouts of e-mail chains between unidentified individuals—do not establish that process was served on HMD.  As summarized in the following table, and as will be discussed in detail *infra*, each of Traxcell's service attempts suffers from multiple deficiencies, any one of which renders that service attempt defective:

| Attempt No. | Date Received | Location | Deficiencies |
|---|---|---|---|
| 1 | January 23, 2019 | London, UK | • Wrong name on summons<br>• Mail service not authorized by Court |
| 2 | February 4, 2019 | London, UK | • Wrong name on summons<br>• Personal service not permitted |
| 3 | February 19, 2019 | London, UK | • Wrong name on summons<br>• Courier service not authorized by Court |
| 4 | March 26, 2019 | Espoo, Finland | • Contained superseded, legally-inoperative complaint<br>• Mail service not authorized by Court |
| 5 | April 8, 2019 | Espoo, Finland | • Summonses lack clerk's signature and seal of Court<br>• Courier service not authorized by Court |

HMD is not averse to defending itself in this forum and has submitted to this Court's jurisdiction when properly served by the Finnish Ministry of Justice.  *See Monument Peak Ventures, LLC v. HMD Global Oy*, Case No. 2:18-cv-00521-RWS-RSP.  Moreover, in February, HMD offered Traxcell's counsel an agreement by which the parties could move this proceeding forward efficiently, proposing to waive Traxcell's defective service attempts if HMD were severed into a separate action and given a reasonable opportunity to catch up to the other defendants' schedule, thereby sparing the Court from motions for misjoinder under 35 U.S.C. § 299 and for extensions of time.  Traxcell chose instead to pursue formal service and to maintain HMD's improper joinder, forcing HMD to engage in motion and hearing practice out of concern that Traxcell's misrepresentations of service would go unnoticed by this Court.

Although Traxcell bears the burden of demonstrating proper service, none of its so-called "affidavits of service" represent to this Court the actual contents of its various missives to HMD. This is material, because Traxcell has yet to serve legally operative documents on HMD, while

its careless approach to filing has forced HMD to undertake detailed and costly motion practice before the Court has even taken jurisdiction over HMD.

Traxcell elected to rely on formal service to commence this case.  It has had multiple chances—over six months—to effect proper service and has failed to do so.  Accordingly, dismissal is appropriate.

## II.     STATEMENT OF THE ISSUES

A.     Has Traxcell followed Rule 4 in attempting to serve process on HMD Global Oy without complying with the Hague Convention and the Court's mail service requirements?

B.     Has Traxcell ever provided legally operative documents to HMD Global Oy?

C.     Does this Court have personal jurisdiction over HMD Global Oy when it has never been served process?

D.     Is dismissal appropriate where Traxcell has failed to effect service and failed to provide evidence of service under the timing ordered by this Court?

## III.    BACKGROUND

HMD Global Oy is a Finnish company formed in 2016.  (*See* Declaration of Matthew J. Moffa ("Moffa Decl.") at ¶ 2; Moffa Exhibit 1.)  HMD is licensed to sell mobile phones under the name "Nokia," which is a trademark owned by Nokia Corporation, an entirely separate company from HMD.  (Moffa Decl. at ¶ 3; Moffa Exhibit 2.)

On September 26, 2018, Traxcell initiated this lawsuit.  (D.I. 1.)  The complaint ("Initial Complaint") named, *inter alia*, "HMD Global"[1] and "HMD Global OY" as separate defendants.  On September 28, 2018, Traxcell requested summonses for named defendants Nokia Solutions and Networks US LLC; Nokia Solutions and Networks Oy; Nokia Corporation; Nokia

---

[1] "HMD Global" does not exist, a fact that Traxcell appears to have recognized by the time it filed its Amended Complaint, which drops "HMD Global" as a defendant.  (D.I. 22.)

Technologies Oy; and Alcatel-Lucent USA, Inc.—but, inexplicably, not "HMD Global" or "HMD Global OY."  (D.I. 2.)  These defendants subsequently waived service.  (D.I. 5, 6.)

On December 27, 2018, more than three months after filing the complaint, Traxcell requested a summons for non-existent entity "HMD Global"—but not for HMD Global Oy.[2] (D.I. 7.)

On January 18, 2019, Traxcell mailed the "HMD Global" summons and the Initial Complaint to "HMD Global" in London by U.S. Priority Mail, and thereafter filed its shipping receipt and a partial screenshot of a website as an alleged "affidavit of service."  (D.I. 19.)  That package arrived at HMD's London office on January 23, 2019 and contained a summons addressed to "HMD Global."  (*See* Declaration of Martina Pokorna ("Pokorna Decl.") at ¶ 2; Pokorna Exhibit 1.)  The same set of documents, with one addition, was hand delivered in London on February 4, 2019.  (Pokorna Decl. at ¶ 3; Pokorna Exhibit 2.)

On February 12, 2019, Traxcell e-mailed HMD's counsel a set of "infringement contentions" that appeared to be directed only to "Nokia," a separate company from HMD. (Moffa Decl. at ¶ 4; Moffa Exhibit 3.)  On February 18, 2019, HMD's counsel pointed out this error to Traxcell's counsel, who merely responded, "[w]e think the infringement contentions are proper."  (Moffa Decl. at ¶ 5; Moffa Exhibit 4.)

On February 19, 2019, a package was delivered to HMD's London office via courier service.  (Pokorna Decl. at ¶ 4.)  The package contained the same documents as the February 4, 2019 delivery.  (*Id.*)

---

[2] Traxcell did not request a summons for "HMD Global Oy" until after the parties' February 26, 2019 scheduling conference.

On February 21, 2019, Traxcell filed an amended complaint ("Amended Complaint").
(D.I. 22.)  The Amended Complaint dropped "HMD Global" as a defendant but retained "HMD
Global Oy."  (*Id*. at 1.)  The Amended Complaint also added new defendant T-Mobile, USA, Inc.
(*Id*.)[3]

On February 22, 2019, Traxcell filed another purported affidavit of service for HMD
Global Oy.  (D.I. 24.)  This "affidavit of service" was not an affidavit.  It consisted only of an
email chain allegedly demonstrating delivery of unspecified materials to an unspecified location
prior to the filing of the Amended Complaint.  (*Id*. at 2–6.)[4]

On February 26, 2019, at 10:00 AM, a scheduling conference was held before Magistrate
Judge Roy S. Payne.  At the scheduling conference, counsel for HMD intentionally did not enter
an appearance[5], but explained to Judge Payne that HMD had not been served with either the
Initial Complaint or the Amended Complaint, and that the purported "affidavit of service" filed
by Traxcell on February 22, 2019 (D.I. 24) was nothing of the sort.  Following the scheduling
conference, the Court issued an order directing Traxcell to "file evidence of service of process on
all parties by March 28, 2019 at 5:00P.M."  (D.I. 29 at 1.)

---

[3] As discussed *infra*, although the Amended Complaint was filed on February 21, 2019, no
package containing it arrived at HMD's offices until April 8, 2019.

[4] D.I. 24 appears to correspond to the February 19, 2019 delivery to HMD's London office,
which contained a copy of the Initial Complaint.  (Pokorna Decl. at ¶ 4.)  In any event, from the
dates in the email chain, it appears that the delivery could not have included the Amended
Complaint.

[5] Nor would counsel's presence constitute an appearance, as under Rule 12(b) "there is no longer
any necessity for appearing specially to protest the court's jurisdiction" and "[a]ll objections to
jurisdiction and process may be set up in a motion or answer without waiving any of them."
*Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

On February 27, 2019, Traxcell, for the first time, requested a summons for HMD Global Oy.  (D.I. 30.)  That summons contained the wrong address for HMD Global Oy.  On March 20, 2019, Traxcell again requested a summons for HMD Global Oy, this time with the correct address.  (D.I. 35.)[6]

On March 26, 2019, HMD received a package by standard U.S. international mail containing a copy of the Initial Complaint.  (*See* Declaration of Jari Koljonen ("Koljonen Decl.") at ¶ 2; Koljonen Exhibit 1.)  The package did not include a copy of the Amended Complaint. (Koljonen Decl. at ¶ 2; Koljonen Exhibit 1.)

On March 28, 2019, Traxcell filed a purported affidavit of service accompanied by the following docket text: "AFFIDAVIT of Service for Summons and Complaint to HMD Global OY served on by USPS on 03/26/19."  (D.I. 38.)  D.I. 38 is not an affidavit; it comprises only a United States Postal Service email receipt sent to Tina Hueske, a paralegal at the law firm of Traxcell's outside counsel, stating that "[y]our item was delivered in FINLAND at 9:55 am on March 26, 2019."  D.I. 38 does not identify what "item" was delivered.  However, the tracking number it bears corresponds to the package received by HMD containing the wrong complaint.

On March 29, 2019, Traxcell filed an "AFFIDAVIT of Service Attempts by Private Process Server."  (D.I. 39.)  D.I. 39 comprises a three-page declaration by Nelson Tucker, a self-titled "qualified expert witness on international service of process."  (*Id.* at ¶ 2.)  The declaration acknowledges that Traxcell's counsel did not ask Mr. Tucker to serve HMD until March 1, 2019. (*Id.* at ¶ 3.)  The declaration concedes that "[s]ervice in Finland is typically made pursuant to the Hague Service Convention" but then states that "there was not enough time to have the service

---

[6] March 20, 2019, the date D.I. 35 was entered on the docket, marks the first day that a legally proper summons for HMD has existed in this case.

completed using that method." (*Id.* at ¶ 4.)  The declaration then provides multiple hearsay

statements purportedly made by "a competent process server in Finland, Klas Barvefjord," and

multiple double hearsay statements purportedly made by one or more unidentified individuals at

the Finnish Ministry of Justice to Mr. Barvefjord, all regarding methods of service in Finland.

(*Id.* at ¶ 5.)

Mr. Tucker represents that he advised Traxcell's counsel on March 20, 2019 that the

address on HMD Global Oy's summons was "outdated," but that Traxcell's counsel did not

provide a new summons and address to Mr. Tucker until March 28, 2019.  (*Id.* at ¶¶ 6–7.)  Mr.

Tucker then states that "[o]n March 28, 2019, I sent the service documents to HMD Global OY

via Federal Express, Tracking No. 7748-3086-6880, attached as Exhibit 'A.'" (*Id.* at ¶ 8.)  This

statement appears to be a misrepresentation, as the Federal Express tracking data indicates that a

package with that tracking number was first "picked up" at 4:04 PM on Monday, April 1, 2019,

and was not delivered until April 8, 2019.  (Moffa Decl. at ¶ 6; Moffa Exhibit 5.)

On April 8, 2019, HMD received a package in Finland via Federal Express.  (Koljonen

Decl. at ¶ 3.)  That package contained an undocketed copy of D.I. 30 (the summons containing

the wrong address for HMD Global Oy), and an additional, undocketed summons containing the

corrected address for HMD Global Oy.  (Koljonen Decl. at ¶ 3; Koljonen Exhibit 2.)  Unlike the

issued summonses placed by the clerk of Court on the docket of this action, neither document

included the clerk of Court's signature or the Court's seal.  (Koljonen Decl. at ¶ 3; Koljonen

Exhibit 2.)  The package further included a "notice" purporting to explain certain statutes and

"applicable case law" of the United States regarding "service of legal documents."  (Koljonen

Decl. at ¶ 3; Koljonen Exhibit 2.)  The notice emphasizes in yellow highlighting the following

text purportedly quoted from 18 U.S.C. § 1501, a criminal obstruction of justice statute:

> Whoever knowingly and willingly obstructs, resists or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States...shall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.[7]

(Koljonen Decl. at ¶ 3; Koljonen Exhibit 2.)  Finally, the package contained a copy of the Amended Complaint[8] and the patents-in-suit, but notably omitted three other exhibits referenced therein.  (Koljonen Decl. at ¶ 3; Koljonen Exhibit 2; *see, e.g.*, D.I. 22 at 8 ("the transceiver of each Exhibit-B item is also configured for RF-communication"), 10 ("each Exhibit-A item is a RF transmitting device"), 16 ("the products and applications listed within Exhibit C as a part of the identification of user location database controller has [sic] software code that is specifically designed for use by a controller").)  None of "Exhibit-A," "Exhibit-B," or "Exhibit C" were attached to either version of the complaint or filed with the Court.

## IV.    LEGAL STANDARDS

### A.    Proper Service Is Necessary To Confer Jurisdiction

"District courts cannot exercise jurisdiction over a defendant which has not been served properly."  *Glencore Ltd. v. Occidental Argentina Exploration and Prod., Inc.*, No. 11-cv-3070, 2012 WL 591226, at *2 (S.D. Tex. Feb. 22, 2012) (internal quotation marks and citations omitted); *see Murphy Bros.*, 526 U.S. at 350.  In the absence of valid service of process, proceedings against a party are "void."  *People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, No. CV 17-107-JWD-RLB, 2018 WL 1532196, at *3 (M.D. La. Mar. 28, 2018) (citing

---

[7] The notice's recitation of 18 U.S.C. § 1501 contains numerous mistakes, including but not limited to substituting "willingly" for "willfully."

[8] This delivery marks the first time that Traxcell attempted to send the Amended Complaint to HMD.  (Pokorna Decl. at ¶¶ 2–4; Koljonen Decl. at ¶¶ 2–3.)

*Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

Rule 12(b)(5) authorizes the dismissal of an action for "insufficient service of process." A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("Fed. Prac. & Proc.") § 1353 (3d ed.)). Separately, Rule 12(b)(4) governs dismissal of an action where the summons is itself defective. *Id.* (citing 5B Fed. Prac. & Proc. § 1353). Rule 12(b)(2) further permits a party to seek dismissal where the court lacks personal jurisdiction over the party. However, if a jurisdictional challenge under Rule 12(b)(2) stems from an insufficient service of process, the arguments will be properly addressed under the standard of Rule 12(b)(5). *See Williams v. Air-France-KLM, S.A.*, No. 3:14-CV-1244-B, 2014 WL 3626097, at *2 (N.D. Tex. July 23, 2014).

When a defendant challenges the validity of service of process, the plaintiff bears the burden of showing that service is valid. *See Aetna*, 635 F.2d at 435; *Paradigm Entm't, Inc. v. Video Sys. Co., Ltd.*, No. Civ.A. 3:99-cv-2004P, 2000 WL 251731, at *1 (N.D. Tex. Mar. 3, 2000).

### B.       Certain Subsections Of Rule 4 Govern Service Of Process On A Foreign Corporation Outside The United States

Rule 4(h)(2) governs service of process on corporations outside the United States. Under Rule 4(h)(2), service may be effectuated "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." However, Rule 4(f)(2)(A) is also unavailable for service of process on corporations outside the United States, as it does not authorize service of process on foreign companies by international mail. *See Brockmeyer v.*

9

*May*, 383 F.3d 798, 806–08 (9th Cir. 2004) (reasoning that "if Rule 4(f)(2)(A) had authorized service by international first class mail, a plaintiff would never need to send a request for waiver of service by international first class mail as anticipated by Rule 4(d)"); *see also Reflex Media, Inc. v. Apiriliaco Ltd.*, 745 F. App'x 14, 15 (9th Cir. 2018); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003); *Waraich v. Nat'l Austl. Bank Ltd.*, No. CV H-18-4069, 2019 WL 1003625, at *4 (S.D. Tex. Feb. 28, 2019).

A party must therefore accomplish service on a corporation outside the United States by one of the following methods:

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > . . .
> >
> > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > **(C)** unless prohibited by the foreign country's law, by:
> >
> > > . . .
> > >
> > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  Methods of service under Rule 4(f)(3), moreover, are permitted only with prior approval from the Court.  *See Blue Underground Inc. v. Caputo*, No. CV 14-1343-GW (PJWX), 2014 WL 12573679, at *4 (C.D. Cal. Sept. 8, 2014) (citing *Brockmeyer*, 383 F.3d at 806).

**C.      The Hague Convention Is The Only Mechanism For Service In Finland**

The United States and Finland are signatories to the Hague Convention on Service

Abroad of Judicial and Extrajudicial Documents referred to in Rule 4(f)(1).  Nov. 15, 1965, 20

U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention").  The Hague Convention is an

international treaty "intended to provide a simpler way to serve process abroad, to assure that

defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to

facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694,

698 (1988).  Service pursuant to the Hague Convention is mandatory when serving a foreign

defendant in a signatory country.  *Id*. at 705; *see also id.* at 699 (holding that the Hague

Convention "pre-empts inconsistent methods of service" wherever it applies).

The Hague Convention requires each state to establish a central authority to receive

requests for service of documents from other countries; when the central authority receives an

appropriate request, it must "serve the documents or arrange for their service … and then provide

a certificate of service." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017).  Finland has

designated its Ministry of Justice as its central authority.  *ClubCom, Inc. v. Captive Media, Inc.*,

No. 02:07-CV-1462, 2009 WL 249446, at *19 (W.D. Pa. Jan. 31, 2009).

In addition to service via a state's central authority, the Hague Convention approves

certain alternative methods of service (including service by mail) only "if two conditions are

met: first, the receiving state has not objected to service by mail; and second, service by mail is

authorized under otherwise-applicable law." *Water Splash*, 137 S. Ct. at 1513 (citing

*Brockmeyer*, 383 F.3d at 803–04).  As to the first condition, Finland has not declared that it

objects to service by "postal channels" under Article 10(a) of the Hague Convention.  As to the

second condition, "[a]ny affirmative authorization of service by international mail, and any

requirements as to how that service is to be accomplished, must come from the law of ***the forum***

*in which the suit is filed*."  *Brockmeyer*, 383 F.3d at 804 (emphasis added).  In the United States, service via mail is explicitly authorized only by Rule 4(f)(2)(C)(ii), which permits service using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.  Thus, to be valid under the Hague Convention, any service by mail from the United States on a Finnish corporation must comply with Rule 4(f)(2)(C)(ii).  *See Brockmeyer*, 383 F.3d at 808–09; *see also Hazim v. Schiel & Denver Book Grp.*, No. CIV.A. H-12-1286, 2013 WL 2152109, at *3 (S.D. Tex. May 16, 2013).[9]

## V.   ARGUMENT

### A.   Traxcell Has Failed To Serve HMD In Compliance With Rule 4(f)

Traxcell has made five deliveries of documents to HMD—three to HMD's UK office before the Court's February 26, 2019 order and two thereafter to HMD's Finland offices.  None of these attempts at service has satisfied Rules 4(f) and 4(h).

First, Traxcell has never served HMD via Finland's Ministry of Justice, as would be permitted under Rule 4(f)(1).  Second, although Traxcell has repeatedly sent documents to HMD by mail and Federal Express, in each instance Traxcell—***not the district court clerk***—sent the documents to HMD.  (*See* D.I. 38; D.I. 39 at ¶ 8.)  For this reason, service was ineffective under Rule 4(f)(2)(C)(ii).  *See Brockmeyer*, 383 F.3d at 804–05.  Third, although Traxcell attempted to hand-deliver documents to HMD's UK office, (Pokorna Decl. at ¶ 3), "personal delivery" on international companies is expressly prohibited.  Fed. R. Civ. P. 4(h)(2).  Fourth, Traxcell did not

---

[9] As noted above, Rule 4(f)(2)(A) does not authorize service of process on foreign companies by international mail.  *Brockmeyer*, 383 F.3d at 806–08.  Nor would such service outside of the Hague Convention comport with Finnish law, under which parties may not serve process unless the Finnish court affirmatively "entrust[s]" that responsibility to them, and only if the court "deems there to be reason for this."  *See* Finnish Code of Judicial Procedure Chapter 11, §§ 1–2 (translation available at https://www.finlex.fi/fi/laki/kaannokset/1734/en17340004_20150732.pdf).

"obtain prior court approval" for any alternative methods of service under Rule 4(f)(3).  *See Brockmeyer*, 383 F.3d at 805–06; *Blue Underground*, 2014 WL 12573679, at *4 (citing *Brockmeyer*).

Traxcell's late-filed "affidavit of service attempts," (D.I. 39), seems to have been submitted in argument that Traxcell's mail service was proper.  However, that affidavit in fact endorses service via Finland's Ministry of Justice, which Traxcell concedes it has not done (*see id*. at ¶ 4), and is otherwise entitled to no evidentiary weight, as its multiple statements regarding mail service to Finland are pure hearsay.[10]  It also nowhere addresses Traxcell's fatal failure to effect mail service in conformance with Rule 4(f).

Because Traxcell has repeatedly failed to comply with any of the possible methods of service under Rule 4(f), dismissal under Rule 12(b)(5) is appropriate for this reason alone.

### B.      Traxcell Has Never Served The Proper Documents In This Case

Even if *arguendo* Traxcell had at any time complied with Rule 4(f), Traxcell has never actually provided legally sufficient documents to compel HMD to appear.[11]

Traxcell's first three attempts at service in January and February 2019 provided the Initial Complaint but a wrong summons, issued to a different defendant—the non-existent "HMD Global"—which Traxcell has since dropped from suit.  (Pokorna Decl. at ¶¶ 2–4; *see also* D.I. 22.)  Process is defective where, as here, the party to be served is improperly named in the summons.  *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *2 (W.D. Tex. Aug. 5, 2013) (citing *Marine Geotechnics, LLC v. Williams*, No. H–07–3499, 2009 WL

---

[10] For this reason, if the Court is inclined to give any weight to Traxcell's declaration, HMD is entitled to depose Msrs. Tucker and Barvefjord on their statements therein.

[11] Perhaps for this reason, none of Traxcell's various "affidavits of service" provides evidence of the documents actually sent to HMD Global Oy.

2144278, at *2 (S.D. Tex. July 13, 2009) and *Margetis v. Ray*, No. 3:08–CV–958–L, 2009 WL

464962, at *4 (N.D. Tex. Feb. 25, 2009)).

On February 21, 2019, Traxcell filed an Amended Complaint that does not adopt or

incorporate by reference the Initial Complaint.  (D.I. 22.)  "An amended complaint supersedes

the original complaint and renders it of no legal effect unless the amended complaint specifically

refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d

344, 346 (5th Cir. 1994).

Traxcell's fourth attempt at service on March 26, 2019, this time to HMD's Finnish

office, yet again provided only the Initial Complaint.  (Koljonen Decl. at ¶ 2; Koljonen Exhibit

1.)  The package did *not* contain the Amended Complaint Traxcell filed on February 21, 2019.

(Koljonen Decl. at ¶ 2; Koljonen Exhibit 1.)  As the Amended Complaint had at that point

superseded the Initial Complaint and the summons was facially defective, this service was

plainly "of no legal effect."  *See King*, 31 F.3d at 346; *see AGIS Software Dev., LLC v. ZTE*

*Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4053897, at *3 n.3 (E.D. Tex. July 20, 2018)

("'[S]ervice of a superseded complaint with the summons does not fulfill the requirements of

[Rule 4]' as 'a superseded complaint is a mere scrap of paper.'" (quoting 4A Fed. Prac. & Proc.

§ 1093 (4th ed.)); *Moreno v. LG Elecs., U.S.A. Inc.*, No. 7:13-CV-427, 2014 WL 11281383, at

*3–*4 (S.D. Tex. May 7, 2014), *aff'd*, 800 F.3d 692 (5th Cir. 2015).[12]

---

[12] Traxcell's March 28, 2019 "affidavit of service"—consisting exclusively of an email receipt from the United States Postal Service—is both insufficient and misleading, as it fails to provide any evidence of what was served and suggests that proper process was served when it was not. (D.I. 38.)

On April 8, 2019, HMD received a fifth attempt at service by Traxcell via Federal Express.  (Koljonen Decl. at ¶ 3.)  The package included the Amended Complaint and the patents-in-suit, but omitted certain exhibits referenced in the Amended Complaint.[13]  (*Id.*)  The package also included a copy of D.I. 30 (the summons containing the wrong address for HMD Global Oy) without the clerk of Court's signature and the Court's seal, and an additional, undocketed summons containing the corrected address for HMD Global Oy—here again lacking the clerk of Court's signature and the Court's seal.  (*Id.*; Koljonen Exhibit 2.)  As neither summons included the clerk of Court's signature or the Court's seal, Traxcell's fifth attempt at service too is deficient.  *See Wells v. Ali*, 304 F. App'x 292, 295 (5th Cir. 2008) (affirming dismissal of claims where summons lacked, *inter alia*, the signature or seal of the clerk of court); *see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant."); *Pickett v. City of Houston*, No. CIV.A. H-08-2734, 2009 WL 1158842, at *2 (S.D. Tex. Apr. 29, 2009) (dismissing claims for insufficiency of process where summons was not signed by the clerk of Court and did not bear the Court's seal).

For the avoidance of doubt, the Court's clerk appears to have issued a valid summons for HMD Global Oy at its proper address.  (*See* D.I. 35.)  However, Traxcell has never served that

---

[13] The package also included an official-looking notice purporting to explain United States law regarding "service of legal documents" provided not by the Court but by Traxcell itself. (Koljonen Decl. at ¶ 3; Koljonen Exhibit 2.)  The notice grossly mischaracterizes the service laws regarding a foreign corporation and threatens HMD's employees with imprisonment by misquoting a criminal obstruction of justice statute titled "Assault on a Process Server."  Such threats are entirely unfounded and, regardless, are improperly made by Traxcell since a private individual has no right of action under this statute whatsoever.  *Amrhein v. Riechert*, No. 3:12-CV-03707-G-BK, 2013 WL 1155473, at *12 (N.D. Tex. Feb. 1, 2013), *report and recommendation adopted*, No. 3:12-CV-3707-G BK, 2013 WL 1174571 (N.D. Tex. Mar. 21, 2013).

summons with its Amended Complaint, electing instead to serve its own unsigned, unsealed

copy, confusingly alongside another summons which Traxcell concedes contains the wrong

address for HMD Global Oy, (D.I. 39 at ¶ 6), and is fatally deficient for likewise lacking the

clerk's signature and the Court's seal.

Thus, even if Traxcell's improper means of service were to be excused, and

notwithstanding that until last week no package containing the operative Amended Complaint

had arrived at HMD's offices (such package further lacking three exhibits referenced in that

complaint), HMD has **never** been provided with a legally operative **summons and complaint**

together from which this suit could possibly commence.

### C.  Dismissal Is Appropriate Because Traxcell Has Not Demonstrated Reasonable Diligence In Attempting To Serve HMD

"Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a

without-prejudice dismissal when the court determines in its discretion that the plaintiff has not

demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489

(5th Cir. 2012) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)).

The Fifth Circuit is understood to have adopted a "relaxed standard with regard to serving

a defendant abroad" because "service pursuant to the Hague Convention may be a time-

consuming process." *A.T.N. Indus., Inc. v. Gross*, No. 4:14-CV-02743, 2016 WL 362309, at *8

(S.D. Tex. Jan. 29, 2016).  However, it is "unacceptable" to grant service outside the terms of the

Hague Convention where a plaintiff has yet to properly seek service through that mechanism.

*See AGIS Software*, 2018 WL 4053897, at *3.

Traxcell admits that it never attempted service under the Hague Convention.  (*See* D.I. 39

at ¶ 4; *see also id.* at ¶ 9.) Traxcell states that "[i]n this case, there was not enough time to have

the service completed using that method."  (*Id.* at ¶ 4.)  But this case has been pending for *over*

*six months*.  Traxcell did not even request a summons for HMD—and even then, under a wrong

name—until three months after filing the Initial Complaint.  (D.I. 7.)  Traxcell cannot credibly

claim that it did not have sufficient time to serve HMD through the proper channels, where HMD

was successfully served via the Hague Convention in less than two months in a different case

before this Court.  *See Monument Peak Ventures, LLC v. HMD Global Oy*, Case No. 2:18-cv-

00521-RWS-RSP, D.I. 1, 8, 14.

Traxcell's dilatory tactics continue to the present day.  According to Traxcell's own

declarant Nelson Tucker, "[o]n March 20, 2019, [Mr. Tucker] advised attorneys for plaintiff of

the change of address and [he] was advised that a new Summons would be issued which would

reflect the current address for HMD Global OY."  (D.I. 39 at ¶ 6.)  It was only *over a week later*,

on March 28, 2019—the date this Court set as the deadline for Traxcell to "file evidence of

service of process on all parties"—that Mr. Tucker "received a new Summons which had the

current address for HMD Global OY."  (*Id.* at ¶ 7.)  And, of course, it was Traxcell who was

responsible for providing the wrong address to the Court when requesting its February 27, 2019

summons.  (D.I. 30.)

This case thus strongly parallels *AGIS Software* and *Blitzsafe Texas LLC v. Geely Sweden

Holdings AB*, 2:17-cv-420-JRG, two cases in which Judge Gilstrap refused to facilitate any form

of alternative service because the plaintiff was alone responsible for the procedural morass that

delayed proper service under the Hague Convention.  As Judge Gilstrap stated,

> This is not a case where the Court must consider the relief of
> alternative service because defendants are hiding, being evasive, or
> otherwise engaging in trickery and gamesmanship in order to skirt
> proper summons.  To the contrary, it was [Plaintiff's] unilateral
> decision to amend its complaint prior to finalizing service on these
> Defendants that has placed [Plaintiff] in this situation.  As the
> Court notes, the situation in which Plaintiff finds itself in is
> entirely of its own making.  Had it not filed an amended complaint

> before service under the Hague Convention was completed, this
> Motion would not be necessary and this request for circumvention
> of the Hague Convention would not be before the Court.  The
> Court will not exercise its discretion and permit the international
> framework embodied in the Hague Convention to be short-changed
> for the mere convenience of the Plaintiff.  The Defendants are not
> obligated to waive service under the Hague Convention; and, while
> it is commonly done, it is a privilege of the Defendants and one
> which they are entitled to insist upon.  Further, requiring litigants
> to follow the treaties governing such issues in international
> litigation promotes "international comity, which is concerned with
> maintaining amicable working relationships between nations and
> mutual respect for the laws of foreign countries."

2:17-cv-420-JRG, D.I. 83, slip copy at 2–3 (E.D. Tex. June 26, 2018) (quoting *C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 U.S. Dist. LEXIS 973, at *3 (W.D. Mich. Jan. 6, 2010); *accord AGIS Software*, 2018 WL 4053897, at *2–*3.

Moreover, unlike the plaintiffs in *AGIS Software* and *Blitzsafe*, Traxcell was already placed on clear notice by the Court that service must be effected—and evidence of service provided—by the date certain of March 28, 2019.  (D.I. 29.)  Traxcell failed to effect service due to its own delays and missteps and then submitted its hearsay "evidence" after the Court-ordered deadline, without once establishing to the Court that proper documents were ever served in a proper manner.  (D.I. 39.)  For this reason, although Judge Gilstrap afforded the plaintiffs in *AGIS Software* and *Blitzsafe* additional time to effect service under the Hague Convention, dismissal is the appropriate remedy here.

Traxcell also cannot avoid its obligations under Rule 4(f) by arguing that HMD is on notice of this lawsuit.  Actual notice of the claim is insufficient to establish validity of service. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995).  Denying a motion to dismiss for lack of service on the basis of actual notice "would completely vitiate Rule 12(b)(5), as any party that files a motion to dismiss for insufficient service of process necessarily has

actual notice of the pending legal proceedings it seeks to have dismissed." *Uniloc USA, Inc. v.*

*Avaya Inc.*, No. 6:15-CV-1168-JRG, 2016 WL 9245469, at *2 (E.D. Tex. Nov. 2, 2016).

Because Traxcell has failed to demonstrate reasonable diligence in attempting service on

HMD, dismissal is the appropriate remedy.  If the Court declines to dismiss HMD, upon proper

service HMD intends to move the Court (a) for misjoinder, (b) for dismissal of this action for

failure to state a claim—due at least to the defects in Traxcell's pleading identified in this motion

and those identified by defendant T-Mobile, D.I. 33, and (c) for its fees in connection with

Traxcell's repeated misrepresentations regarding service.

## VI.    CONCLUSION

For the above reasons, HMD respectfully requests the Court dismiss HMD from this

case.

Dated: April 16, 2019                         */s/ William J. McCabe*
                                                          WILLIAM J. MCCABE
                                                          WMcCabe@PerkinsCoie.com
                                                          MATTHEW J. MOFFA
                                                          MMoffa@PerkinsCoie.com
                                                          THOMAS V. MATTHEW
                                                          TMatthew@PerkinsCoie.com
                                                          PERKINS COIE LLP
                                                          30 Rockefeller Plaza, 22nd Floor
                                                          New York, New York 10112-0085
                                                          Phone: (212) 262-6900
                                                          Fax: (212) 977-1649

                                                          *Attorneys for Defendant HMD Global Oy*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via the Court's CM/ECF system per Local Rule

CV-5(a)(3) on April 16, 2019.

*/s/ William J. McCabe*
William J. McCabe

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Rule CV-7(i)(1), the parties are not required to meet and confer with respect to a motion to dismiss.  Moreover, for the reasons set forth in the above brief, the Court does not yet have jurisdiction over HMD Global Oy.  However, the Court's February 26, 2019 Order (D.I. 29) directed the parties to meet and confer on certain issues including "lack of service of process."  I hereby certify that counsel for HMD Global Oy attempted on multiple occasions to confer with Plaintiff's counsel and made numerous requests for telephonic conference, but as of the filing of this Motion, Plaintiff's counsel has declined to engage in a telephone or personal conference as set forth at Local Rule CV-7(h).

*/s/ William J. McCabe*
William J. McCabe