# Koljonen Exhibit 1

**FROM**

📞 713-426-3923

RAMEY & SCHWALLER
5020 MONTROSE BLVD STE 750
HOUSTON TX 77006-6576
UNITED STATES

**CP 72-CUSTOMS DECLARATION**

| Origin Post: | Date of Mailing: |
| US POSTAL SERVICE | 03/20/2019 |

Importer's Reference:

Importer's Contact:

*EMS*

Mailed from 77006

| Detailed description of contents | Qty. | Net Weight (lbs/ozs) | | Value (US$) | HS Tariff Number | Origin Country | Insured Value: | Up to $100.00 |
|---|---|---|---|---|---|---|---|---|
| Documents | 1 | 5 | 0 | 10.00 | | FI | SDR Value: | $0.00 |
| | | | | | | | Insured Fee: | $0.00 |
| | | | | | | | Postal Charges/ Fees: | $81.70 |
| Category of Items: Documents | TOTAL | 5 | 0 | $10.00 | Corporate Account #: | | | |

| Exporter's reference: | Exporter's contact: thueske@rameyfirm.com | Total Dimensions: L: 0  W: 0  H: 0 | I certify the particulars given in this customs declaration are correct. This form does not contain any undeclared dangerous articles, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under federal law and regulations. |
| AES/ITN/Exemption NOEEI 30.37(a) | Invoice/License/Certificate No(s) | | |

**Delivery Information**

Sender's Signature and Date

| Scheduled Delivery Date: | Delivery Date: | Delivery Time: | Addressee's Signature: |

03/20/2019

Return to Sender Instructions in case of nondelivery:
Return to Sender

👤 5.0 lbs

**TO**

HMD GLOBAL OY
BERTEL JUNGIN AUKIO 9
02600 ESPOO
FINLAND

EC 909 025 738 US

PS Form 2976-B (March 2015)    Click-N-Ship    Do not duplicate this form without USPS approval.    This item may be opened officially.

---Fold along line---

**FROM**

📞 713-426-3923

RAMEY & SCHWALLER
5020 MONTROSE BLVD STE 750
HOUSTON TX 77006-6576
UNITED STATES

**CP 72-CUSTOMS DECLARATION**

| Origin Post: | Date of Mailing: |
| US POSTAL SERVICE | 03/20/2019 |

Importer's Reference:

Importer's Contact:

## Page 2 - Not Valid As Proof-of-Payment for US Postage

| Detailed description of contents | Qty. | Net Weight (lbs/ozs) | | Value (US$) | HS Tariff Number | Origin Country | Insured Value: | Up to $100.00 |
|---|---|---|---|---|---|---|---|---|
| Documents | 1 | 5 | 0 | 10.00 | | FI | SDR Value: | $0.00 |
| | | | | | | | Insured Fee: | $0.00 |
| | | | | | | | Postal Charges/ Fees: | $81.70 |
| Category of Items: Documents | TOTAL | 5 | 0 | $10.00 | Corporate Account #: | | | |

| Exporter's reference: | Exporter's contact: thueske@rameyfirm.com | Total Dimensions: L: 0  W: 0  H: 0 | I certify the particulars given in this customs declaration are correct. This form does not contain any undeclared dangerous articles, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under federal law and regulations. |
| AES/ITN/Exemption NOEEI 30.37(a) | Invoice/License/Certificate No(s) | | |

**Delivery Information**

Sender's Signature and Date

| Scheduled Delivery Date: | Delivery Date: | Delivery Time: | Addressee's Signature: |

03/20/2019

Return to Sender Instructions in case of nondelivery:
Return to Sender

👤 5.0 lbs

**TO**

HMD GLOBAL OY
BERTEL JUNGIN AUKIO 9
02600 ESPOO
FINLAND

## PAGE 2 - CUSTOMS DECLARATION

EC 909 025 738 US

PS Form 2976-B (March 2015)    Click-N-Ship    Do not duplicate this form without USPS approval.    This item may be opened officially.

| **FROM** 📞 713-426-3923 | **CP 72-CUSTOMS DECLARATION** | |
|---|---|---|
| RAMEY & SCHWALLER<br>5020 MONTROSE BLVD STE 750<br>HOUSTON TX 77006-6576<br>UNITED STATES | Origin Post:<br>US POSTAL SERVICE | Date of Mailing:<br>03/20/2019 |

**Page 3 - Not Valid As Proof-of-Payment for US Postage**

| Importer's Reference: | |
|---|---|
| Importer's Contact: | |

Office of Exchange

Customs Stamp

Please affix labels here when required

Category of Items: Documents

| Exporter's reference: | Exporter's contact:<br>lhueske@rameyfirm.com | | Postal Charges/<br>Fees: $ | $81.70 |
|---|---|---|---|---|
| Customs Duty | | Corporate Account #: | | |

AES/ITN/Exemption NOEEI 30.37(a)

Total Dimensions:
L: 0   W: 0   H: 0

Invoice/License/Certificate No(s)

I certify the particulars given in this customs declaration are correct. This form does not contain any undeclared dangerous articles, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under federal law and regulations.

**Delivery Information**

| Scheduled Delivery Date: | Delivery Date: | Delivery Time: | Addressee's Signature: |
|---|---|---|---|

Sender's Signature and Date

03/20/2019

Return to Sender Instructions in case of nondelivery:
Return to Sender

5.0 lbs

**TO**

HMD GLOBAL OY
BERTEL JUNGIN AUKIO 9
02600 ESPOO
**FINLAND**

**PAGE 3 - DISPATCH NOTE**

EC 909 025 738 US

PS Form 2976-B (March 2015)   Click-N-Ship   Do not duplicate this form without USPS approval.

This item may be opened officially.

— — — — — — — — — —Fold along line— — — — — — — — — — — — —

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, <br><br><br><br> *Plaintiff(s)* <br> v. <br> NOKIA SOLUTIONS AND NETWORKS US LLC; <br> NOKIA SOLUTIONS AND NETWORKS OY;NOKIA <br> CORPORATION;NOKIA TECHNOLOGIES OY; <br> ALCATEL-LUCENT USA, INC.;HMD GLOBAL OY et al <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) )  Civil Action No.  2:18-cv-412 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HMD Global OY
Bertel Jungin aukio 9
02600 Espoo
Finland

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  William P. Ramey
Ramey & Schwaller, LLP
5020 Montrose Blvd., Ste. 750
Houston, Texas 77006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*CLERK OF COURT*

Date:   **3/20/19**                                    David A. O'Toole
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:18-cv-412

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                              .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:18-cv-412 |
| v. ) | |
| ) | |
| NOKIA SOLUTIONS AND ) | |
| NETWORKS US LLC; NOKIA ) | |
| SOLUTIONS AND NETWORKS OY; ) | JURY TRIAL DEMANDED |
| NOKIA CORPORATION; NOKIA ) | |
| TECHNOLOGIES OY; ) | |
| ALCATEL-LUCENT USA, INC.; HMD ) | |
| GLOBAL; AND HMD GLOBAL OY, ) | |
| Defendants. ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Traxcell Technologies, LLC ("Traxcell") files this Original Complaint and demand for jury

trial seeking relief from patent infringement by Nokia Solutions and Networks US LLC ("Nokia

Networks"), Nokia Solutions and Networks Oy ("Nokia Finland"), Nokia Corporation, Nokia

Technologies Oy, Alcatel-Lucent USA Inc. ("ALU") (collectively "Nokia"), HMD Global, and

HMD Global Oy (collectively "HMD") HMD and Nokia collectively referred to as Defendants,

alleging as follows:

### I.    THE PARTIES

1.   Plaintiff Traxcell is a Texas Limited Liability Company with its principal place of business

located at 1405 Municipal Ave., Suite 2305, Plano, TX 75074.

2.   Nokia Networks is a limited liability company organized and existing under the laws of

Delaware with principal places of business located at (1) 6000 Connection Drive, MD E4-400,

Irving, TX 75039; (2) 601 Data Dr., Plano, TX 75075; and (3) 2400 Dallas Pkwy.,

Plano, TX 75093, and a registered agent for service of process at National Registered Agents, Inc.,

16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia Networks sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

3. Nokia Finland is a corporation organized and existing under the laws of Finland with a principal place of business at 6000 Connection Drive, MD E4-400, Irving, TX 75039, and a registered agent for service of process at National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

4. Nokia Corporation is a corporation organized and existing under the laws of Finland with a principal place of business at 200 S. Mathilda Avenue, Sunnyvale, CA 94086, and a registered agent for service of process at National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia Corporation sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

5. Nokia Technologies Oy is a corporation organized and existing under the laws of Finland with its principal place of business at Karaportti 3, FIN-02610, Espoo, Finland**.** Nokia Technologies Oy is a wholly-owned subsidiary of Nokia Corporation with a principal place of business 6000 Connection Drive, MD E4-400, Irving, Texas 75039, and a registered agent for service of process at National Registered Agents, Inc., 16055 space Center, Suite 235, Houston,

TX 77062. On information and belief, Nokia Technologies Oy sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

6. ALU is a corporation organized under the laws of the state of Delaware with principal places of business at 600 Mountain Avenue, Murray Hill, NJ 07974, and 601 Data Drive, Plano, TX 75075. ALU conducts significant business operations at its principal place of business at 601 Data Drive, Plano, TX 75075, and has a registered agent for service of process at Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

7. HMD Global is a corporation organized and existing under the laws of Finland with a principal place of business at Karaportti 2, FIN-02610, Espoo, Finland and a registered agent for service of process at National Registered Agents, Inc., 16055 space Center, Suite 235, Houston, TX 77062. On information and belief, HMD Global sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

8. HMD Global OY Finnish is a corporation organized and existing under the laws of Finland with a principal place of business at Karaportti 2, FIN-02610, Espoo, Finland and a registered agent for service of process at National Registered Agents, Inc., 16055 space Center, Suite 235, Houston, TX 77062 (collectively HMD Global and HMD Global OY are referred to as "HMD Global"). On information and belief, HMD Global OY sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that

perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.        JURISDICTION AND VENUE

9.   This is an action for patent infringement arising under the patent laws of the U.S., 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendant Nokia Networks because it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

11. Venue is proper as to Nokia Networks in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

12. This Court has personal jurisdiction over Defendant Nokia Finland as it is present within or has minimum contacts within the State of Texas and this judicial district, including office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause

of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

13. Venue is proper as to Nokia Finland in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

14. This Court has personal jurisdiction over Defendant Nokia Corporation as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

15. Venue is proper as to Nokia Corporation in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

16. This Court has personal jurisdiction over Defendant Nokia Technologies Oy as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district;

and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

17. Venue is proper as to Nokia Technologies Oy in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

18. This Court has personal jurisdiction over Defendant ALU as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Dr, Plano, TX 75075; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

19. Venue is proper as to ALU in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

20. This Court has personal jurisdiction over Defendant HMD Global as it is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

21. Venue is proper as to HMD Global in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

22. This Court has personal jurisdiction over Defendant HMD Global OY as it is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

23. Venue is proper as to HMD Global OY in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

### III.    INFRINGEMENT ('388 Patent (Attached as exhibit A))

24. On January 17, 2017, U.S. Patent No. 9,549,388 ("the '388 patent") entitled "Mobile wireless device providing off-line and on-line geographic navigation information" (attached as Exhibit A) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '388 patent by assignment.

25. The '388 Patent's Abstract states, "A mobile device, wireless network and their method of operation provide both on-line (connected) navigation operation, as well as off-line navigation from a local database within the mobile device. Routing according to the navigation system can be controlled by traffic congestion measurements made by the wireless network that allow the navigation system to select the optimum route based on expected trip duration."

26. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the '388 patent, including—for example, but not by way of limitation—Claims 1-30, literally or under the doctrine of equivalents.   A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '388 patent is as follows: [1]

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| A wireless communications system including | |
| a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna to which the first radio-frequency transceiver is coupled, wherein the first radio-frequency transceiver is configured for radio-frequency communication with a wireless communications network | This element corresponds to a wireless mobile communication device—including but not limited to Nokia, ALU and HMD Global wireless communications devices, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM—include radio-frequency transceivers and an associated antenna. When wireless communication device transceivers and antennas are in communication, they are coupled. Further, in addition to being so coupled, the transceiver of each Exhibit-B item is also configured for RF-communication with wireless cellular communication network, such as Sprint, AT&T, Verizon, or T-Mobile network via Google Maps or other navigation applications; which can be installed or comes preloaded on Exhibit-B items including but not limited to Huawei Mate Series Phones (Mate 10, Mate 10 Pro, Porsche Design Mate 10, Mate 9 Pro, Mate 9, Porsche Design Mate 9) |

---

[1] Plaintiff's infringement claims are not limited to the components provided herein.

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| a first processor within the wireless mobile communications device coupled to the at least one first radio-frequency transceiver programmed to receive a location of the wireless mobile communications device from the wireless communications network and generate an indication of a location of the wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device | Plaintiff contends that each Wireless mobile communication device-including but not limited Nokia, ALU and HMD Global wireless communications devices processor or like processor. When wireless communication device transceivers and processor are in communication, they are coupled. Further, the Google Maps application or any other indoor/outdoor navigation application on the wireless communication device utilizes a processor coupled to the transceiver to estimates/receive the location on mobile wireless communications devices by utilizing wireless communication network such as Sprint, AT&T, Verizon, or T-Mobile network or WLAN network

The Blue dot on Google Maps indicates the location of the wireless communication device, with respect to the various geographical features such as streets, cities, or any point of interest.

Furthermore, Google Maps application mapping information comes from the Google Maps hardware/software using data plan or Wi-Fi network and hence is stored within the memory of wireless communication device. |
| and wherein the processor displays to the user navigation information | Plaintiff contends each Wireless mobile communication device-including but not limited Huawei Mate 10 has a Kirin 970 processor or like processor. |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device; | The Wireless communication device having Google Maps application or any other navigation application, displays to the user navigation information, based on the destination entered by the user.<br><br>The Google Maps application estimates/receives the location of the wireless communication device, by utilizing wireless communication network such as Sprint, AT&T, T-Mobile, Verizon or any other cellular communication network, and indicates it on the map with respect of various geographic features such as streets, cities, or any point of interest. Google Maps application or any other navigation application which comes preloaded on the Huawei Smartphones, provides route from present location to the destination entered by the user on the wireless communication device. |
| at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network to which the second radio-frequency transceiver is coupled | Plaintiff contends each item listed on Exhibit A corresponds to this claim limitation because each Exhibit-A item is a RF transmitting device. Wireless cellular communication network such as of Sprint's, AT&T's, Verizon's, T-Mobile's etc., includes cell towers which provide radio communication to and from wireless communication devices (specifically one or more of the mobile wireless communications devices identified on Exhibit B). Thus, the cell towers (base stations) include the radio frequency transceiver coupled with antenna (Exhibit A) in the mentioned wireless cellular communication networks. |
| a second processor coupled to the at least one second radio-frequency transceiver programmed to determine the location of the wireless mobile | Plaintiff contends each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and as medium of communication between Google Maps application and wireless communication network (cellular). The cellular communication network includes cell towers/base station which provide radio communication to and from wireless communication mobile devices. |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| communications device | As mentioned previously, the cell towers/base station include the radio frequency transceiver in cellular communication network such as of Sprint's, AT&T's or any others. |
| | The cellular communication network allows communication between Google hardware/software and the wireless communication device to determine the current location of the wireless communication device |
| wherein the second processor selectively determines the location of the wireless mobile communications device dependent on the setting of preference flags | Plaintiff contends, for example, Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network (cellular) |
| | The Google Maps hardware/software will only be able to determine the location of the Wireless communication device, if the location flag on the Wireless communication device is turned "ON". |
| wherein the second processor determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicates the location of the wireless mobile communications device to the first processor via the | Plaintiff contends, for example, each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network. |
| | The Google Maps hardware/software will only be able to determine and track the location of the Wireless communication device such as but not limited to Nokia, ALU and HMD Global wireless communications devices if the location flag on the Wireless communication device is turned "ON". |
| | The location of the Wireless communication device is communicated to the Google Maps application on the Wireless communication device via communication established by the cell site/base station or Access Points between Google Maps hardware/software and the Wireless communication device |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| second radio-frequency transmitter | |
| and wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device. | Plaintiff contends, for example, each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network.<br><br>The Google Maps hardware/software will only be not be able to determine and track the location of the Wireless communication device such as but not limited to Nokia, ALU and HMD Global wireless communications devices, if the location flag on the Wireless communication device is turned "OFF" or disabled. |

27. Defendants put the inventions claimed by the '388 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it.

28. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 26), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '388 patent,

including—for example—Claims 1-30, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '388 patent, if not by the issuance of the '284 patent, by at least by the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications, such that Defendants knew and should have known that it was and would be inducing infringement. Nokia has known and should have known of the '284 patent, by at least the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

29. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '388 patent.

### IV.       INFRINGEMENT ('353 Patent (Attached as exhibit B))

30. On February 6, 2018, U.S. Patent No. 9,888,353 ("the '353 patent") entitled "Mobile wireless communications system and method with hierarchical location determination" (attached as Exhibit B) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '353 patent by assignment.

31. The '353 Patent's Abstract states, "[a] mobile wireless network and a method of operation provide a hierarchical selection from among various location methods in populating a user location database. A digital signature technique is used to determine a location of a mobile wireless communications device. The location is compared with received signal-strength indication (RSSI)

measurements to determine if the location provided by the digital signature technique is reasonable, and if so, the digital signal measurement location result is stored in the database."

32. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the '353 patent, including—for example, but not by way of limitation—Claims 1-19, literally or under the doctrine of equivalents.  A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '353 patent is as follows: [2]

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| A mobile wireless communications network, comprising: | |
| multiple radio-frequency transceivers and associated multiple antennas to which the associated radio-frequency transceivers are coupled, | Plaintiff contends each Accused System includes this limitation because each Accused System includes devices capable of performing the claim limitation of coupling in communication of one or more radio-frequency transceivers and an associated one or more antennas because each is a base station. Base stations—including Huawei's base stations—include radio-frequency transceivers designed and used for radio-frequency communication with at least one antenna. When base-station transceivers and antennas are in communication, they are coupled in communication. Further, in addition to being so coupled, the transceivers and antenna of each Exhibit-A item are also, by placement within a base station, physically coupled. The patented invention pertains to, and the concept and features disclosed therein are implementable in, a wireless RF-based communication network, wherein communication happens through reception and |

---

[2] Plaintiff's infringement claims are not limited to the components provided herein.

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
|  | transmission of RF signals between RF transceivers / towers / base stations / nodes belonging to a wireless network and mobile wireless devices containing RF transceivers in their hardware and are therefore capable of receiving and transmitting RF signals. A wireless RF-based communication network can be any of – conventional Cellular telecommunication network, Wireless network, Wi-Fi, WLAN or Wireless mesh networks. |
|  | Nokia, ALU and HMD Global wireless communications devices Cellular (or SON) Networks - Nokia, ALU and HMD Global wireless communications devices Location APIs, Softwares, Apps, SDKs, etc. as well as other Network Location APIs or Softwares offered by Nokia, ALU and HMD Global, Nokia, ALU and HMD Global wireless communications devices Base Stations / Towers / Small Cells / DAS etc. (examples of different types of compatible, Nokia, ALU and HMD Global Small or Femto cells; as well as other similar products of third-parties sold (or offered or used) by Nokia, ALU and HMD Global. |
| wherein the multiple radio-frequency transceivers are configured for radio-frequency communication with one or more mobile wireless communications devices; and | Plaintiff contends that each item listed above corresponds to this claim limitation because each item is configured for radio-frequency communication with one or more mobile wireless communications devices, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM

For example, the following depicts transceivers with antennae communicating by radio-frequency with mobile wireless communications devices: |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| | |
| a user location database controller coupled to the multiple radio-frequency transceivers, | Plaintiff contends that a user location database controller corresponds to this claim limitation because each user location database controller is a controller coupled to multiple radio-frequency transceivers. Each Accused System has such a controller because the products and applications listed within Exhibit C as a part of the identification of user location database controller has software code that is specifically designed for use by a controller. Each of such products and applications is used by a controller while coupled to multiple RF transceivers. Thus, the claim-limitation corresponding to user location database controller is a controller on which any of those products or applications are operated, for example:<br><br>Nokia, ALU and HMD Global (or its partners) APIs, Apps, Softwares, SDKs, etc. such as Location APIs, Historical Location Analysis APIs, Real-Time Location APIs, Location Service APIs, etc. as well as network management software or solutions. |
| wherein the user location database controller determines a location of a first one of the mobile wireless communications devices by comparing a result of a digital signature location with received signal strength indication measurements to determine whether or not the result of the digital signature location is reasonable, | Plaintiff contends that each user location database controller corresponds to this claim limitation because each user location database controller is a controller which is programmed to locate the one or more mobile wireless communications devices by comparing a result of a digital signature location with received signal strength indication (RSSI) measurements to determine whether or not the result of the digital signature location is reasonable.  Each Accused System has such a controller because the products and applications have software code that is specifically designed for use by the controller and allows the controller to locate the one or more mobile wireless communication devices based on the comparison. |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| | |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is reasonable, stores the result as the location of the first mobile wireless communications device in a user location database, | Plaintiff contends that each user location database controller corresponds to determining that the result of the digital signature location is reasonable, stores the result as the location of the mobile wireless communications device in a user location database or location server. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is not reasonable, computes the location of the first mobile wireless communications device in conformity with the received signal strength indication measurements, | Plaintiff contends that each described user location database controller computes location by using different methods and in response to determining that the result of the digital signature location is not reasonable, it then computes the location of the mobile wireless communications device in conformity with the received signal strength indication (RSSI) measurements. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller compares the result of the digital signature location with the received signal strength indication measurements by determining a test zone from signal strength indications of a plurality of towers corresponding to the multiple antennas that are in radio-frequency communication with the first mobile wireless communication device and comparing the result of the digital signature location with the test zone, so that the user location database controller determines that the result of the | Plaintiff contends that each described user location database controller corresponds to this claim limitation, compares the result of the digital signature location with the received signal strength indication (RSSI) measurements by determining a test zone from signal strength indications of a plurality of access points or towers corresponding to the multiple antennas that are in radio-frequency communication with the mobile wireless communication device. It then compares the result of the digital signature location with the test zone. The controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone. |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| digital signature location is reasonable if the digital signature location is within the test zone. | |

33. Defendants put the inventions claimed by the '353 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 32), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '388 patent, including—for example—Claims 1-19, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '353 patent, if not by the issuance of the '284 patent, by at least by the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications. Nokia has known and should have known of the '284 patent, by at least the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

18

34. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '353 patent.

## V.       INFRINGEMENT ('196 Patent (Attached as exhibit C))

35. On March 13, 2018, U.S. Patent No. 9,918,196 ("the '196 patent") entitled "[i]nternet Queried Directional Navigation System With Mobile And Fixed Originating Location Determination" (attached as Exhibit C) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '196 patent by assignment.

36. The '196 Patent's Abstract states, "[a] mobile wireless network and a method of operation provide directional assistance in response to an Internet query. The directional assistance is provided from a location of the querying device to a destination that may be selectively prompted based on whether the destination is a nearby business, a type of business, a street address, or another mobile device or fixed telephone location. The location of the querying device is also selectively determined depending on whether the querying device is a wireless device such as a mobile telephone, or whether the device has a presumed fixed location, such as an ordinary telephone connected to a public-switched telephone network (PSTN)."

37. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the '196 patent, including—for example, but not by way of limitation—Claims 1-30, literally or under the doctrine of equivalents.

38. A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '196 patent is as follows: [3]

---

[3] Plaintiff's infringement claims are not limited to the components provided herein.

| Example Claims | Corresponding Structure in Accused Systems |
|---|---|
| A method of providing navigation assistance to a user of a communications device, the method comprising: | |
| receiving, by a directional assistance service, an Internet query initiated at the communications device and directed via the Internet to initiate a request for navigational assistance to a destination; | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network and "location-based service" which can provide directional assistance service. |
| responsive to receiving the Internet query, determining whether or not the communications device is a mobile wireless communications device; | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be reported from mobile or fixed phone and way of generating the location is different for fixed devices and mobile devices, another step is performed to determine whether the reporting device is fixed or mobile device, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM. |
| responsive to determining that the communications device is the mobile wireless communications device, the directional assistance service determining and using a present location of the mobile wireless communications device as a location of the communications device; | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be reported from mobile or fixed phone, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM, the solution has an ability to determine whether the incident is reported by the mobile or the fixed phone so as to generate the location of the mobile phone. |
| responsive to determining that the communications device is not the mobile wireless communications | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be |

| Example Claims | Corresponding Structure in Accused Systems |
|---|---|
| device, obtaining a fixed location associated with the communications device to determine the location of the communications device; and | reported from mobile or fixed phone, the solution has an ability to determine whether the incident is reported by the mobile or the fixed phone so as to generate the location of the fixed phone. |
| the directional assistance service providing navigation information to the communications device in response to the Internet query, wherein the navigation provides directions for proceeding from the location of the communications device to a location of the destination. | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using the solution and "location-based service" which can provide directional assistance service. The call taker/dispatcher can locate the incident reporter's phone on a map and also has the ability to allow the incident reporter/third-party incident handling operator to access the incident details (incident details also has the location of the incident reporting device). As the incident can be reported from mobile or fixed phone, and the solution has the ability to share the location details with that mobile or fixed device. Also, the call taker/dispatcher can send SMS/MMS/Email or can make outgoing calls to the incident reporter's device while handling the incident and the map on the solution can be saved as an image. |

39. Defendants put the inventions claimed by the '196 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it.

40. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 38), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '196 patent,

including—for example—Claims 1-30, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '196 patent, if not by the issuance of the '284 patent, by at least the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications, such that Defendants knew and should have known that it was and would be inducing infringement. Nokia has known and should have known of the '284 patent, by at least by the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

41. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '196 patent.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Traxcell respectfully requests that this Court:

i.    enter judgment that Defendants have infringed the '388, '353, and '196 patents;

ii.   award Traxcell damages in an amount sufficient to compensate it for Defendants' infringement of the '388, '353, and '196 patents, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

iii.  award Traxcell an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

iv.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Traxcell its attorneys' fees, expenses, and costs incurred in this action;

v.  declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

vi.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants, from infringing the claims of the Patents-in-Suit or (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendants will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

vii.  award Traxcell such other and further relief as this Court deems just and proper.

### JURY DEMAND

Traxcell hereby requests a trial by jury on issues so triable by right.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)

23

Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
(713) 547-9100 (telephone)
(713) 547-9150 (fax)
jthomas@hicks-thomas.com

*Attorneys for Traxcell Technologies, LLC*