# Koljonen Exhibit 2

https://fedex.com/shipping/html/en/PrintIFrame.l



TRK# [0430] 7748 3086 6880

S6 HELA

INTL ECONOMY

-FI   02600   PM
      HEL

ORIGIN ID:JTOA   (800) 417-7623
NELSON TUCKER
21218 MERRIDY STREET

CHATSWORTH, CA 91311 US
SIGN: NELSON TUCKER

TO GENERAL MANAGER
HMD GLOBAL OY
BERTEL JUNGIN AUKIO 9

ESPOO 02600

PO
INV
3581044880000

REF

DEPT

SHIP DATE: 28MAR19
ACTWGT: 15.0 LB
CAD: 111642701/INET4100

BILL SENDER
NO EEI 30.37(a)

(FI)

FedEx

565J1A6D3C3A0

After printing this label:

**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or waybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (203 per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stopping places which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and this Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws or requirements, FedEx's maximum liability for damage, loss, delay, shortage, mis-delivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, mis-delivery, non-delivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, weather conditions, mechanical delays, acts of public enemies, war, strike, civil commotion, or acts or omissions of public authorities (including customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years, as set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION, 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com.

3/28/2019, 8:49 PM

https://www.fedex.com/shipping/html/en/PrintIF



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

3/28/2019, 8:49 PM



After printing this label:
**FEDEX AWB COPY - PLEASE PLACE BEHIND CONSIGNEE COPY**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

3/28/2019, 8:49 PM

This invoice must be completed in English

# PRO FORMA INVOICE

| EXPORTER: | |
| --- | --- |
| Tax ID#: <br> Contact Name: Nelson Tucker <br> Telephone No.: 8004177623 <br> E-Mail: nelson@processnet1.com <br> Company Name/Address: <br> Nelson Tucker <br> 21218 Merridy Street <br><br><br> CHATSWORTH CA 91311 <br> Country: United States <br> Parties to Transaction: <br> ☐ Related  ☐ Non-Related <br><br> Payment Terms: <br><br> Purpose of Shipment: Personal Use | Ship Date: 28 Mar, 2019 <br><br> Air Waybill No. / Tracking No. / Bill of Lading: 774830866880 <br><br> Invoice No.: Purchase Order No.: |

| CONSIGNEE: | |
| --- | --- |
| Tax ID#: <br> Contact Name: General Manager <br> Telephone No.: 358104488000 <br> E-Mail: <br> Company Name/Address: <br> HMD Global OY <br> Bertel Jungin aukio 9 <br><br><br> ESPOO 02600 <br> Country: Finland | SOLD TO (if different from Consignee): <br> ☑ Same as CONSIGNEE: <br><br> Tax ID#: <br> Company Name/Address: <br><br><br><br><br> Country: |

If there is a designated broker for this shipment, please provide contact information

Name of Broker     Tel No.     Contact Name

Duties and Taxes Payable by ☑ Exporter  ☐ Consignee  ☐ Other If Other, please specify

| No. of Packages | No. of Units | Unit of Measure | Description of Goods | Harmonized Tariff Number | Country of Origin | Unit Value | Total Value |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | 1.00 | PCS | Personal Use - Correspondence/No Commercial Value | | US | 0.000000 | 0.00 |

| Total No. of Packages: 1 | | | | | | Terms of Sale: | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Special Instructions: | | Total Weight (Indicate LBS or KGS): 5.50 lbs | | | | Subtotal: | 0.00 |
| | | | | | | Insurance: | 0.00 |
| | | | | | | Freight: | 0.00 |
| | | | | | | Packing: | 0.00 |
| Declaration Statement(s): | | | | | | Handling: | 0.00 |
| These items are controlled by the U.S. Government and authorized for export only to the country of ultimate destination for use by the ultimate consignee or end-user(s) herein identified. They may not be resold, transferred, or otherwise disposed of, to any other country or to any person other than the authorized ultimate consignee or end-user(s), either in their original form or after being incorporated into other items, without first obtaining approval from the U.S. government or as otherwise authorized by U.S. law and regulations. | | | | | | Other: | 0.00 |
| I declare that all the information contained in this invoice to be true and correct | | | | | | Invoice Total: | 0.00 |
| Originator or Name of Company Representative if the invoice is being completed on behalf of a company or individual: | | | | | | Currency Code: | USD |
| Signature / Title / Date     _CEO  03/28/19_ | | | | | | 28 Mar, 2019 | |

This invoice must be completed in English

# PRO FORMA INVOICE

| EXPORTER : | |
|---|---|
| Tax ID# : | |
| Contact Name : Nelson Tucker | **Ship Date** : 28 Mar, 2019 |
| Telephone No. : 8004177623 | |
| E-Mail : nelson@processnet1.com | **Air Waybill No. / Tracking No. / Bill of Lading** : 774830866880 |
| Company Name/Address : | |
| Nelson Tucker | **Invoice No.** : **Purchase Order No.** : |
| 21218 Merridy Street | |
| | |
| CHATSWORTH CA 91311 | |
| Country : United States | |
| Parties to Transaction: | |
| ☐ Related   ☐ Non-Related | |
| Payment Terms : | |
| Purpose of Shipment : Personal Use | |

| CONSIGNEE : | SOLD TO (if different from Consignee) : |
|---|---|
| Tax ID# : | ☑ Same as CONSIGNEE |
| Contact Name : General Manager | |
| Telephone No. : 358104488000 | Tax ID# : |
| E-Mail : | Company Name/Address : |
| Company Name/Address : | |
| HMD Global OY | |
| Bertel Jungin aukio 9 | |
| | |
| ESPOO 02600 | |
| Country : Finland | |
| | Country : |

If there is a designated broker for this shipment, please provide contact information

Name of Broker      Tel No.      Contact Name

Duties and Taxes Payable by ☑ Exporter ☐ Consignee ☐ Other  If Other, please specify

| No. of Packages | No. of Units | Unit of Measure | Description of Goods | Harmonized Tariff Number | Country of Origin | Unit Value | Total Value |
|---|---|---|---|---|---|---|---|
| | 1.00 | PCS | Personal Use - Correspondence/No Commercial Value | | US | 0.000000 | 0.00 |

| Total No. of Packages : 1 | | Total Weight (Indicate LBS or KGS) : 5.50 lbs | | Terms of Sale : | |
|---|---|---|---|---|---|
| **Special Instructions** : | | | | Subtotal : | 0.00 |
| | | | | Insurance : | 0.00 |
| | | | | Freight : | 0.00 |
| | | | | Packing : | 0.00 |
| **Declaration Statement(s)** : | | | | Handling : | 0.00 |

These items are controlled by the U.S. Government and authorized for export only to the country of ultimate destination for use by the ultimate consignee or end-user(s) herein identified. They may not be resold, transferred, or otherwise disposed of, to any other country or to any person other than the authorized ultimate consignee or end-user(s), either in their original form or after being incorporated into other items, without first obtaining approval from the U.S. government or as otherwise authorized by U.S. law and regulations.

| | Other : | 0.00 |
|---|---|---|

| I declare that all the information contained in this invoice to be true and correct | Invoice Total : | 0.00 |
|---|---|---|
| Originator or Name of Company Representative if the invoice is being completed on behalf of a company or individual : | Currency Code : | USD |

Signature / Title / Date      _Nel Tuck_ — CEO  03/28/19            28 Mar, 2019

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

TRAXCELL TECHNOLOGIES, LLC,

)
)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No. 2:18-cv-412
)
NOKIA SOLUTIONS AND NETWORKS US LLC; )
NOKIA SOLUTIONS AND NETWORKS OY;NOKIA )
CORPORATION;NOKIA TECHNOLOGIES OY; )
ALCATEL-LUCENT USA, INC.;HMD GLOBAL OY et al )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* HMD Global OY
Bertel Jungin aukio 9
02600 Espoo
Finland

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: William P. Ramey
Ramey & Schwaller, LLP
5020 Montrose Blvd., Ste. 750
Houston, Texas 77006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  2:18-cv-412 |
| | ) | |
| NOKIA SOLUTIONS AND NETWORKS US LLC; | ) | |
| NOKIA SOLUTIONS AND NETWORKS OY;NOKIA | ) | |
| CORPORATION;NOKIA TECHNOLOGIES OY; | ) | |
| ALCATEL-LUCENT USA, INC.;HMD GLOBAL OY et al | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HMD Global OY
Karaportti 2
Espoo, 02610
Finland

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William P. Ramey
Ramey & Schwaller, LLP
5020 Montrose Blvd., Ste. 750
Houston, Texas 77006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:18-cv-412

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                         .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*



_____
*Server's address*

Additional information regarding attempted service, etc:

# NOTICE

**PLEASE TAKE NOTICE** that pursuant to the *statute laws of the United States of America* and applicable case law, there are multiple methods of service of legal documents including, but not limited to, the following:

1. **PERSONAL SERVICE** by giving the documents to the party to be served. It is not necessary that the party or person served touch the documents or even accept them. When the process server and person being served are within reasonable speaking distance, service is completed by the act of leaving the documents. It is not necessary that the process server actually see the Defendant to complete service. Service may be made at a home, business, or any other address.

## This document does NOT require personal service.

2. **SUBSTITUTED SERVICE** by giving the documents to one of the following:
   a. At a residence to any member of the household who is at least 16 years of age;
   b. At a place of employment to the person who is apparently in charge at the time of service, or a person who denies access to the person being served, including security personnel.
   c. Upon an individual or business entity by leaving the documents with the person apparently in charge at the time of service, or to the person who denies access to the person being served, including a security guard.
   d. At an address where the party normally receives mail or an address used as a mail drop.
   e. At an address provided to the DMV on an application for driver's license, even if the party has moved.

3. **POSTING and MAILING** in a conspicuous place on the premises.

4. **PUBLICATION** by publishing legal notice in a local or online newspaper for 4 consecutive weeks.

5. **MAIL** by serving Notice, in specific cases.

6. OTHER METHODS exist that allow for alternative methods of service.

Your failure to accept these documents voluntarily does not invalidate the service. Service is effected by the act of leaving the documents in the presence of yourself, your agent, or other person qualified by law to receive legal documents on your behalf, whether accepted, or not. Service is completed after the last act of mailing.

To protect your rights, **read this document carefully and consult an attorney** if you have any questions. By serving this Notice with the documents to be served, the person serving has determined that service is proper and complete.

Federal Law, <u>Title 18 U.S.C. § 1501</u>, provides in relevant part:

"Whoever knowingly and willingly obstructs, resists or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States...shall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both."

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,   )<br>       **Plaintiff,**   )<br>          )<br>          )<br>v.          )<br>          )<br>**NOKIA SOLUTIONS AND**  )<br>**NETWORKS US LLC; NOKIA**  )<br>**SOLUTIONS AND NETWORKS OY;**  )<br>**NOKIA CORPORATION; NOKIA**  )<br>**TECHNOLOGIES OY;**  )<br>**ALCATEL-LUCENT USA, INC.; HMD**  )<br>**GLOBAL OY; AND T-MOBILE, USA,**  )<br>**INC.**  )<br>       **Defendants.**  ) | **Civil Action No. 2:18-cv-412**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Traxcell Technologies, LLC ("Traxcell") files this First Amended Complaint and demand for jury trial seeking relief from patent infringement by Nokia Solutions and Networks US LLC ("Nokia Networks"), Nokia Solutions and Networks Oy ("Nokia Finland"), Nokia Corporation, Nokia Technologies Oy, Alcatel-Lucent USA Inc. ("ALU") (collectively "Nokia"), HMD Global Oy ( "HMD"), and T-Mobile USA, Inc. ("T-Mobile"). HMD, Nokia, and T-Mobile collectively referred to as Defendants, alleging as follows:

### I.    THE PARTIES

1.   Plaintiff Traxcell is a Texas Limited Liability Company with its principal place of business located at 1405 Municipal Ave., Suite 2305, Plano, TX 75074.

2.   Nokia Networks is a limited liability company organized and existing under the laws of Delaware with principal places of business located at (1) 6000 Connection Drive, MD E4-400, Irving, TX 75039; (2) 601 Data Dr., Plano, TX 75075; and (3) 2400 Dallas Pkwy., Plano, TX 75093, and a registered agent for service of process at National Registered Agents, Inc.,

16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia Networks sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

3. Nokia Finland is a corporation organized and existing under the laws of Finland with a principal place of business at 6000 Connection Drive, MD E4-400, Irving, TX 75039, and a registered agent for service of process at National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

4. Nokia Corporation is a corporation organized and existing under the laws of Finland with a principal place of business at 200 S. Mathilda Avenue, Sunnyvale, CA 94086, and a registered agent for service of process at National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062. On information and belief, Nokia Corporation sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

5. Nokia Technologies Oy is a corporation organized and existing under the laws of Finland with its principal place of business at Karaportti 3, FIN-02610, Espoo, Finland. Nokia Technologies Oy is a wholly-owned subsidiary of Nokia Corporation with a principal place of business 6000 Connection Drive, MD E4-400, Irving, Texas 75039, and a registered agent for service of process at National Registered Agents, Inc., 16055 space Center, Suite 235, Houston,

2

TX 77062. On information and belief, Nokia Technologies Oy sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

6. ALU is a corporation organized under the laws of the state of Delaware with principal places of business at 600 Mountain Avenue, Murray Hill, NJ 07974, and 601 Data Drive, Plano, TX 75075. ALU conducts significant business operations at its principal place of business at 601 Data Drive, Plano, TX 75075, and has a registered agent for service of process at Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

7. T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006 and a registered agent for service of process at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. On information and belief, T-Mobile USA, Inc. sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

8. HMD Global OY Finnish is a corporation organized and existing under the laws of Finland with a principal place of business at Karaportti 2, FIN-02610, Espoo, Finland and a registered agent for service of process at National Registered Agents, Inc., 16055 space Center, Suite 235, Houston, TX 77062 (collectively HMD Global and HMD Global OY are referred to as "HMD Global"). On information and belief, HMD Global OY sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that

3

perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.  JURISDICTION AND VENUE

9.  This is an action for patent infringement arising under the patent laws of the U.S., 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.  This Court has personal jurisdiction over Defendant Nokia Networks because it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

11.  Venue is proper as to Nokia Networks in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

12.  This Court has personal jurisdiction over Defendant Nokia Finland as it is present within or has minimum contacts within the State of Texas and this judicial district, including office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause

4

of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

13. Venue is proper as to Nokia Finland in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

14. This Court has personal jurisdiction over Defendant Nokia Corporation as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

15. Venue is proper as to Nokia Corporation in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

16. This Court has personal jurisdiction over Defendant Nokia Technologies Oy as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Drive, Plano, TX 75075; at 12515 Research Blvd, Building 5, Austin, TX 78759-2247; and at 2400 Dallas Pkwy., Plano, TX 75093; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district;

and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

17. Venue is proper as to Nokia Technologies Oy in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

18. This Court has personal jurisdiction over Defendant ALU as it is present within or has minimum contacts within the State of Texas and this judicial district, including an office at 601 Data Dr, Plano, TX 75075; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

19. Venue is proper as to ALU in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District.

20. This Court has personal jurisdiction over T-Mobile because: T-Mobile is present within or has minimum contacts within the State of Texas and this judicial district; T-Mobile has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; T-Mobile regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from T-Mobile's business contacts and other activities in the State of Texas and in this judicial district.

21. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). T-Mobile has committed acts of infringement and have a regular and established place of business in this District.

6

Further, venue is proper because T-Mobile conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

22. This Court has personal jurisdiction over Defendant HMD Global OY as it is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

23. Venue is proper as to HMD Global OY in this district under 28 U.S.C. §§ 1391(b)(c)(f) and 1400(b) because Defendant has committed acts of infringement and is a foreign corporation with business activities in this District.

### III.  INFRINGEMENT ('388 Patent (Attached as exhibit A))[1]

24. On January 17, 2017, U.S. Patent No. 9,549,388 ("the '388 patent") entitled "Mobile wireless device providing off-line and on-line geographic navigation information" (attached as Exhibit A) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '388 patent by assignment.

25. The '388 Patent's Abstract states, "A mobile device, wireless network and their method of operation provide both on-line (connected) navigation operation, as well as off-line navigation from a local database within the mobile device. Routing according to the navigation system can

---

[1] Plaintiff is not asserting the '388 patent against T-Mobile in this cause of action.

be controlled by traffic congestion measurements made by the wireless network that allow the navigation system to select the optimum route based on expected trip duration."

26. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the '388 patent, including—for example, but not by way of limitation—Claims 1-30, literally or under the doctrine of equivalents.    A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '388 patent is as follows: [2]

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| A wireless communications system including | |
| a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna to which the first radio-frequency transceiver is coupled, wherein the first radio-frequency transceiver is configured for radio-frequency communication with a wireless | This element corresponds to a wireless mobile communication device—including but not limited to Nokia, ALU and HMD Global wireless communications devices, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM—include radio-frequency transceivers and an associated antenna. When wireless communication device transceivers and antennas are in communication, they are coupled. Further, in addition to being so coupled, the transceiver of each Exhibit-B item is also configured for RF-communication with wireless cellular communication network, such as Sprint, AT&T, Verizon, or T-Mobile network via Google Maps or other navigation applications; which can be installed or comes preloaded on Exhibit-B items including but not limited to Huawei Mate Series Phones (Mate 10, Mate 10 Pro, Porsche Design Mate 10, Mate 9 Pro, Mate 9, Porsche Design Mate 9) |

[2] Plaintiff's infringement claims are not limited to the components provided herein.

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| communications network | |
| a first processor within the wireless mobile communications device coupled to the at least one first radio-frequency transceiver programmed to receive a location of the wireless mobile communications device from the wireless communications network and generate an indication of a location of the wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device | Plaintiff contends that each Wireless mobile communication device-including but not limited Nokia, ALU and HMD Global wireless communications devices processor or like processor. When wireless communication device transceivers and processor are in communication, they are coupled. Further, the Google Maps application or any other indoor/outdoor navigation application on the wireless communication device utilizes a processor coupled to the transceiver to estimates/receive the location on mobile wireless communications devices by utilizing wireless communication network such as Sprint, AT&T, Verizon, or T-Mobile network or WLAN network

The Blue dot on Google Maps indicates the location of the wireless communication device, with respect to the various geographical features such as streets, cities, or any point of interest.

Furthermore, Google Maps application mapping information comes from the Google Maps hardware/software using data plan or Wi-Fi network and hence is stored within the memory of wireless communication device. |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| and wherein the processor displays to the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified by the user at the wireless mobile communications device; | Plaintiff contends each Wireless mobile communication device-including but not limited Huawei Mate 10 has a Kirin 970 processor or like processor.<br><br>The Wireless communication device having Google Maps application or any other navigation application, displays to the user navigation information, based on the destination entered by the user.<br><br>The Google Maps application estimates/receives the location of the wireless communication device, by utilizing wireless communication network such as Sprint, AT&T, T-Mobile, Verizon or any other cellular communication network, and indicates it on the map with respect of various geographic features such as streets, cities, or any point of interest. Google Maps application or any other navigation application which comes preloaded on the Huawei Smartphones, provides route from present location to the destination entered by the user on the wireless communication device. |
| at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network to which the second radio-frequency transceiver is coupled | Plaintiff contends each item listed on Exhibit A corresponds to this claim limitation because each Exhibit-A item is a RF transmitting device. Wireless cellular communication network such as of Sprint's, AT&T's, Verizon's, T-Mobile's etc., includes cell towers which provide radio communication to and from wireless communication devices (specifically one or more of the mobile wireless communications devices identified on Exhibit B). Thus, the cell towers (base stations) include the radio frequency transceiver coupled with antenna (Exhibit A) in the mentioned wireless cellular communication networks. |
| a second processor coupled to the at least one second radio-frequency | Plaintiff contends each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| transceiver programmed to determine the location of the wireless mobile communications device | processor and as medium of communication between Google Maps application and wireless communication network (cellular). The cellular communication network includes cell towers/base station which provide radio communication to and from wireless communication mobile devices.<br><br>As mentioned previously, the cell towers/base station include the radio frequency transceiver in cellular communication network such as of Sprint's, AT&T's or any others.<br><br>The cellular communication network allows communication between Google hardware/software and the wireless communication device to determine the current location of the wireless communication device |
| wherein the second processor selectively determines the location of the wireless mobile communications device dependent on the setting of preference flags | Plaintiff contends, for example, Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network (cellular)<br><br>The Google Maps hardware/software will only be able to determine the location of the Wireless communication device, if the location flag on the Wireless communication device is turned "ON". |
| wherein the second processor determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicates the | Plaintiff contends, for example, each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network.<br><br>The Google Maps hardware/software will only be able to determine and track the location of the Wireless communication device such as but not limited to Nokia, ALU and HMD Global wireless communications devices if the location flag on the Wireless communication device is turned "ON".<br><br>The location of the Wireless communication device is communicated to the Google Maps application on the Wireless communication device via communication established by the cell site/base station or Access Points between Google Maps hardware/software and the Wireless communication device |

| Example Claim | Examples of Corresponding Structure in Accused Systems |
|---|---|
| location of the wireless mobile communications device to the first processor via the second radio-frequency transmitter | |
| and wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device. | Plaintiff contends, for example, each Google Maps hardware/software operating in wireless communication network, corresponds to this claim limitation because each such Google Maps hardware/software serves as a processor and a medium of communication between Google Maps application and wireless communication network. The Google Maps hardware/software will only be not be able to determine and track the location of the Wireless communication device such as but not limited to Nokia, ALU and HMD Global wireless communications devices, if the location flag on the Wireless communication device is turned "OFF" or disabled. |

27. Defendants put the inventions claimed by the '388 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it.

28. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to

12

do so, on how to use its products and services (see chart in paragraph 26), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '388 patent, including—for example—Claims 1-30, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '388 patent, if not by the issuance of the '284 patent, by at least by the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications, such that Defendants knew and should have known that it was and would be inducing infringement. Nokia has known and should have known of the '284 patent, by at least the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

29. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '388 patent.

### IV.    INFRINGEMENT ('353 Patent (Attached as exhibit B))[3]

30. On February 6, 2018, U.S. Patent No. 9,888,353 ("the '353 patent") entitled "Mobile wireless communications system and method with hierarchical location determination" (attached as Exhibit B) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '353 patent by assignment.

---

[3] Plaintiff is asserting the '353 patent against T-Mobile in this cause of action.

31. The '353 Patent's Abstract states, "[a] mobile wireless network and a method of operation provide a hierarchical selection from among various location methods in populating a user location database. A digital signature technique is used to determine a location of a mobile wireless communications device. The location is compared with received signal-strength indication (RSSI) measurements to determine if the location provided by the digital signature technique is reasonable, and if so, the digital signal measurement location result is stored in the database."

32. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the '353 patent, including—for example, but not by way of limitation—Claims 1-19, literally or under the doctrine of equivalents.  A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '353 patent is as follows: [4]

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| A mobile wireless communications network, comprising: | |
| multiple radio-frequency transceivers and associated multiple antennas to which the associated radio-frequency transceivers are coupled, | Plaintiff contends each Accused System includes this limitation because each Accused System includes devices capable of performing the claim limitation of coupling in communication of one or more radio-frequency transceivers and an associated one or more antennas because each is a base station. Base stations—including Huawei's base stations—include radio-frequency transceivers designed and used for radio-frequency communication with at least one antenna. When base-station transceivers and antennas are in communication, they are coupled in communication. Further, in addition to being so coupled, the transceivers and antenna of each Exhibit- |

---

[4] Plaintiff's infringement claims are not limited to the components provided herein.

14

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| | A item are also, by placement within a base station, physically coupled. |
| | The patented invention pertains to, and the concept and features disclosed therein are implementable in, a wireless RF-based communication network, wherein communication happens through reception and transmission of RF signals between RF transceivers / towers / base stations / nodes belonging to a wireless network and mobile wireless devices containing RF transceivers in their hardware and are therefore capable of receiving and transmitting RF signals. A wireless RF-based communication network can be any of – conventional Cellular telecommunication network, Wireless network, Wi-Fi, WLAN or Wireless mesh networks. |
| | T-Mobile, Nokia, ALU  and HMD Global wireless communications devices Cellular (or SON) Networks - T-Mobile, Nokia, ALU  and HMD Global wireless communications devices Location APIs, Softwares, Apps, SDKs, etc. as well as other Network Location APIs or Softwares offered by T-Mobile, Nokia, ALU and HMD Global, T-Mobile, Nokia, ALU  and HMD Global wireless communications devices Base Stations / Towers / Small Cells / DAS etc. (examples of different types of compatible, T-Mobile, Nokia, ALU  and HMD Global Small or Femto cells; as well as other similar products of third-parties sold (or offered or used) by T-Mobile, Nokia, ALU  and HMD Global. |
| wherein the multiple radio-frequency transceivers are configured for radio-frequency communication with one or more mobile wireless communications devices; and | Plaintiff contends that each item listed above corresponds to this claim limitation because each item is configured for radio-frequency communication with one or more mobile wireless communications devices, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
|  | Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM<br><br>For example, the following depicts transceivers with antennae communicating by radio-frequency with mobile wireless communications devices: |
| a user location database controller coupled to the multiple radio-frequency transceivers, | Plaintiff contends that a user location database controller corresponds to this claim limitation because each user location database controller is a controller coupled to multiple radio-frequency transceivers. Each Accused System has such a controller because the products and applications listed within Exhibit C as a part of the identification of user location database controller has software code that is specifically designed for use by a controller. Each of such products and applications is used by a controller while coupled to multiple RF transceivers. Thus, the claim-limitation corresponding to user location database controller is a controller on which any of those products or applications are operated, for example:<br><br>T-Mobile, Nokia, ALU  and HMD Global (or its partners) APIs, Apps, Softwares, SDKs, etc. such as Location APIs, Historical Location Analysis APIs, Real-Time Location APIs, Location Service APIs, etc. as well as network management software or solutions. |
| wherein the user location database controller determines a location of a first one of the mobile wireless communications devices by comparing a result of a digital signature location with received signal strength indication measurements to determine whether | Plaintiff contends that each user location database controller corresponds to this claim limitation because each user location database controller is a controller which is programmed to locate the one or more mobile wireless communications devices by comparing a result of a digital signature location with received signal strength indication (RSSI) measurements to determine whether or not the result of the digital signature location is reasonable.  Each |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| or not the result of the digital signature location is reasonable, | Accused System has such a controller because the products and applications have software code that is specifically designed for use by the controller and allows the controller to locate the one or more mobile wireless communication devices based on the comparison. |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is reasonable, stores the result as the location of the first mobile wireless communications device in a user location database, | Plaintiff contends that each user location database controller corresponds to determining that the result of the digital signature location is reasonable, stores the result as the location of the mobile wireless communications device in a user location database or location server. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller, responsive to determining that the result of the digital signature location is not reasonable, computes the location of the first mobile wireless communications device in conformity with the received signal strength indication measurements, | Plaintiff contends that each described user location database controller computes location by using different methods and in response to determining that the result of the digital signature location is not reasonable, it then computes the location of the mobile wireless communications device in conformity with the received signal strength indication (RSSI) measurements. The following exemplifies the existence of this limitation in Accused Systems: |
| wherein the user location database controller compares the result of the digital signature location with the received signal strength indication measurements by determining a test zone from signal strength indications of a plurality of towers corresponding to the multiple antennas that are in radio-frequency communication with the first | Plaintiff contends that each described user location database controller corresponds to this claim limitation, compares the result of the digital signature location with the received signal strength indication (RSSI) measurements by determining a test zone from signal strength indications of a plurality of access points or towers corresponding to the multiple antennas that are in radio-frequency communication with the mobile wireless communication device. It then compares the result of the digital signature |

| Example Claim | Corresponding Structure in Accused Systems |
|---|---|
| mobile wireless communication device and comparing the result of the digital signature location with the test zone, so that the user location database controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone. | location with the test zone. The controller determines that the result of the digital signature location is reasonable if the digital signature location is within the test zone. |

33. Defendants put the inventions claimed by the '353 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 32), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '388 patent, including—for example—Claims 1-19, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '353 patent, if not by the issuance of the '284 patent, by at least by the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications. Nokia has known and should have known of the '284 patent, by at least the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the

18

U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

34. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '353 patent.

## V.        INFRINGEMENT ('196 Patent (Attached as exhibit C))[5]

35. On March 13, 2018, U.S. Patent No. 9,918,196 ("the '196 patent") entitled "[i]nternet Queried Directional Navigation System With Mobile And Fixed Originating Location Determination" (attached as Exhibit C) was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '196 patent by assignment.

36. The '196 Patent's Abstract states, "[a] mobile wireless network and a method of operation provide directional assistance in response to an Internet query. The directional assistance is provided from a location of the querying device to a destination that may be selectively prompted based on whether the destination is a nearby business, a type of business, a street address, or another mobile device or fixed telephone location. The location of the querying device is also selectively determined depending on whether the querying device is a wireless device such as a mobile telephone, or whether the device has a presumed fixed location, such as an ordinary telephone connected to a public-switched telephone network (PSTN)."

37. Defendants make, use, offer to sell, or sell within or import into the U.S. wireless communication devices, wireless networks, wireless-network components, and related services that use online and/or off-line navigation such that Defendants infringe one or more claims of the

---

[5] Plaintiff is asserting the '196 patent against T-Mobile in this cause of action.

'196 patent, including—for example, but not by way of limitation—Claims 1-30, literally or under the doctrine of equivalents.

38. A preliminary chart illustrating examples of Plaintiff's claims for infringement of the claims of the '196 patent is as follows: [6]

| Example Claims | Corresponding Structure in Accused Systems |
|---|---|
| A method of providing navigation assistance to a user of a communications device, the method comprising: | |
| receiving, by a directional assistance service, an Internet query initiated at the communications device and directed via the Internet to initiate a request for navigational assistance to a destination; | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network and "location-based service" which can provide directional assistance service. |
| responsive to receiving the Internet query, determining whether or not the communications device is a mobile wireless communications device; | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be reported from mobile or fixed phone and way of generating the location is different for fixed devices and mobile devices, another step is performed to determine whether the reporting device is fixed or mobile device, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM. |
| responsive to determining that the communications device is the mobile wireless communications device, the directional assistance service determining and | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be reported from mobile or fixed phone, for example, but not limited to Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, |

---

[6] Plaintiff's infringement claims are not limited to the components provided herein.

20

Case 2:18-cv-00412-RWS-RSP   Document 44-9   Filed 04/16/19   Page 31 of 34 PageID #:
1451
Case 2:18-cv-00412-RWS-RSP   Document 22   Filed 02/21/19   Page 21 of 24 PageID #: 676

| Example Claims | Corresponding Structure in Accused Systems |
|---|---|
| using a present location of the mobile wireless communications device as a location of the communications device; | Nokia 150, Nokia 105, Nokia 105 Classic, Nokia 105 Dual SIM, Nokia 230 Dual SIM, Nokia 216 Dual SIM, and Nokia 130 Dual SIM, the solution has an ability to determine whether the incident is reported by the mobile or the fixed phone so as to generate the location of the mobile phone. |
| responsive to determining that the communications device is not the mobile wireless communications device, obtaining a fixed location associated with the communications device to determine the location of the communications device; and | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using a solution and "location-based service" which can provide directional assistance service. As the incident can be reported from mobile or fixed phone, the solution has an ability to determine whether the incident is reported by the mobile or the fixed phone so as to generate the location of the fixed phone. |
| the directional assistance service providing navigation information to the communications device in response to the Internet query, wherein the navigation provides directions for proceeding from the location of the communications device to a location of the destination. | Plaintiff contends this step occurs in each Accused System because each is a computer/ server operating in a communication network using the solution and "location-based service" which can provide directional assistance service.<br><br>The call taker/dispatcher can locate the incident reporter's phone on a map and also has the ability to allow the incident reporter/third-party incident handling operator to access the incident details (incident details also has the location of the incident reporting device). As the incident can be reported from mobile or fixed phone, and the solution has the ability to share the location details with that mobile or fixed device.<br><br>Also, the call taker/dispatcher can send SMS/MMS/Email or can make outgoing calls to the incident reporter's device while handling the incident and the map on the solution can be saved as an image. |

39. Defendants put the inventions claimed by the '196 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it.

40. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 38), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '196 patent, including—for example—Claims 1-30, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '196 patent, if not by the issuance of the '284 patent, by at least the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications, such that Defendants knew and should have known that it was and would be inducing infringement. Nokia has known and should have known of the '284 patent, by at least by the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to Nokia by the U.S. Patent and Trademark Office during prosecution of one of Nokia's patent applications, if not as early as 2007 when Traxcell was appointed as a supplier to Nokia, such that Nokia knew and should have known that it was and would be inducing infringement. There are seven patent references to the application that matured into this patent, the most recent on September 25, 2015.

41. Defendants have caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '196 patent.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Traxcell respectfully requests that this Court:

i.   enter judgment that Defendants have infringed the '388, '353, and '196 patents;[7]

ii.  award Traxcell damages in an amount sufficient to compensate it for Defendants' infringement of the '388, '353, and '196 patents, in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

iii. award Traxcell an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

iv.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Traxcell its attorneys' fees, expenses, and costs incurred in this action;

v.   declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284;

vi.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants, from infringing the claims of the Patents-in-Suit or (ii) award damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendants will be adjudicated infringers of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

vii. award Traxcell such other and further relief as this Court deems just and proper.

---

[7] T-Mobile is not accused of infringing the '388 patent in this cause of action but is in another case.

Case 2:18-cv-00412-RWS-RSP   Document 44-9   Filed 04/16/19   Page 34 of 34 PageID #:
1454
Case 2:18-cv-00412-RWS-RSP   Document 22   Filed 02/21/19   Page 24 of 24 PageID #:  679

## JURY DEMAND

Traxcell hereby requests a trial by jury on issues so triable by right.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
   William P. Ramey, III
   Texas Bar No. 24027643
   5020 Montrose Blvd., Suite 750
   Houston, Texas 77006
   (713) 426-3923 (telephone)
   (832) 900-4941 (fax)
   wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
(713) 547-9100 (telephone)
(713) 547-9150 (fax)
jthomas@hicks-thomas.com

*Attorneys for Traxcell Technologies, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that all counsel of record who have appeared in this case are being served on this day of February

21, 2019, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III

24