UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No. **2:18-cv-412** |
| v. | ) | |
| | ) | |
| NOKIA SOLUTIONS AND | ) | |
| NETWORKS US LLC; NOKIA | ) | |
| SOLUTIONS AND NETWORKS OY; | ) | JURY TRIAL DEMANDED |
| NOKIA CORPORATION; NOKIA | ) | |
| TECHNOLOGIES OY; | ) | |
| ALCATEL-LUCENT USA, INC.; HMD | ) | |
| GLOBAL OY; AND T-MOBILE, USA, | ) | |
| INC. | ) | |
| **Defendants.** | ) | |

**PLAINTIFF TRAXCELL TECHNOLOGIES, LLC'S RESPONSE TO
DEFENDANT T-MOBILE'S MOTION TO DISMISS
TRAXCELL'S' FIRST AMENDED COMPLAINT** [1]

---

[1] Defendant's Motion is Docket No. ("ECF No.") 33 ("Motion" or "T-Mobile's Motion").

## I.    ARGUMENT

### A. T-MOBILE'S MOTION FAILS TO PROVE THE COMPLAINT FAILS TO STATE A DIRECT INFRINGEMENT CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 8 requires that a claim for relief need only contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief."[2]

*Twombly* did not change the pleading requirements that were exemplified by the Rules' former model forms. "*Twombly* and *Iqbal* probably are best seen merely as restating, in slightly different terms, propositions long held."[3] "*Twombly* 'leaves the long-standing fundamentals of notice pleading intact'"[4] and "'must not be overread.'"[5] As *Twombly* itself states, "'*Swierkiewicz* did not change the law of pleading, but simply re-emphasized . . . that [ ] use of a heightened pleading standard . . . [is] contrary to the Federal Rules' structure of liberal pleading requirements.'"[6] "We [the *Twombly* Court] do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[7] Further, *Twombly* discussed with approval the Rules' model forms.[8]

Further, "[t]he abrogation of Rule 84 [which stated, in part, "[T]he forms in the Appendix suffice under these rules."] does not alter existing pleading standards or otherwise change

---

[2] Fed. R. Civ. P. 8(a)(2) (emphasis added).

[3] *Dobyns v. United States*, 91 Fed. Cl. 412, 427 (2010) (internal citations omitted).

[4] *Id.* discussing the conclusion of *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 15 (D.C. Cir. 2008).

[5] *Id.* discussing the cautioning of *Limestone Dev. Corp. v. Village of Lemont,* 520 F.3d 797, 803-04 (7th Cir. 2008).

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 570 (2007) (internal citation omitted).

[7] *Id.* at 570.

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) (stating, "[The complaint] contrasts sharply with the model form for pleading negligence, Form 9, . . . Whereas the model form alleges . . . A defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 would know what to answer[.]"); *see also id.* at 570 (stating, '*Swierkiewicz* did not change the law of pleading, but simply re-emphasized . . . that [ ] use of a heightened pleading standard . . . [is] contrary to *the Federal Rules'* [which, at that time, included the model forms] *structure of liberal pleading requirements* [emphasis added].'"

[emphasis added] the requirements of Civil Rule 8."[9] The Federal Circuit has repeatedly noted it has "never recognized [ ] a distinction" "between the requirements of Form 18 and Iqbal/Twombly."[10]

The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the legal violation]."[11] "The complaint must place the 'potential infringer . . . on notice of what activity . . . is being accused of infringement.'"[12] Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'[13]

T-Mobile's argument that Traxcell's Complaint purportedly fails to allege facts showing that all limitations of a particular patent claim correspond to an accused system or method fails. First, "'[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.'"[14] Discussing the *Iqbal/Twombly* standard, the Federal Circuit last year in *Disc Disease Sols. Inc. v. VGH Sols., Inc.* explained, "'Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.''"[15] In *Disc Disease*, the Federal Circuit rejected the argument Defendant here re-urges: that a patent plaintiff must plead facts indicating each patent-claim

---

[9] Fed. R. Civ. P. 84 (2015 Advisory Committee Note; *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2016 U.S. Dist. LEXIS 5426, at **7, 8 (D. Nev. Jan. 15, 2016) (quoting Fed. R. Civ. P. 84 (2015 Advisory Committee Note).

[10] *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 n.3 (Fed. Cir. 2018) (quoting *Lifetime*).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *accord Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *Twombly*, 550 U.S. at 556).

[12] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[14] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)).

[15] *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007) (alteration in *Erickson*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

limitation's[16] correspondence to a feature of defendant's accused instrumentality. Specifically, the Federal Circuit stated, "The district court determined that Disc Disease failed to 'explain how Defendants' products infringe on any of Plaintiff's claims' because it 'merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents.' [Citation omitted]. We disagree."[17] Likewise, the Eastern District of Texas has repeatedly explained that a plaintiff need not expressly address each patent-claim limitation in its complaint.[18]

As Judge Payne explained in *Blitzsafe Texas, LLC v. Volkswagen Group of Am. Inc.*:

> [I]n most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 ("Rule 8") was drafted to combat the "debilitating technicalities and rigidity that characterized the prior English and American procedural systems." [Internal citations omitted]. Asking a patentee to allege a precise fact for every element of every asserted claim in the complaint drives Rule 8 back towards the technical pleading system that it

---

[16] Although the courts often use "limitation" and "element" interchangeably, the Federal Circuit prefers "to use the term 'limitation' when referring to claim language and the term 'element' when referring to the accused device." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558, 563 n.1 (Fed. Cir. 2000), *vacated on other grounds*, 535 U.S. 722 (2002); *accord Dawn Equip. Co. v. Kentucky Farms Inc*., 140 F.3d 1009, 1015 (Fed. Cir. 1998).

[17] *Id.*

[18] *Semcon IP, Inc. v. Huawei Device USA, Inc.*, No. 2:16-cv-00437-JRG-RSP, 2017 U.S. Dist. LEXIS 37035, at *19 (E.D. Tex. Feb. 20, 2017) (Payne, Mag.) (stating, e.g., "Although Semcon's complaints do not specify that the accused products infringe every element of a particular claim, the complaints identify the central claim limitations. For the asserted patents related to power management, for example, the complaints allege that the claims 'call for the frequency generator and power management logic to be located on the processor itself, rather than in a separate component that would consume power.' [Citation omitted]. According to Semcon, this central limitation is allegedly embodied by specific products. [Citation omitted]. These and other analogous allegations are sufficient to state a claim for direct infringement."); *PanOptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 2:16-CV-00059-JRG-RSP, 2017 U.S. Dist. LEXIS 27756, at **10, 11 (E.D. Tex., Feb. 10, 2017) (Payne, Mag.) (stating, e.g., "The allegations do not perfectly match the claim elements, but they are detailed enough to satisfy the pleading standard[.]"), *adopted*, 2017 U.S. Dist. LEXIS 27419 (E.D. Tex., Feb. 28, 2017); *Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG,2016 U.S. Dist. LEXIS 189974, at *10  (E.D. Tex. June 7, 2016) (stating, "[T]he abrogation of Form 18 does not require plaintiffs to augment their complaints with element-by-element infringement contentions[.]"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14 (E.D. Tex. May 13, 2016) (stating, "In essence, [defendant] is asserting that [plaintiff] must include element-by-element infringement contentions within the original complaint to properly state a claim for direct infringement. The Court declines to infuse Federal Rule of Civil Procedure 8(a)'s well-established pleading standard with such a heightened burden at the initial pleading stage."); *see also Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 43240, at *20 (E.D. Tex. Feb. 20, 2017) (pleading sufficient where infringement was explained "in general terms" and the plaintiff "[left] out details regarding the accused networks").

was crafted to replace.[19]

Courts, including the Eastern District of Texas, have expressly rejected the argument that a plaintiff's complaint must contain the equivalent of limitation-by-limitation infringement contentions,[20] which would render infringement-requiring Local Rules superfluous. "Importantly, '[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage.'"[21]

An allegation of making, using, selling, offering for sale, or importing (along with at least some supporting fact; e.g., that the entity sells products in the field of art) the accused products is a sufficient description of *how* an entity directly infringed.[22] "[B]y identifying a particular feature . . . from a particular product . . . that allegedly infringes a particular claim," a complaint "provide[s] adequate notice to [a defendant] of the plausible claims it must defend against."[23]

Second, Traxcell's allegations in fact provide limitation-by-limitation allegations for

---

[19] *Blitzsafe Texas, LLC v. Volkswagen Group of Am. Inc.*, No. 15-1274, 2016 U.S. Dist. LEXIS 124144, at *17 (E.D. Tex. Aug. 19, 2016) (Payne, Mag.), *adopted*, 2016 U.S. Dist. LEXIS 123571 (E.D. Tex., Sept. 12, 2016).

[20] *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14 (E.D. Tex. May 13, 2016) (stating, "In essence, [defendant] is asserting that [plaintiff] must include element-by-element infringement contentions within the original complaint to properly state a claim for direct infringement. The Court declines to infuse Federal Rule of Civil Procedure 8(a)'s well-established pleading standard with such a heightened burden at the initial pleading stage."); *Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG,2016 U.S. Dist. LEXIS 189974, at **9, 10  (E.D. Tex. June 7, 2016) (stating, "The Court has well-established local rules that facilitate such [infringement contentions at] disclosures. . . . [T]he abrogation of Form 18 does not require plaintiffs to augment their complaints with element-by-element infringement contentions[.]"); *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 446 (D. Del. Sept. 7, 2018) (stating, "To require anything more at this stage of the case would require the equivalent of infringement contentions, which is more than the law demands.  [Citations omitted].").

[21] *Nichia Corp. v. Vizio, Inc.*, No. 2:16-CV-1453-JRG, 2017 U.S. Dist. LEXIS 188356, at *10 (E.D. Tex. July 24, 2017) (quoting *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*, No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607,*9, Dkt. No. 43 at 6 (E.D. Tex. June 7, 2016)).

[22] *See Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 U.S. Dist. LEXIS 44887, at *23 (E.D. Tex. Mar. 1 2017); *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456, at **11, 12 (E.D. Tex. Mar. 8, 2012); *TSI, Inc. v. Azbil BioVigilant, Inc.*, 2012 U.S. Dist. LEXIS 60519, at **7, 8 (D. Ariz., May 1, 2012).

[23] *Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG,2016 U.S. Dist. LEXIS 189974, at *12 (E.D. Tex. June 7, 2016) (stating, "By identifying a *particular feature* (authenticating information exchanged between a registrant and an educational content provider) from a *particular product* (the Topyx Learning Management System) that allegedly infringes a *particular claim* (claim 1 of the '439 patent), Solocron has provided adequate notice to Interactyx of the plausible claims it must defend against." Emphases added).

multiple exemplary patent claims.[24] The Complaint identifies system components or method steps corresponding to particular claim limitations. For example, the Complaint identifies as corresponding to the first (i.e., following the claim preamble) claim limitation of the exemplary '388 patent claim[25] certain devices having certain features (e.g., wireless mobile communication devices such as Nokia, ALU and HMD Global wireless communications devices having radio-frequency transceivers and an associated antenna configured for RF-communication with wireless cellular communication networks such as T-Mobile network via Google Maps or other navigation applications). T-Mobile's Motion does not assert that this particular allegation does not place T-Mobile on notice of what system components are accused of corresponding to this claim limitation.[26] Other examples of particular system components described within the Complaint's infringement-contentions-style allegations include Google Maps hardware/software,[27] cell towers/base stations,[28] Access Points,[29] location flag[s],[30] T-Mobile wireless communications devices Cellular (or SON) Networks,[31] T-Mobile wireless communications devices Location APIs,[32] Network Location APIs offered by T-Mobile,[33] Historical Location Analysis APIs,[34] Real-

[24] Plaintiff's First Amended Complaint for Patent Infringement (ECF No. 22) ("FAC" or "Complaint") at 8–12, 14–18, 20, 21.
[25] Although the Complaint does not state the number of the exemplary claims, they are readily identifiable by comparison with the claims shown in the asserted patents served with the Complaint as exhibits thereto (ECF Nos. 22-1, 22-2, 22-3).
[26] Motion (ECF No. 33) at 9–11.
[27] Complaint (ECF No. 22) at, e.g., 8, 9.
[28] Id. at, e.g., 10, 11.
[29] Id. at 11.
[30] Id. at, e.g., 11, 12.
[31] Id. at 15.
[32] Id. at, e.g., 15, 16.
[33] Id. at 15.
[34] Id. at 16.

Time Location APIs,[35] Location Service APIs,[36] network management software or solutions,[37] and location-based services.[38] Traxcell's Complaint provides far more detailed factual allegations than complaints this Court  and other Courts have previously held to be sufficient.[39]

Of the 20 claim limitations addressed in Traxcell's Complaint,[40] T-Mobile's Mobile specifically addresses only 3 in arguing insufficiency of the infringement-contentions-style allegations.[41]  Further, T-Mobile's argument that for those three claim limitations "Traxcell simply repeats the claim limitation" fails. For example, the referenced accused-systems' "user location database controller"[42] is previously described in the allegations for that patent claim as accused-systems' user location database controllers coupled to multiple radio-frequency transceivers and on which are operated software code (i.e., software products or applications) specifically designed for use by the controllers, for example T-Mobile, Nokia, ALU and HMD Global (or its partners) APIs, Apps, Softwares, SDKs, etc. such as Location APIs, Historical Location Analysis APIs, Real-Time Location APIs, Location Service APIs, etc. as well as network management software or solutions.[43] For further example, the referenced "the mobile wireless communications device"[44] is previously described in the allegations for that patent claim as mobile wireless devices containing RF transceivers in their hardware and thus are capable of receiving and transmitting RF

---

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 20, 21.

[39] *See, e.g., Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 U.S. Dist. LEXIS 44887, at *23 (E.D. Tex. Mar. 1 2017); *Solocron Educ., LLC v. Healthstream, Inc.*, No. 2:16-cv-16-JRG,2016 U.S. Dist. LEXIS 189974, at *12 (E.D. Tex. June 7, 2016);  *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456, at **11, 12 (E.D. Tex. Mar. 8, 2012); *TSI, Inc. v. Azbil BioVigilant, Inc.*, 2012 U.S. Dist. LEXIS 60519, at **7, 8 (D. Ariz., May 1, 2012).

[40] ECF No. 22 at 8–12, 14–18, 20, 21.

[41] Motion (ECF No. 33) at 5.

[42] *Id.* at 5 (quoting, but not citing, Complaint [ECF No. 22] at 17); Complaint (ECF No. 22) at 17.

[43] Complaint (ECF No. 22) at 16.

[44] *Id.* at 5 (quoting, but not citing, Complaint [ECF No. 22] at 17); Complaint (ECF No. 22) at 17.

signals, for example Nokia 8, Nokia 6, Nokia 5, Nokia 3, Nokia 3310 Dual SIM, and Nokia 150.[45]

Further, the language "The following exemplifies the existence of this limitation in Accused

Systems:" of which T-Mobile complains appears in only three claim-limitations discussions,[46] is

simply placeholder language for possible further development of the chart in later converting it to

the Infringement Contentions required by the Local Rules, and no infringement-contentions-style

allegation of the Complaint has only that language; rather, that placeholder language is always

preceded by substantive allegations corresponding to the particular claim limitation.[47]

### B. T-MOBILE'S MOTION FAILS TO PROVE THE COMPLAINT FAILS TO STATE AN INDUCED INFRINGEMENT CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A complaint need not provide a claim-limitation-by-limitation infringement contention in

order to provide the Rule-8-required "*short and plain* statement of the claim showing that the

pleader is entitled to relief" exemplified by the Rules' former model forms; i.e., to allege a

plausible claim; i.e., to allege "enough fact to raise a reasonable expectation that discovery will

reveal evidence of [the legal violation];"[48] i.e., to "place the 'potential infringer . . . on notice of

what activity . . . is being accused of infringement.'"[49]

T-Mobile's implied argument that allegations using the plural use of "Defendant" renders

such allegations void (e.g., T-Mobile argues, "Traxcell alleges only that Defendants are inducing

. . . Indeed, Traxcell fails to provide a single factual allegation that is specific to T-Mobile"[50] and

---

[45] Complaint (ECF No. 22) at 15.

[46] *Id.* at 16, 17.

[47] *Id.*

[48] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *accord Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *Twombly*, 550 U.S. at 556).

[49] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

[50] Motion (ECF No. 33) at

""alleges that 'Defendants have actively encouraged or instructed . . .  It is unclear *which* [emphasis added] of the Defendants induced . . ."[51]) fails. That "Defendants" refers to *all* defendants (which includes T-Mobile) is basic grammar.  Asserting allegations using the plural noun "defendants" is acceptable.[52]

Not surprisingly, T-Mobile cites no legal authority for its Defendants-but-which-Defendant argument.[53] T-Mobile does not need an amended complaint to have fair notice that an allegation referring to "Defendants" refers to T-Mobile (as well as others).

T-Mobile's argument that "Traxcell fails to plausibly claim that Defendants' products and services directly infringe" fails. As discussed previously above in the direct-infringement discussion, Traxcell's Complaint plausibly alleges infringing T-Mobile systems and methods.

Further, Traxcell's Complaint plausibly alleges T-Mobile's inducement of infringement by third parties; i.e., customers, suppliers, and competitors,[54] particularly in light of the type of infringing technology (wireless communications systems).

Further, contrary to what T-Mobile's expresses or implies, "[p]re-suit knowledge is not required to plead induced infringement."[55] Traxcell's Complaint alleges T-Mobile's inducement

---

[51] *Id.*

[52] *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447 (D. Del. Sept. 7, 2018) (stating, "[P]laintiff must also specify '*which* [emphasis added] entity is responsible for any particular infringing activity.'  [Citation omitted]. . . . [A]s its Complaint indicates, [plaintiff] is alleging that both of the Defendants did everything. (Tr. at 51) The allegations must at this stage, be taken as true. Time will tell if plaintiff can prove them."); *Snap-On, Inc. v. Robert Bosch LLC*, No. 09 C 6914, 2012 U.S. Dist. LEXIS 95772, at **8, 9 (N.D. Ill., Dec. 10, 2012) (stating, ". . . Defendants maintain that this allegation is deficient because it does not identify *which* [emphasis added] Defendant sold the aligner. However, [plaintiff]'s use of the collective term 'Defendants,' without distinguishing among the acts of each Defendant, is not fatal to its claim at this stage of the litigation. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (reversing district court's dismissal of a complaint alleging that related defendants had offered an infringing product for sale without identifying which of the defendants had specifically offered the product for sale). Moreover, because this allegation collectively refers to 'Defendants' whereas other allegations target specific defendants by name, we can reasonably infer that [plaintiff] is alleging that the Defendants collectively sold the infringing aligner in the United States.")

[53] *Id.*

[54] Complaint (ECF No. 22) at 12, 13, 18, 19, 22.

[55] *KOM Software Inc. v. NetApp, Inc.*, No. 1:18-cv-160, 2018 U.S. Dist. LEXIS 199388, at *5 (D. Del. Nov. 26, 2018) (internal citation omitted).

is continuing.[56]

Further, T-Mobile's assertion that notice of a patent application cannot give notice of an asserted patent is incorrect. "*State Industries* does not establish a *per se* rule . . . , but rather, 'is in harmony with our prior and subsequent case law, which looks to the 'totality of the circumstances presented in the case.''"[57]   "*State Industries* does not hold that no matter the context, a party's exposure to a patent application cannot give rise to knowledge of the claims in a later-issued patent."

Further, last year the Federal Circuit explained the concerns underlying *State Industries* are no longer valid for patent applications filed on or after November 29, 2000 (here, all of Traxcell's asserted patents were filed well after that date) because of the AIA (America Invents Act) publication rule.[58]

T-Mobile takes its Defendants-which-Defendant argument from its direct infringement discussion (and which this Response discussed above) and reiterates it regarding Traxcell's induced infringement claim, arguing the references to customers, suppliers, and competitors.[59] For similar reasons as discussed above regarding direct infringement, that same argument fails here. Further, even if the Complaint did not (but it does) allege that T-Mobile's customers, suppliers, and competitors were induced, it would still be at least reasonable to infer such.

T-Mobile's specific-intent-to-induce argument fails. Intent may be proven by

---

[56] Complaint (ECF No. 22) at 12, 13, 18, 19, 22.

[57] *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 n.4 (Fed. Cir. 2018) (quoting *Shiley, Inc. v. Bentley Labs., Inc.*, 794 F.2d 1561, 1568 (Fed. Cir. 1986) (quoting *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1577 (Fed. Cir. 1983))).

[58] *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 n.4 (Fed. Cir. 2018); *id.* at 970 (stating, "[Plaintiff] provided sufficient evidence for a reasonable jury to conclude that IPS *did* know of WCM's patents as they issued, *if not earlier*. [Footnote omitted; emphasis added].").

[59] Motion (ECF No. 33) at 10.

circumstantial evidence.[60] Evidence of active steps taken to induce infringement.[61] Here, T-Mobile's patent knowledge and inducing conduct permits a plausible inference of intent.

### C.  T-MOBILE'S MOTION FAILS TO PROVE THE COMPLAINT FAILS TO STATE A WILLFUL INFRINGEMENT CLAIM UPON WHICH RELIEF CAN BE GRANTED.

T-Mobile's argument that Traxcell's willful infringement claim fails to state a claim upon which relief can be granted fails. The direct-infringement and patent-knowledge allegations support a plausible willful infringement claim. That is particularly so because T-Mobile has at least patent knowledge as of the service of the Original Complaint, the First Amended Complaint specifically sets forth detailed infringement-contentions-style allegations showing the infringement, and the First Amended Complaint pleads the infringement is continuing.[62]

### D.  T-MOBILE HAS THE INRINGEMENT CONTENTIONS AS OF TODAY SHOULD IT NEED ANY CLARIFICATIO.

Traxcell served its infringement contentions this day.

### II.    CONCLUSION

For the above reasons, T-Mobile's Motion should be denied.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
    William P. Ramey, III
    Texas Bar No. 24027643
    5020 Montrose Blvd., Suite 750
    Houston, Texas 77006

---

[60] *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009).
[61] *Id.*
[62] Complaint (ECF No. 22) at 12, 13, 18, 19, 22, 23 (referring to "the future infringement").

(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
(713) 547-9100 (telephone)
(713) 547-9150 (fax)
jthomas@hicks-thomas.com

**Attorneys for Traxcell Technologies, LLC**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, April 17, 2019, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III