**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL OY; AND T-MOBILE, USA, INC.,**<br><br>  Defendants. | **CASE NO. 2:18-CV-00412-RWS-RSP** |

**DEFENDANT HMD GLOBAL OY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

## TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Traxcell's Attempt To Serve HMD Through The Texas Secretary Of State Fails Because Traxcell Included A Superseded, Legally Inoperative Complaint ......................... 2

III. Traxcell's Attempt To Serve HMD Through The Hague Convention Fails Because Traxcell Included An Invalid Summons ............................................................................... 3

IV. Actual Notice Is Insufficient To Establish Service Of Process .......................................... 4

V. Conclusion ................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**CASES**

*AGIS Software Dev., LLC v. ZTE Corp.*,
    No. 2:17-CV-00517-JRG, 2018 WL 4053897 (E.D. Tex. July 20, 2018) ............................. 2–3

*Blitzsafe Texas LLC v. Geely Sweden Holdings AB*,
    2:17-cv-420-JRG (E.D. Tex. June 26, 2018) ............................................................................ 5

*C & F Sys., LLC v. Limpimax, S.A.*,
    No. 1:09-cv-858, 2010 U.S. Dist. LEXIS 973 (W.D. Mich. Jan. 6, 2010) ............................... 5

*Charles v. Sanchez*,
    No. EP-13-CV-00193-DCG, 2013 WL 12087219 (W.D. Tex. Aug. 5, 2013) .......................... 4

*Harrison v. Prather*,
    404 F.2d 267 (5th Cir. 1968) .................................................................................................... 5

*King v. Dogan*,
    31 F.3d 344 (5th Cir. 1994) ...................................................................................................... 2

*Margetis v. Ray*,
    No. 3:08–CV–958–L, 2009 WL 464962 (N.D. Tex. Feb. 25, 2009) ......................................... 4

*Marine Geotechnics, LLC v. Williams*,
    No. H–07–3499, 2009 WL 2144278 (S.D. Tex. July 13, 2009) ............................................... 4

*McGuire v. Sigma Coatings, Inc.*,
    48 F.3d 902 (5th Cir. 1995) ...................................................................................................... 5

*Uniloc USA, Inc. v. Avaya Inc.*,
    No. 6:15-CV-1168-JRG, 2016 WL 9245469 (E.D. Tex. Nov. 2, 2016) .................................... 5

**RULES**

Fed. R. Civ. P. 4 ............................................................................................................................. 2

Fed. R. Civ. P. 12 ........................................................................................................................... 5

**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 1093 (4th ed.) ........................................................................................................................ 3

**I.     Introduction**

Traxcell's Response to HMD's Motion to Dismiss (D.I. 49, "Response") tacitly admits that most of Traxcell's service attempts have failed.[1] Traxcell asserts, however, that two of its attempts at service—both of which were presented to the Court long *after* the Court's March 28, 2019 deadline to file evidence of service—are proper. Traxcell is wrong. Indeed, Traxcell's latest attempts suffer from the same deficiencies as its numerous earlier ones.

Traxcell now claims to have effected service on HMD via two mechanisms:[2] service in Finland via the Texas Secretary of State, and service in the UK "under the Hague Convention." Neither attempt constitutes proper service of process under the Federal Rules of Civil Procedure. Traxcell has once again carelessly provided incorrect, outdated, and legally inoperative documents that simply cannot confer jurisdiction over HMD nor compel HMD to enter this case. Worse, Traxcell's Response relies on a sworn declaration from Traxcell's attorney which contains material misrepresentations about the content of these service packages.

Traxcell's serial misstatements to this Court and lackadaisical approach to litigation have severely prejudiced HMD by forcing it to expend resources defending itself in a matter to which

---

[1] Traxcell does not dispute that the packages received by HMD on January 23, 2019; February 19, 2019; and March 26, 2019 all failed to effect service of process, and Traxcell acknowledges that the service attempt by Process Service Network, LLC, which HMD received on April 8, 2019, was defective. (Response at 2, ¶ 4.)

[2] Traxcell additionally claims to have mailed documents to HMD's office in London "in [r]esponse" to the Court's order to effect service, (Response at 2, ¶ 3), but Traxcell provides no proof and HMD has received no Traxcell-related documents at its London office since the February 26, 2019 scheduling conference. If Traxcell is referring to the package sent to "HMD Global" in London on January 23, 2019, that attempt fails for the reasons set forth at pages 12–14 of HMD's Motion to Dismiss for Improper Service (D.I. 44, "Opening Brief"), which Traxcell has not rebutted.

it is not a party, before the Court has even taken jurisdiction over HMD. HMD respectfully requests dismissal from this case.

## II. Traxcell's Attempt To Serve HMD Through The Texas Secretary Of State Fails Because Traxcell Included A Superseded, Legally Inoperative Complaint

Traxcell asserts that it "served HMD through the Texas Secretary of State with its First Amended Complaint and the proper summons."[3] (Response at 2.) Traxcell's counsel, William P. Ramey III, attests to the same, under penalty of perjury. (*See* Declaration of William P. Ramey III ("Ramey Decl.") at ¶ 8.)

HMD did, in fact, just receive a package at its Finland office on April 24, 2019, sent by registered mail from the Texas Secretary of State. (*See* Declaration of Jari Koljonen ("Koljonen Decl.") at ¶ 2; Koljonen Exhibit 3.) The package did *not*, however, include a copy of the Amended Complaint. (Koljonen Decl. at ¶ 2; Koljonen Exhibit 3.) Rather, the package included a copy of the *Initial Complaint*, (Koljonen Decl. at ¶ 2; Koljonen Exhibit 3), which is of no effect. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."[4] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "'[S]ervice of a superseded complaint with the summons does not fulfill the requirements of [Rule 4]' as 'a superseded complaint is a mere scrap of paper.'" *AGIS Software Dev., LLC v. ZTE Corp.*, No.

---

[3] Traxcell's opposition papers for the first time allege that a mechanism exists for service on HMD within the United States, *i.e.*, via the Texas Secretary of State. Since, as set forth in this section, Traxcell provided the wrong documents to the Secretary of State and thereby rendered service ineffective, HMD need not take a position on whether that mechanism is proper. Regardless, HMD notes that Traxcell's Initial Complaint was filed on September 26, 2018 so the 90-day deadline of Federal Rule of Civil Procedure 4(m) for any service method within the United States has long passed.

[4] As explained in HMD's Opening Brief at page 14, Traxcell's Amended Complaint does not adopt or incorporate by reference the Initial Complaint.

2:17-CV-00517-JRG, 2018 WL 4053897, at *3 n.3 (E.D. Tex. July 20, 2018) (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1093 (4th ed.))

Because Traxcell provided the incorrect document to the Texas Secretary of State, proper service cannot possibly result. Accordingly, Traxcell's request for a "60-day extension to serve Defendant until May 27, 2019 to effect service as the Whitney Certificate is expected back from the Texas Secretary of State shortly," (Response at 3), should be denied as futile. Furthermore, Mr. Ramey's misrepresentation—under oath—regarding the contents of the package further demonstrates the confusion and frustration Traxcell has sown, even before HMD has become a party.[5]

The Court has already provided Traxcell with a reasonable service deadline that Traxcell has failed to meet. Regardless, Traxcell's latest attempt at service was just as ineffective as its previous attempts. HMD respectfully asks the Court to end Traxcell's pattern of harassment by dismissing HMD from this case.

### III. Traxcell's Attempt To Serve HMD Through The Hague Convention Fails Because Traxcell Included An Invalid Summons

Traxcell claims that it "received a Certificate from the Hauge [sic] Convention that HMD Global OY UK Branch … was served on April 8, 2019." (Response at 2.) Traxcell filed this purported evidence of service as D.I. 46 on April 18, 2019. But a cursory review of D.I. 46 shows that it does not demonstrate service on April 8, 2019. Rather, while the certificate bears a

---

[5] It bears noting that, although Traxcell bears the burden of demonstrating service, Traxcell has yet to provide the Court with documentary evidence of the contents of any of the packages it has sent to HMD, while the evidence provided by HMD demonstrates that none of the packages sent to HMD constitute service of process.

3

stamp dated April 8, 2019, it states that "the document has been served the (date) 05 February 2019." (D.I. 46.)

D.I. 46 does not specify what documents were "served" on February 5, 2019.[6] However, the February 5, 2019 service date ensures that proper service could not have been effected because Traxcell did not obtain a summons for HMD Global Oy until February 27, 2019, and it was not until March 20, 2019—six weeks after the February 5 date—that Traxcell obtained a properly addressed summons for HMD Global Oy. (*See* D.I. 35;[7] Opening Brief at 6–7, 17.) The only summons that could have accompanied the February 5, 2019 delivery was a summons bearing the wrong party—the non-existent "HMD Global"—a party that Traxcell has since dropped from this case. (*See* D.I. 22.) Process is defective where the party to be served is improperly named in the summons. *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *2 (W.D. Tex. Aug. 5, 2013) (citing *Marine Geotechnics, LLC v. Williams*, No. H–07–3499, 2009 WL 2144278, at *2 (S.D. Tex. July 13, 2009) and *Margetis v. Ray*, No. 3:08–CV–958–L, 2009 WL 464962, at *4 (N.D. Tex. Feb. 25, 2009)).

### IV.     Actual Notice Is Insufficient To Establish Service Of Process

Traxcell asks the Court to excuse its failure to properly serve HMD, requesting that the Court "deem HMD served as HMD has actual Notice of the Complaint and has participated in

---

[6] If D.I. 46 refers to the package sent to "HMD Global" and received in London on February 4, 2019, the defective content of that package was already discussed at pages 13–14 of the Opening Brief.

[7] Traxcell states in its Response that after the Court ordered service on all defendants by March 28, 2019, Traxcell "immediately issued a new summons in the name of HMD Global Oy," (Response at 1, ¶ 1), but neglects to mention that Traxcell provided the Court with an incorrect address for HMD, rendering ineffective the summons Traxcell originally requested on February 27, 2019. Traxcell inexplicably did not correct this error and provide a proper address to the Court until March 20, 2019, only eight days before the Court's service deadline.

these proceedings." (Response at 3.) HMD respectfully asks the Court to deny Traxcell's request.

First, HMD has not entered an appearance in this case, nor waived its defenses regarding service. Under Federal Rule of Civil Procedure 12(b), "there is no longer any necessity for appearing specially to protest the court's jurisdiction" and "[a]ll objections to jurisdiction and process may be set up in a motion or answer without waiving any of them." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). Just as Traxcell should not be rewarded for its dilatory tactics, HMD should not be penalized for its efforts to correct Traxcell's misrepresentations of service made to this Court at HMD's expense.

Second, actual notice of the claim is insufficient to establish service of process. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995). Denying a motion to dismiss for lack of service on the basis of actual notice "would completely vitiate Rule 12(b)(5), as any party that files a motion to dismiss for insufficient service of process necessarily has actual notice of the pending legal proceedings it seeks to have dismissed." *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-1168-JRG, 2016 WL 9245469, at *2 (E.D. Tex. Nov. 2, 2016). While Traxcell appears to view service of process as a nuisance that may be dispensed with at the Plaintiff's convenience, it is, as Judge Gilstrap described, "a privilege of the Defendants and one which they are entitled to insist upon." *Blitzsafe Texas LLC v. Geely Sweden Holdings AB*, 2:17-cv-420-JRG, D.I. 83, slip copy at 2–3 (E.D. Tex. June 26, 2018) (quoting *C & F Sys., LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 U.S. Dist. LEXIS 973, at *3 (W.D. Mich. Jan. 6, 2010)).

### V. Conclusion

HMD has never been provided with a legally operative summons and complaint. To be clear, HMD has not attempted to evade proper service—rather, Traxcell's counsel has refused to exercise reasonable diligence to ensure legally-operative service of process. Traxcell waited

months to first request a summons for HMD.  Thereafter, Traxcell has sent inoperative documents to HMD willy-nilly, disregarding the Court's generous service deadline and failing to seek an extension of it until long after it passed.  Six failed attempts at service are enough.  For the above reasons, HMD respectfully requests that the Court dismiss HMD from this case.

| | |
|---|---|
| Dated: April 26, 2019 | */s/ William J. McCabe*<br>WILLIAM J. MCCABE<br>WMcCabe@PerkinsCoie.com<br>MATTHEW J. MOFFA<br>MMoffa@PerkinsCoie.com<br>THOMAS V. MATTHEW<br>TMatthew@PerkinsCoie.com<br>PERKINS COIE LLP<br>30 Rockefeller Plaza, 22nd Floor<br>New York, New York 10112-0085<br>Phone: (212) 262-6900<br>Fax: (212) 977-1649<br><br>*Attorneys for Defendant HMD Global Oy* |

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2019.

*/s/ William J. McCabe*
William J. McCabe