UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOKIA SOLUTIONS AND ) <br> NETWORKS US LLC; NOKIA ) <br> SOLUTIONS AND NETWORKS OY; ) <br> NOKIA CORPORATION; NOKIA ) <br> TECHNOLOGIES OY; ) <br> ALCATEL-LUCENT USA, INC.; HMD ) <br> GLOBAL; AND HMD GLOBAL OY, ) <br> Defendants. ) | Civil Action No. 2:18-cv-412 <br><br> JURY TRIAL DEMANDED |

**BRIEFING ON WHY HMD IS SERVED, IS A PROPER PARTY AND WHY THE CELL PHONES INFRINGE**

**I.    HMD Is Served**

Under the Federal Rules of Civil Procedure, a foreign corporation may be served "in a judicial district of the United States: in the manner prescribed by Rule 4(e)(1) for serving an individual."[1]  Rule 4(e)(1) provides that service is proper "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[2] Under Texas law, the Texas Secretary of State is a proper agent for service of process on a nonresident, such as HMD, who engages in business in Texas in a proceeding (such as this one) that arises out of his business done in this state and to which he is

---

[1]   Fed. R. Civ. P. 4(h)(1).
[2]   Fed. R. Civ. P. 4(e)(1).

a party.[3] The official Certificate from the Secretary showing the date he forwarded the summons and complaint to the defendant conclusively establishes effective service.[4] Accordingly, applying the Texas state law to Federal Rule of Civil Procedure 4(e)(1), proper service on the Secretary establishes proper service on a foreign corporate defendant.[5]

In this case, on May 2, 2019, the Court granted Plaintiff's request to provide evidence of service through the Texas Secretary of State and to provide authority that such service is effective on HMD in this case.[6] Prior to that, in HMD's April 26, 2019 Reply, HMD admitted receipt on April 24, 2019 of Plaintiff's Original Complaint.[7] HMD admitted the Texas Secretary of State sent the Original Complaint by registered mail.[8] HMD did not dispute that this constituted effective service of the Original Complaint.[9] Nor could they, as the certificate of service from the Texas Secretary of State established conclusively that the Secretary received the

---

[3] Texas Civil Practice & Remedies Code (CPRC) section 17.044(a)(1), (b) (making the Texas Secretary of State a proper agent for service of process for a nonresident party such as HMD).

[4] See Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 466 (Tex. 2004) citing Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex. 1986).

[5] See Aten Int'l Co. v. Emine Tech. Co., 261 F.R.D. 112, 121 (E.D. Tex. 2009) (ruling that service on the Texas Secretary of State was a proper method of service for a foreign corporate patent infringement defendant).

[6] Scheduling conference transcript at 27. That decision eliminates HMD's argument that the time limit under Rule 4(m) applies, because the rule permits the Court to extend the time for service. See Fed. R. Civ. P. 4(m); Dkt. No. 51 at 5 n.3.

[7] Dkt. No. 51 at 5.

[8] Dkt. No. 51 at 5.

[9] See Dkt. No. 51 at 5.

summons and Original Complaint on April 8, 2019, forwarded it on April 9, 2019 and received the return receipt dated April 24, 2019.[10]

HMD exaggerated the importance that, inadvertently, Plaintiff first provided the Secretary with the Original Complaint instead of the First Amended Complaint.[11] HMD's cited cases involve situations where an amended complaint superseded the original complaint because 1) it did not adopt or incorporate by reference the original complaint and 2) it contained new or different causes of action or factual assertions.[12] For example, in *AGIS Software Dev., LLC v. ZTE Corp*[13] the amended complaint "add[ed] several new legal theories, a new defendant [who was a wholly owned subsidiary of the original defendant], and a new asserted patent."[14] That is a completely different situation that in the instant case where the First Amended Complaint changed no factual assertions against HMD. The only changes were to

- Drop the named party "HMD Global" after HMD complained that "HMD Global" was a non-existent entity;

---

[10] *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) citing *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986).
[11] *See* Dkt. No. 51 at 5-6.
[12] *See id.*; Dkt. No. 44 at 19.
[13] No. 2:17-CV-00517-JRG, 2018 WL 4053897, at *3 n.3 (E.D. Tex. July 20, 2018)
[14] *Id*.

- Add T-Mobile as a party. T-Mobile, however, is not a subsidiary or otherwise related to HMD, and the new patent infringement allegations against T-Mobile do not implicate HMD;
- Add a statutory basis for the venue allegation. The change is at paragraph 23:
    - "Venue is proper as to HMD Global OY in this district under 28 U.S.C. §§ 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this District." Original Complaint, Dkt. No. 1 at ¶23.
    - "Venue is proper as to HMD Global OY in this district under 28 U.S.C. §§ 1391(b)(c)(f) and 1400(b) because Defendant has committed acts of infringement and is a foreign corporation with business activities in this District." First Amended Complaint, Dkt. No. 22, at ¶23.

Thus, while the First Amended Complaint does not use "magic words" such as "adopt," HMD's notice regarding the identical causes of actions and factual allegations from the Original Complaint never changed.[15] Accordingly, service was

---

[15] *See Stephenson v. Caterpillar Inc.*, No. 2:16-CV-00071-JRG-RSP, 2018 U.S. Dist. LEXIS 211874 at *4 (E.D. Tex. Nov. 27, 2018) (where amended and original complaint's statutory indemnity claims were identical, Court considered arguments on the merits).

effective at least by April 9, 2019 when the Certificate shows the Texas Secretary of State forwarded the summons and Original Complaint.[16]

Even if the Original Complaint's service is not considered, Plaintiff served the Texas Secretary of State with the First Amended Complaint on May 6, 2019, and the Secretary forwarded it on May 7, 2019.[17] The Certificate from the Secretary is conclusive proof establishing service under Texas and Federal law.[18] It is of no concern under Texas law that citation and return are not on file with the Secretary.[19] A certificate such as the one here conclusively establishes that process was served.[20] Accordingly, Plaintiff respectfully submits it has met the Court's request for evidence of service on the Texas Secretary of State and authority that such service is effective on HMD Global Oy in this case.

## II. HMD Is A Proper Party

The Court also requested briefing on the question of joinder under 35 U.S.C. § 299.[21] That section of the Patent code reads:

---

[16] *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding that "[w]hen substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf").
[17] Dkt. No. 59, Certificate of Texas Secretary of State dated May 23, 2019.
[18] *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding that "[w]hen substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf"); *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009) (ruling that service on the Texas Secretary of State was a proper method of service for a foreign corporate patent infringement defendant).
[19] *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).
[20] *Id.*
[21] Scheduling conference transcript at 27.

> (a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—
>
>> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same ***transaction, occurrence, or series of transactions or occurrences*** relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>>
>> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.[22]

As explained at the Scheduling Conference, joinder is appropriate under the same transaction or occurrence provision of § 299.[23] HMD sells wireless handsets through various websites, including in Texas, under the brand Nokia. These handsets are sold to work on wireless networks such as those operated by T-Mobile. The T-Mobile wireless network uses Nokia parts. This combination of handset, network, and equipment make up the components of, for example, a "wireless communications system" as claimed in claim 1 of the '388 patent.[24] While the AIA codified the same series of transactions or occurrences test, the relationship between

---

[22] 35 U.S.C. § 299
[23] *Id.* at 10; *see* 35 U.S.C. § 299(a)(1).
[24] *See* Dkt. No. 1-1 at 157, claim 1.

the parties "does not need to be so entwined that they are working in concert" to support joinder.[25]

The Federal Circuit held, in the context of Federal Rule of Civil Procedure Rule 20, that the same transaction or occurrence test requires a "logical relationship" between the claims.[26] That test is met if "there is substantial evidentiary overlap in the facts giving rise to the case of action against each defendant."[27] Here, there is a logical relationship between the parties supporting joinder.[28] Like the case in *In re EMC*, here there are "alleged acts of infringement occur[ing] during the same time period" and there are common components between the defendants systems. Not all cell phone handsets are capable of providing the location information that the HMD handsets are able to provide. That information is delivered via the Nokia equipment over the T-mobile network. Thus, there is a common transaction or occurrence between the defendant entities when then system is in use. The Court in *Smartflash L.L.C. v. Apple, Inc.* considered this issue in the context of cell phone application programs designed for use on Apple products.[29] Even though the three application development defendants worked independently, they were properly joined because

---

[25] *Smartflash L.L.C. v. Apple, Inc.*, No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 185268 at *9-10 (E.D. Tex. Apr. 4, 2014).
[26] *In re EMC Corp.*, 677 F.3d 1351, 1357-58 (Fed. Cir. 2012).
[27] *Id.*
[28] *See Smartflash L.L.C. v. Apple, Inc.*, No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 185268 at *9-10 (E.D. Tex. Apr. 4, 2014).
[29] *Id.*

they all used the same "framework" to make their applications.[30] The Court considered this to meet the "logical relationship" requirement for joinder under § 299.[31] Similarly, here there is a logical relationship between the hardware, software, and handset providers to support joining them in one lawsuit. Moreover, there will be common questions of facts related to each party due to the nature of the infringing systems. Accordingly, joinder of HMD with the other defendants is proper in this case.

### III. Conclusion

Plaintiff satisfied the service requirement of this Court and Federal law. Service is now effective under *Campus Invs., Inc. v. Cullever*. HMD and the other defendants continue to infringe under the same set of transactions and occurrences. Thus, they are appropriately joined in this suit. Plaintiff asks that this case continue to proceed.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

---

[30] *Id*. at *11-12.
[31] *Id.*

        John B. Thomas
        jthomas@hicks-thomas.com
        Texas Bar No. 19856150
        Hicks Thomas LLP
        700 Louisiana Street, Suite 2000
        Houston, Texas 77002
        Telephone: (713) 547-9100
        Facsimile: (713) 547-9150

***Attorneys for Traxcell Technologies, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, May 28, 2019, with a copy of the foregoing via the Court's CM/ECF system.

        /s/ William P. Ramey, III
        William P. Ramey, III