**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br><br>     Plaintiff,<br><br>   v.<br><br>NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL OY; AND T-MOBILE USA, INC.<br><br>     Defendants. | Case No. 2:18-CV-0412-RWS-RSP |

## **T-MOBILE'S BRIEFING ON MISJOINDER**

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................................. 1

III.   ARGUMENT ....................................................................................................................... 3

Pursuant to this Court's Order (D.I. 52), Defendant T-Mobile USA, Inc. ("T-Mobile") hereby responds to Plaintiff Traxcell Technologies, LLC's ("Traxcell" or "Plaintiff") Briefing on Service and Joinder (D.I. 60) regarding the improper joinder of T-Mobile.

## I.    INTRODUCTION

Traxcell initially brought suit against Nokia and HMD, later adding allegations against T-Mobile.  T-Mobile opposes joinder because there are no questions of fact common to all three defendants, nor do the claims arise out of the same transaction, occurrence, or series of transactions.  T-Mobile purchases some network equipment from Nokia.  And Nokia and HMD purportedly have a relationship related to Nokia branded wireless devices.  But T-Mobile has no relationship with HMD, and Traxcell's claims of infringement against T-Mobile have no relation to Nokia and HMD's alleged relationship related to Nokia branded wireless devices.  As there is no connection between all of the parties and the accused infringement, joinder is therefore not appropriate.  Indeed, Traxcell said it best:

> "We are suing T-Mobile for infringement *that is different than* the infringement for which we are suing Nokia."
>
>   - Ex. 1 (Email from Traxcell's counsel to T-Mobile's counsel) (emphasis added)
>
> "T-Mobile, however, is not a subsidiary or otherwise related to HMD, and *the new patent infringement allegations against T-Mobile do not implicate HMD*."
>
>   - D.I. 60 at 4 (Traxcell's briefing on service and joinder) (emphasis added)

For the reasons set forth below, T-Mobile believes that joinder is not appropriate.

## II.   FACTUAL BACKGROUND

Traxcell originally brought suit against Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, Nokia Corporation, Nokia Technologies Oy, Alcatel-Lucent USA

1

Inc. (collectively, "Nokia"), HMD Global, and HMD Global Oy (collectively, "HMD") alleging infringement of three patents: U.S. Patent Nos. 9,888,353 ("the '353 patent") 9,918,196 ("the '196 patent"), and 9,549,388 ("the '388 patent"). *See* D.I. 1.

On February 21, Traxcell filed a First Amended Complaint, adding allegations against T-Mobile for the '353 patent and the '196 patent (but <u>not</u> the '388 patent).[1] A comparison of the original complaint to the amended complaint shows that Traxcell merely added jurisdictional allegations against T-Mobile, and the occasional word "T-Mobile" to the claim charts. *See* D.I. 50-1 (redline of complaint to amended complaint). The substance of the allegations was unchanged, with Traxcell routinely lumping the Defendants together as a single entity. The allegations in the complaint did not identify any accused products or services; thus there was no way to discern whether or not joinder was appropriate.

In light of the seeming similarity of the claims against T-Mobile and Nokia, T-Mobile sought a stay from Traxcell as one of Nokia's customers. *See* Ex. 1. In response, Traxcell stated that it would be opposed to a stay because "We are suing T-Mobile for infringement ***that is different than*** the infringement for which we are suing Nokia." *Id.* (emphasis added). T-Mobile then filed a motion to dismiss for failure to state a claim that is pending. D.I. 33. In the meantime, Traxcell served infringement contentions against T-Mobile and the other parties. These contentions confirmed that Traxcell was in fact suing T-Mobile for infringement that is different than the infringement for which they were suing Nokia and HMD. At the status conference on May 2, upon hearing the defendants' concerns regarding service and joinder, the Court ordered this briefing.

---

[1] Traxcell asserted the '388 patent against T-Mobile in a different action. *See Traxcell Technologies, LLC v. T-Mobile USA, Inc.*, Case No. 2:17-cv-00720 (E.D. Tex.).

## III.  ARGUMENT

In the patent infringement context, accused infringers may only be joined if the right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences relates "to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," **and** "questions of fact common to **all defendants** or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a) (emphasis added). Accused infringers may not be joined on the sole basis that they have each infringed the patents-in-suit. § 299(b). "These requirements alone, however, are not sufficient, and a court may still refuse joinder to avoid prejudice and delay, ensure judicial economy, or safeguard principles of fundamental fairness. In fact, courts have an obligation to look at these considerations." *Salazar v. HTC Corp.*, No. 2:16-CV-01096, 2017 WL 3593789, at *2 (E.D. Tex. Aug. 20, 2017).

Traxcell's infringement contentions point to disparate parts of a wireless network in an attempt to cobble together an argument for joinder. Specifically, Traxcell argues that HMD sells Nokia branded wireless devices that are capable of working on a T-Mobile network. D.I. 60 at 6. Notably, Traxcell acknowledges that "T-Mobile, however, is not a subsidiary or otherwise related to HMD." *Id*. at 4. Traxcell then argues that T-Mobile purchases network equipment (<u>not</u> wireless devices) from Nokia. *Id* at 6. Traxcell then concludes that this "combination of handset, network, and equipment make up the components of, for example, a 'wireless communications system' as claimed in claim 1 of the '388 patent," sufficient for joinder purposes. *Id*. There are a number of problems with this argument.

First and foremost, none of this information is contained within Traxcell's complaint. *See* D.I. 22. Traxcell's complaint provides no allegations as to how any of the defendants are purportedly related to each other, how the claim elements relate to each defendant, or how those

3

elements intertwine.  Rather, in the complaint, Traxcell asserts that *each* defendant provides *each* element.  *See, e.g.,* D.I. 22 at 13 (asserting infringement based on "T-Mobile, Nokia, ALU and HMD Global wireless communications devices Cellular (or SON) Networks - TMobile, Nokia, ALU and HMD Global wireless communications devices Location APIs, Softwares, Apps, SDKs, etc. as well as other Network Location APIs or Softwares offered by T-Mobile, Nokia, ALU and HMD Global, T-Mobile, Nokia, ALU and HMD Global wireless communications devices Base Stations / Towers / Small Cells / DAS etc. (examples of different types of compatible, T-Mobile, Nokia, ALU and HMD Global Small or Femto cells; as well as other similar products of third-parties sold (or offered or used) by T-Mobile, Nokia, ALU and HMD Global.").  Because such allegations are not part of the complaint, they cannot be used to justify joinder.  *See Panoptis Patent Management, LLC v. Blackberry Corporation*, 2017 WL 780885, at *2 (E.D. Tex. Feb. 10, 2017) (in a motion to dismiss, finding that Plaintiff could not use the infringement contentions to provide more detail to the complaint because "complaint—not motions, expert reports, or infringement contentions—governs scope of litigant's claim").

Second, the '388 patent is not asserted against T-Mobile in this litigation.  *See* D.I. 22 at n.1 ("Plaintiff is not asserting the '388 patent against T-Mobile in this cause of action.").  Thus, whatever connection between the parties Traxcell has imagined for the '388 patent is not relevant for joinder purposes.  Traxcell has made no showing that joinder is appropriate for any of the claims asserted against all three parties (the '196 patent and the '353 patent).

Third, T-Mobile has no relation to HMD, as Traxcell openly admits.  D.I. 60 at 4 ("T-Mobile, however, is not a subsidiary or otherwise related to HMD.").  HMD's relationship with Nokia (as a seller of wireless devices) has no connection to Nokia's relationship with T-Mobile (as a provider of network equipment).  Traxcell cannot use T-Mobile's unrelated relationship with

4

Nokia (via network equipment) to wrap T-Mobile into some dispute involving Nokia and HMD (regarding wireless devices). It is certainly not enough that HMD's devices can be used on T-Mobile's network, because "[g]iven the nature of this industry, particularly the fact that individual products or processes must be able to integrate into a larger system . . . there must be some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299." *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086, 2017 WL 3709095 (E.D. Tex. Feb. 3, 2017). This is no different than if Traxcell had sued Apple as a manufacturer of wireless devices in place of HMD. There is clearly no relationship between Nokia's network equipment and HMD's wireless devices. The fact that Nokia and HMD have some unrelated relationship as to HMD's wireless devices does not change that fact. Indeed, Traxcell itself, in trying to justify its service attempts, argues that "the new patent infringement allegations *against T-Mobile do not implicate HMD*" (D.I. 60 at 4), demonstrating that joinder is not appropriate.

Further, Traxcell attempts to argue that there is something unique as to the handsets sold by HMD. *See* D.I. 60 at 7 ("Not all cell phone handsets are capable of providing the location information that the HMD handsets are able to provide."). But, even if the HMD handsets are able to provide some sort of special location information, it is unclear how that information relates to any of the claims asserted against T-Mobile. Moreover, Traxcell's infringement contentions belie that there is nothing unique about the HMD handsets.

The '353 patent relates to a "user location database controller" that determines a location of a mobile wireless device. *See* D.I. 22-2 at claim 1. According to Traxcell's allegations against T-Mobile, the accused user location databases do <u>not</u> have any relation to HMD handsets. *See* Ex. 2 (Ex. C to SON contentions) ("For theories of direct infringement, Plaintiff contends that an

5

accused user location database controller corresponds to a computer . . . on which one or more softwares or solutions such as T-Mobile (and/or Metro PCS) LBS softwares or applications (for example, T-Mobile 9-1-1/ Enhanced 9-1-1 Services, T-Mobile Coverage Map, T-Mobile FamilyWhere, etc.); Nokia Eden-NET SON Solutions (Link) – (i.e., Eden Rock's Eden-NET SON, Nokia iSON Manager, Nokia NetAct including NetAct Advanced Configurator, NetAct Optimizer, NetAct Advanced Monitor, etc.); any other third-party LBS softwares or applications, etc. as well as APIs or Softwares OR SDKs provided by T-Mobile or its partners such as LocationLabs, LocationSmart, etc., have been loaded."); Ex. 3 (Ex. C to WLAN contentions) (same). Moreover, Traxcell has not even identified HMD handsets (or Nokia branded handsets) as an accused wireless device in its contentions against T-Mobile. *See* Ex. 4 (Ex. B to SON contentions); Ex. 5 (Ex. B to WLAN contentions). Thus, T-Mobile's purported infringement of the '353 patent is entirely unrelated to HMD.

Likewise, the '196 patent relates to a directional assistance service. *See* D.I. 22-3 at claim 1. As asserted against T-Mobile in Traxcell's infringement contentions,[2] the accused products are Apple Maps, Google Maps, and T-Mobile's E911 system. Of these, Traxcell has not alleged infringement of either Apple Maps or T-Mobile's E911 system against Nokia or HMD. Thus, the three defendants only have Google Maps in common. Google Maps does not have any special relation to HMD devices. Indeed, in its infringement contentions, Traxcell asserts that essentially every wireless device is an accused "wireless mobile communications device." *See* Ex. 6 (Ex. B to Google Maps contentions); Ex. 7 (Ex. B-1 to Google Maps contentions); Ex. 8 (Ex. B-2 to Google Maps contentions). "The fact that the products are the same is not sufficient. The claims against each independent defendant must 'share an aggregate of operative facts.'" *Jones v.*

---

[2] None of these are mentioned or discussed in Traxcell's complaint against T-Mobile.

*Samsung Elecs. Am., Inc.*, No. 4:16-CV-111, 2016 WL 9281363, at *1 (E.D. Tex. Sept. 1, 2016). Permitting joinder simply on the basis that HMD's wireless devices may run Google Maps and T-Mobile's network may support HMD's wireless devices opens the door to the joinder of every wireless device manufacturer identified in Traxcell's Exhibit B into this suit. *See Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 616-CV-00086, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017).

The cases cited by Traxcell are inapposite. In *In re EMC Corporation*, the Federal Circuit explicitly did not decide the issue under 35 U.S.C. § 299, as that statute was enacted after the case was filed. *In re EMC Corporation*, 677 F.3d 1351, 1356 & n.4 (Fed. Cir. 2012) ("As discussed above, we do not decide today whether the new joinder provision at 35 U.S.C. § 299 changes the test for joinder of defendants in patent infringement actions"). Moreover, the court made no ruling as to whether joinder was or was not appropriate in that circumstance, instead remanding as the district court had applied the wrong standard and noting that "whether the alleged acts of infringement occurred during the same time period" could be a pertinent factor. *Id*. at 1359. And in *Smartflash LLC v. Apple, Inc.*, three of the four defendants used the "Store Kit framework" provided by Apple (the fourth defendant) to develop mobile device apps. *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, 2014 WL 4421657, at *3 (E.D. Tex. Sept. 8, 2014). This situation is clearly distinct from here, where T-Mobile is connected to Nokia via network equipment, while HMD is connected to Nokia via mobile devices. There is simply no overlap.

For the foregoing reasons, joinder of T-Mobile is not proper.

Dated: June 11, 2019            Respectfully,

/s/ *Jacob K. Baron with permission,*
*by Michael E. Jones*
Jacob K. Baron
jacob.baron@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5(a)(3) on June 11, 2019. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                                 */s/ Michael E. Jones*