**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NOKIA SOLUTIONS AND NETWORKS US LLC; NOKIA SOLUTIONS AND NETWORKS OY; NOKIA CORPORATION; NOKIA TECHNOLOGIES OY; ALCATEL-LUCENT USA, INC.; HMD GLOBAL OY; AND T-MOBILE, USA, INC., <br><br> Defendants. | Civil Action No.: 2:18-CV-412-RWS-RSP |

## DEFENDANTS NOKIA OF AMERICA CORP AND NOKIA SOLUTIONS AND NETWORKS OY'S OPPOSITION TO TRAXCELL'S MOTION FOR JOINDER

Pursuant to the hearing before this Court on May 2nd and the Court's related order at Dkt. 52, Nokia Solutions US LLC (now Nokia of America Corp.) and Nokia Solutions and Networks Oy (collectively, "Nokia")[1] respectfully submit this Opposition to Traxcell Technologies LLC's ("Traxcell") Motion regarding Joinder (Dkt. 60).[2]

## I.   **INTRODUCTION**

The joinder issue presented to the Court turns on Traxcell's decision to file an amended complaint alleging patent infringement against three unrelated parties—Nokia, HMD Global Oy ("HMD"), and T-Mobile USA Inc. ("T-Mobile")—for dissimilar and, as pled, unrelated acts. Traxcell has not pled that Nokia has any relationship with HMD relevant to this dispute, nor has Traxcell pled that HMD has any relationship with T-Mobile relevant to this dispute. Instead, Traxcell's theory is that because an HMD cellular device could possibly be used on T-Mobile's network, which could possibly be used with Nokia networking equipment, that the parties are jointly liable for infringing patents which recite in their claims a "wireless communications system." (Mot. at 6 ("These handsets are sold to work on wireless networks such as those operated by T-Mobile. . . . This combination of handset, network, and equipment make up the components of, for example, a 'wireless communications system'").) But this theory was first articulated in Traxcell's Motion, and Traxcell has not pled facts sufficient to support its argument. Even if Traxcell's Amended Complaint were sufficient (and it is not), the connection Traxcell identifies between the parties in its Motion is too tenuous to support joinder under 35 U.S.C. 299.

---

[1]  Traxcell has agreed to dismiss its claims against the other named Nokia entities—Nokia Corporation and Nokia Technologies Oy.

[2]  Traxcell's motion discusses two issues:  (1) the proprietary of Traxcell's attempts to serve HMD abroad, and (2) whether Traxcell properly joined HMD, T-Mobile, and Nokia together in this case under 35 U.S.C. 299.  This Opposition only relates to Traxcell's attempted joinder of the three Defendants.

## II.   **ARGUMENT**

In 2011 Congress passed and the President signed into law the Leahy-Smith America Invents Act (AIA), which made significant changes to the patent laws and, particularly, to the joinder rules for patent cases.  The legislative history of the AIA explains that the modifications to the rules for joinder in patent cases address "problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits."[3]  The AIA itself states that parties may be joined **only if** "any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process."  35 U.S.C. 299(a)(1).

Here, Traxcell does not allege that the Defendants infringe by virtue "of the same accused product or process."  Rather, Traxcell argues in its Motion that each of the Defendants provide a single purportedly necessary element of the claims. (Mot. at 6.)  That argument, however, is inconsistent with Traxcell's own complaint, which argues that **both** Nokia and HMD provide the claimed wireless devices.   (Dkt. 22 at 8 ("This element corresponds to a wireless mobile communication device—including but not limited to **Nokia, ALU and HMD Global wireless communications devices**").)  Further, Traxcell's infringement allegations in its complaint are **not** limited to infringement through the **combination** of the Defendants' products as Traxcell argues in its Motion.  Instead, Traxcell admits that the accused wireless devices are "including but not limited to" Nokia and HMD devices.  *Id.*

---

[3]  https://www.govinfo.gov/content/pkg/CRPT-112hrpt98/html/CRPT-112hrpt98-pt1.htm.

Nor did Traxcell allege that the accused products from the various Defendants work together in any particular or specialized manner.  Indeed, Traxcell alleged that the accused "transceivers" can be used with any "wireless cellular communication network, **such as** Sprint, AT&T, Verizon, or T-Mobile".  (Dkt. 22 at 8; *see also* Mot. at 6 ("These handsets are sold to work on wireless networks such as those operated by T-Mobile").)  Traxcell's identification of Google Maps in its complaint does not tie the actions of HMD to either T-Mobile or Nokia.  (*E.g.*, Dkt. 22 at 9.)  For example, Traxcell does not allege that either Nokia or T-Mobile are even aware that a user is using Google Maps on her mobile device.

Further, it would be *impossible* for Traxcell to argue that each Defendant must work together to infringe the asserted patents because Traxcell has not even alleged in this case that T-Mobile infringes the '388 patent.  (Dkt. 22 at 7 n.1 ("Plaintiff is not asserting the '388 patent against T-Mobile in this cause of action.").)  Traxcell asserted that patent against T-Mobile in a separate action involving neither HMD nor Nokia, which is inconsistent with Traxcell's argument that both parties should be joined with T-Mobile here.

Because Traxcell has not pled that Nokia, HMD, and T-Mobile are any more than tenuously connected together with respect to its infringement claims, Traxcell's complaint joining all three parties should be dismissed without prejudice.  Traxcell's theory of joint infringement would implicate tens if not hundreds of different parties for each component of the cellular networking system,[4] and permitting joinder of those parties in a single case is an outcome that the AIA was specifically enacted to prevent.  *See Realtime Data, LLC v. Hewlett*

---

[4] Ex. 1, May 2, 2019 Status Conf. Tr. at 10:15-21 ("THE COURT: Well, is there any difference between the role of HMD cell phones in this infringement and any other cell phones? In other words, could you also include, based on the same theory, any manufacturer of cell phones?  MR. RAMEY: Yes, Your Honor, in our opinion, we could.").

*Packard Enter. Co.*, No. 616CV00086RWSJDL, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017) ("Joining HPE/HPES and Silver Peak on these facts would open the door to allow Plaintiffs to assert joinder of HPE/HPES in combination with literally ***thousands*** of other independent companies on the sole basis that they have a 'marketing alliance.'  Given the nature of this industry, particularly the fact that individual products or processes must be able to integrate into a larger system (for instance, software must be tested to ensure it is combinable with hardware), there must be some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299.") (emphasis in original).

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Nokia respectfully requests that the Court deny Traxcell's Motion for Joinder and dismiss Traxcell's Amended Complaint without prejudice.

Respectfully submitted June 11, 2019

By: /s/ Nathan Hamstra

David Nelson
Nathan Hamstra
Marc Kaplan
Athena Dalton
davenelson@quinnemanuel.com
nathanhamstra@quinnemanuel.com
marckaplan@quinnemanuel.com
athenadalton@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
191 N. Wacker Dr., Suite 2700
Chicago IL 60606
Tel: 312-705-7400
Fax: 312-705-7401

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON PC**
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel: 903-597-8311
Fax: 903-593-0846

*Attorneys for Defendant
Nokia of America Corp. and Nokia
Solutions and Networks Oy*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record are being served this 11th day of June, 2019 with a copy of this document via email.

_/s/ Nathan Hamstra_
Nathan Hamstra

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that this document is authorized to be filed under seal pursuant to the protective order governing this cause.

_/s/ Nathan Hamstra_
Nathan Hamstra