UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,    ) | |
| Plaintiff,    ) | |
| ) | Civil Action No. 2:18-cv-412 |
| v.    ) | |
| ) | |
| NOKIA SOLUTIONS AND    ) | |
| NETWORKS US LLC; NOKIA    ) | |
| SOLUTIONS AND NETWORKS OY;    ) | JURY TRIAL DEMANDED |
| NOKIA CORPORATION; NOKIA    ) | |
| TECHNOLOGIES OY;    ) | |
| ALCATEL-LUCENT USA, INC.; HMD    ) | |
| GLOBAL; AND HMD GLOBAL OY,    ) | |
| Defendants.    ) | |

**PLAINTIFF'S OPPOSITION TO HMD GLOBAL OY'S MOTION TO DISMISS
PLAINTIFF'S INFRINGEMENT CLAIMS UNDER U.S. PATENT NOS. 9,888,353 AND
9,918,196**

1

Plaintiff Traxcell Technologies, LLC ("Traxcell") files this Opposition to Defendant HMD Global Oy's ("HMD") Motion to Dismiss Plaintiff's Infringement Claims Under U.S. Patent Nos. 9,888,353 And 9,918,196 as follows.

## I. INTRODUCTION

As an initial matter, the Court should dismiss the Motion as it is repetitive of the motion to dismiss for allegedly failing to state a plausible claim against HMD. Next, Traxcell opposes because in its First Amended Complaint (FAC) Traxcell did in fact plead plausible facts showing that HMD's handset operators and the wireless carriers that provide service for HMD's handsets directly infringe the asserted claims. Finally, Traxcell opposes because Traxcell pled plausible facts showing that HMD indirectly infringes the asserted claims. As such, the Motion should be denied.

## II. TRAXCELL PLED PLAUSIBLE FACTS TO SUPPORT INFRINGEMENT CLAIMS

### A. The Court Should Deny The Motion As Repetitive Of Its Simultaneously Filed Motion To Dismiss

On the same day HMD filed this Motion, it filed its Motion to Dismiss Under 35 U.S.C. § 101 and for Improper Pleading (Dkt. No. 68). That motion included the same "plausibility" arguments contained in the current Motion directed to the '353 and '196 Patents.[1] The Court should reject HMD's attempt at a second bite at the apple in the current Motion.[2] As such it should be denied.[3]

---

[1] Dkt. No. 67 at 22-27.
[2] *See Ferguson v. Dunn*, C.A No. 1:16-CV-272, 2017 U.S. Dist. LEXIS 111364 at *5, n.2 (E.D. Tex. May 24, 2017) (considering only one of the duplicative motions to dismiss).
[3] Traxcell contends that HMD's other motion to dismiss (Dkt. No. 68) should also be denied, but acknowledges that as it encompasses all of the bases for dismissal stated in this Motion and more, the motion at Dkt. No. 68 should be considered on its merits before denial.

### B. Traxcell Pled Plausible Facts Showing That HMD Handset Operators And Wireless Carriers That Provide Service For HMD Handsets Directly Infringe The Asserted Claims

Traxcell acknowledges that HMD makes wireless mobile communication handset devices[4] and not cell towers or computer servers.[5] As such HMD cannot be a direct infringer, but its handsets are used in systems and methods that directly infringe the '353 and '196 Patents, as Traxcell alleged in its FAC. Moreover, these allegations were further fleshed out in Traxcell's Infringement Contentions served prior to the FAC.

#### 1. Traxcell's System Claims Are Directly Infringed

For example, in Traxcell's FAC on a representative claim (claim 1) of the '353 Patent, Traxcell identified T-Mobile, Nokia, and ALU as providing wireless network equipment and Nokia providing wireless mobile communications devices meeting those claim limitations.[6] Further, in Traxcell's Infringement Contentions, Traxcell went into additional detail regarding the systems, components, and manufacturers involved. For example, for claim 1 of the '353 Patent, Traxcell provided a forty-five page infringement claim chart based on the Nokia network equipment[7] describing those network components and functionalities in detail and listing in an attached exhibit "mobile wireless communication devices" (including Nokia handsets sourced from HMD) used in those systems.[8] When a wireless carrier, such as T-Mobile, sells or uses the claimed mobile wireless communications network,[9] or when a wireless mobile communications device user uses the claimed wireless communications network, there is direct infringement of the

---

[4] HMD markets its handsets under the Nokia brand name under license from Nokia. Ramey Decl. at ¶3, Ex. 1, Online article describing HMD / Nokia marketing of handsets.
[5] Note that HMD mentions a citation to a "Huawei" base station. That is an obvious typographical error and should read "Nokia's base stations."
[6] Dkt. No. 22 at 14-18.
[7] Ramey Decl. at ¶4, Ex. 2, Infringement Contentions Claim 1, '353 Patent, Nokia SON.
[8] Ramey Decl. at ¶5, Ex. 3, Infringement Contentions Exhibit B.
[9] Note that HMD did not acknowledge that a wireless carrier, such as T-Mobile, could be a direct infringer.

complete system claim—in this case, claim 1 of the '353 Patent. The same is true for the other system claims of the '353 and '196 Patents.

HMD contends that *Intellectual Ventures I LLC v. Motorola Mobility LLC*[10] forecloses a finding of "use" type of direct infringement of the system claims. But, that case provides that "to use a system, a person must control (even if indirectly) and benefit from each claimed component."[11] In *Intellectual Ventures*, the court noted that the patentee never accused the ***carrier*** of direct infringement "use."[12] Here, however, Traxcell accused Defendants—meaning T-Mobile the wireless carrier—of "putting the inventions claimed by the '353 Patent into service" and causing "those claimed-invention embodiments as a whole to perform."[13] Moreover, Traxcell accused Defendants of actively encouraging or instructing others, ***including customers***, on how to use its products and services.[14] Thus, the customers are direct "use" infringers. Unlike the customers in *Intellectual Ventures* who received minimal, if any, benefit from the delivery reports generated in that case, the customers in the instant case receive great benefit in improving quality of navigation services, for example.[15] Since it is the customer that is navigating using the wireless mobile communication device—a HMD handset is such a device—he or she is benefited, contrary to HMD's argument.[16]

Regarding the claims of the '196 Patent, the wireless carrier and the wireless mobile communication device (in this case a HMD handset) customer are direct "use" infringers. Contrary to HMD's argument, both groups of users benefit greatly from the provision of navigation information resulting from the claimed invention, meeting the *Intellectual Ventures* test. HMD

---

10     870 F.3d 1320, 1329 (Fed. Cir. 2017).
11     *Id*.
12     *Id*. at 1331.
13     Dkt. No. 22 at 18.
14     *Id*.
15     *Compare* 870 F.3d at 1331.
16     Note that HMD acknowledges this is also a benefit to the wireless carrier. Dkt. No. 67 at 9.

slices the claim too thinly in addressing the function of "determin[ing] whether or not the communications device is a one of the one or more mobile wireless communications devices" as both groups benefit from that functionality that permits the other beneficial functionalities in the claim.[17]

### 2. Traxcell's Method Claims Are Directly Infringed

While HMD itself does not directly infringe the method claims of the '353 and '196 Patents, HMD does not dispute that its wireless mobile communication handset devices are used by wireless carriers to directly infringe.[18] In fact, HMD is an indirect infringer of those claims.

### C. Traxcell Pled Plausible Facts Showing That HMD Is An Indirect Infringer

The caselaw on induced infringement is clear:

To plead a claim of induced infringement under § 271(b), the complaint must allege that (1) there has been direct infringement, (2) the defendant knowingly induced infringement, and (3) the defendant possessed the intent to encourage another's infringement. (citation omitted) To sufficiently plead the "knowingly induced" element, the complaint must allege the defendant had knowledge of the patent and knew that the induced acts constituted patent infringement. (citation omitted).[19]

HMD gives an incomplete picture of Traxcell's allegation of induced infringement. For the '353 Patent, Traxcell alleged:

---

[17]  *See* Dkt. No. 1-3 at claim 15.
[18]  Dkt. No. 11-13.
[19]  *FO2GO LLC v. KeepItSafe, Inc.*, Civil Action No. 18-807-RGA, 2019 U.S. Dist. LEXIS 64505, *8-10 (D. Del. 2019).

5

> 33. Defendants put the inventions claimed by the '353 Patent into service (i.e., used them); but for Defendants' actions, the claimed-invention embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants obtain monetary and commercial benefit from it. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers, suppliers, and competitors), and continue to do so, on how to use its products and services (see chart in paragraph 32), and related services that use identified U.S. wireless networks, wireless-network components, and related services that use online and/or off-line navigation such to cause infringement one or more claims of the '388 patent, including—for example—Claims 1-19, literally or under the doctrine of equivalents. Moreover, Defendants have known and should have known of the '353 patent, if not by the issuance of the '284 patent, by at least by the date of the patent's issuance, which followed the date that the patent's underlying application was cited to Defendants by the U.S. Patent and Trademark Office during prosecution of one of Defendants' patent applications. Nokia has known[20]

Contrary to HMD's argument, this identified direct and induced infringers and alleged "actual[] use [of] the claimed systems."[21] Traxcell made a similar allegation regarding the '196 Patent.[22] Finally, *Limelight* does not shield HMD, because, as explained above, Traxcell sufficiently alleged and supported its claims that the wireless carriers and wireless mobile communication device users (depending on the patent claim) are direct infringers.

### III. CONCLUSION

For the reasons provided herein, Traxcell requests the Court deny Defendants' Motion.

---

[20] Dkt. No. 22 at ¶33.
[21] *Compare* Dkt. No. 67 at 14.
[22] Dkt. No. 22 at ¶40.

Respectfully submitted,

Ramey & Schwaller, LLP

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

Hicks Thomas LLP
John B. Thomas
jthomas@hicks-thomas.com
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

*Attorneys for Traxcell Technologies, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, September 10, 2019, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III