**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, NOKIA CORPORATION, NOKIA TECHNOLOGIES OY, ALCATEL-LUCENT USA, INC., HMD GLOBAL, HMD GLOBAL OY, T-MOBILE USA, INC., | § § § § § § § § § § | Case No. 2:18-cv-00412-RWS-RSP |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant HMD Global Oy's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. No. 44.) The Court previously instructed Plaintiff Traxcell Technologies, LLC ("Traxcell") to provide evidence of proper service, supplemental briefing to support its theories of service, and authority to support its position that the Defendants may be joined together in one case. (Dkt. No. 52.) Plaintiff filed additional briefing as directed (Dkt. No. 60), and the Defendants each filed responses (Dkt. Nos. 61, 62, 63).

After consideration, the Court concludes that the inclusion of HMD Global Oy as a Defendant in this case alongside either Nokia or T-Mobile violates 35 U.S.C. § 299. Furthermore, the Court concludes that Traxcell has not properly served HMD Global Oy. Accordingly, the Court recommends that Traxcell's claims against HMD Global Oy be **DISMISSED WITHOUT PREJUDICE**.

## I. JOINDER OF HMD GLOBAL OY VIOLATES 35 U.S.C. § 299

Traxcell has not shown a sufficient connection between HMD Global Oy and either Nokia or T-Mobile to justify the joinder of HMD Global Oy in this action. 35 U.S.C. § 299 provides that "parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if-- (1) any right to relief is asserted against the parties **jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." (emphasis added.)

In *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, Judge Love concluded that joinder was inappropriate where the defendants provided separate components of a larger system and plaintiffs alleged that the defendants possessed a "marketing alliance" with each other that justified joinder. No. 6:16-CV-00086-RWS-JDL, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017). Hewlett Packard Enterprise, Co. and Hewlett Packard Enterprise Services, LLC (collectively "HP") argued that they were improperly joined with Silver Peak Systems, Inc. ("Silver Peak"). *Id*. The Court noted that the HP's marketing alliance actually involved thousands of vendors other than Silver Peak and that allowing joinder "would open the door to allow Plaintiffs to assert joinder of [HP] in combination with literally thousands of other independent companies on the sole basis that they have a 'marketing alliance.'" *Id*. Judge Love stated that, "[g]iven the nature of this industry, particularly the fact that individual products or processes must be able to integrate into a larger system (for instance, software must be tested to ensure it is combinable with hardware), there must be some further evidence of a relationship between the parties with respect to a certain

product or process in order to support joinder under § 299." *Id*. Claims against Silver Peak were then severed from the claims against HP. *Id*.

Traxcell has not shown a sufficient connection between HMD Global Oy and either Nokia or T-Mobile. HMD Global Oy has no significant connection with T-Mobile other than the fact that the HMD Global Oy phones may be used on the T-Mobile network. This connection is even weaker than the one set forth and rejected by Judge Love in *Realtime Data*. The plaintiffs in *Realtime Data* alleged that HP and Silver Peak were a part of a marketing alliance, and Judge Love concluded that "there must be some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299." *Id*. Here, Traxcell has not suggested any meaningful connection between HMD Global Oy and T-Mobile other than the fact that HMD Global Oy phones may be used on a T-Mobile network. (*See* Dkt. No. 60 at 5–8.) However, permitting joinder based on this fact would open the door to allow Traxcell to join a very large number of other entities on the sole basis that the components may work together as part of a larger system. "Given the nature of this industry, particularly the fact that individual products or processes must be able to integrate into a larger system . . . , there must be some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299." *Realtime Data*, at *3.

For similar reasons, HMD Global Oy lacks a sufficient connection with Nokia. HMD Global Oy manufactures cell phones, and those cell phones may eventually connect to a network that utilizes Nokia equipment. However, this is true for cell phones manufactured by other companies, making the reasoning in *Realtime Data* equally applicable with respect to the connection between HMD Global Oy and Nokia. HMD Global Oy makes wireless handsets and sells those handsets using the Nokia tradename. (Dkt. No. 60 at 6.) However, Traxcell has not

shown how this fact is relevant to the current action for patent infringement or how this fact is relevant to the joinder inquiry. Traxcell has not shown that HMD Global Oy is owned or otherwise affiliated with Nokia. Without further evidence of a stronger relationship between Nokia's and HMD Global Oy's products, the Court concludes that the right to relief being asserted against Nokia and HMD Global Oy does not arise out of the same transaction, occurrence, or series of occurrences.

Thus, the Court concludes that HMD Global Oy's inclusion as a defendant violates 35 U.S.C. § 299, making it appropriate to sever HMD Global Oy. However, in light of additional issues with insufficient service of process that will be discussed below, the Court recommends that Traxcell's claims against HMD Global Oy be **DIMISSED WITHOUT PREJUDICE**.[1]

## II.    PLAINTIFF HAS NOT PROPERLY SERVED HMD GLOBAL OY

The Court also concludes that Traxcell has not met its burden of proving that it properly served HMD Global Oy. HMD Global Oy's Motion to Dismiss raises several arguments, and one of those arguments was that Traxcell's complaint should be dismissed for insufficient service of process. (Dkt. No. 44.) At a scheduling conference, the Court addressed service attempts made by Traxcell. (Dkt. No. 55 at 30:9–25.) During the discussion of HMD Global Oy's Motion to Dismiss at a previous scheduling conference, Traxcell indicated that it had recently attempted service upon HMD Global Oy through the Texas Secretary of State. (*Id*. at 32:20–25.) In light of this and because the previous attempts at service were each flawed in some way, the Court directed Traxcell to provide further briefing on the issue of whether HMD Global Oy could be served through the Texas Secretary of State and whether Traxcell's recent attempt at service met the requirements for

---

[1] Nokia and T-Mobile should remain in the same suit. (*See* Dkt. No. 61 (showing statement by T-Mobile that "T-Mobile is connected to Nokia via network equipment. . . .").)

service under the Federal Rules. (*Id*. at 33:19–34:7.) The Court stated that "if I decide your service is still not enough, then I'll grant HMD's request to dismiss, and you can do whatever you want to do after that, but I think that's an adequate time." (*Id*. at 33:25–34:3.) Traxcell filed a brief focusing on one of those attempts. (*See* Dkt. No. 60 at 2–3.)

After consideration, the Court concludes that HMD Global Oy should be dismissed under either Rule 12(b)(5) or Rule 4(m) of the Federal Rules of Civil Procedure. First, the Court concludes that Traxcell must comply with the Hague Convention to effect service, and Traxcell has not shown that it has complied with the Hague Convention. Second, even if Traxcell is not required to comply with the Hague Convention to effect service for HMD Global Oy, the Court concludes that Traxcell has failed to show that it met the requirements for service. Instead, Traxcell's newest attempt at service through the Texas Secretary of State was ineffective as it did not include the operative complaint. Third and finally, even if Traxcell is not required to comply with the Hague Convention to effect service for HMD Global Oy, the Court concludes that good cause is not present to justify any further attempts of service, making dismissal without prejudice appropriate pursuant to Rule 4(m).

    **a. Traxcell is required to comply with the Hague Convention to effect service of HMD Global Oy.**

HMD Global Oy is a business that is both organized and based in Finland. (Dkt. No. 22 at ¶ 8.) The United States and Finland are both signatories to the Hague Convention. Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"); *see also* HCCH Members (accessed 10/18/2019), https://www.hcch.net/en/states/hcch-members. The Hague Convention states that "[t]he present Convention *shall* apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (quoting Hague Convention, 20 U.S.T. at

362) (emphasis added). The Supreme Court has recognized the mandatory nature of this clause and stated that, "[b]y virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies." *Id.*

Traxcell cites to a Memorandum Opinion and Order written by Judge Davis in *Aten Int'l Co. v. Emine Tech. Co*. to suggest that service on the Texas Secretary of State was an appropriate method of service on HMD Global Oy. (Dkt. No. 60 at 2 (citing 261 F.R.D. 112, 121 (E.D. Tex. 2009)).) However, in that case, the foreign company was based in Taiwan, and Taiwan was not a signatory to the Hague Convention. *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc*., No. CV-160-4502-BRO (MRx), 2016 WL 7479373, at *4 (C.D. Cal. Sept. 8, 2016); *see also* HCCH Members (accessed 10/18/2019), https://www.hcch.net/en/states/hcch-members. Accordingly, the Hague Convention clearly did not apply in that case.

However, Judge Davis wrote an opinion in another case suggesting that the Hague Convention would apply here. *See Macrosolve, Inc. v. Antenna Software, Inc*., No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012). Like Traxcell, the plaintiff in *Macrosolve* argued that service of process upon the Texas Secretary of State did not implicate the Hague Convention and that "service was complete in Texas when the Secretary of State was served." Sur-Reply by Plaintiff Macrosolve, *Macrosolve, Inc. v. Antenna Software, Inc*., No. 6:11-CV-287, Dkt. No. 129 at 3. Judge Davis stated that:

> Substituted service of process upon the Texas Secretary of State requires that the Secretary send notice of the complaint to the nonresident. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a) (West 2011); 1 Tex. Admin. Code § 71.21 (2012). This notice is required for service of process to be complete; the Secretary will not send a Certificate of Service until receiving a postal mail receipt indicating whether the forwarded notice was received. *See* 1 Tex. Admin. Code § 71.21 (2012) ("Upon request, the Secretary of State will issue a [Certificate of Service] showing . . . [t]he disposition of the mailing shown on the postal return receipt."). Because

> substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated. *See Schlunk*, 486 U.S. at 700. Accordingly, MacroSolve's attempted service of process on Defendants is deficient for failure to comply with the requirements of the Hague Convention.

*Macrosolve*, 2012 WL 12903085, at *2.

Based on the authority provided above, the Court concludes that Traxcell must comply with the requirements of the Hague Convention here. As stated above, the *Aten* case is distinguishable because it dealt with a foreign company that was based in a country that was not a signatory to the Hague Convention, making the Hague Convention inapplicable. Here, HMD Global Oy is based in Finland and Finland is a signatory to the Hague Convention. Further, the quoted reasoning within *Macrosolve* applies equally to this case, and it explains why compliance with the Hague Convention is necessary in this case. Traxcell has not attempted to show that it has complied with the Hague Convention.

"Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Traxcell has not demonstrated reasonable diligence in attempting service upon HMD Global Oy—Traxcell has attempted service upon HMD Global Oy at least six times since the filing of this action in September of 2018, with none of these attempts complying with the Hague Convention and with each of these attempts being flawed for other reasons. Consequently, the Court recommends that HMD Global Oy be **DISMISSED WITHOUT PREJUDICE**.

> **b. Even if Traxcell is not required to comply with the Hague Convention to effect service of HMD Global Oy, Traxcell's attempts at service were still ineffective due to the inclusion of an inoperative complaint.**

In the attempted service through the Texas Secretary of State that Traxcell discusses in its brief, Traxcell concedes that it sent the original complaint instead of the amended complaint that had been filed with the Court. (Dkt. No. 60 at 3 ("HMD exaggerated the importance that, inadvertently, Plaintiff first provided the Secretary with the Original Complaint instead of the First Amended Complaint").) "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "'[S]ervice of a superseded complaint with the summons does not fulfill the requirements of [Rule 4]' as 'a superseded complaint is a mere scrap of paper.'" *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4053897, at *3 n.3 (E.D. Tex. July 20, 2018) (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1093 (4th ed. 2015)). Traxcell does not dispute that the original complaint was not operative at the time service was attempted, and Traxcell does not contend that the amended complaint specifically refers to and adopts or incorporates by reference the original complaint. (*See* Dkt. No. 60 at 2–5.) Instead, Traxcell argues that the amended complaint makes changes from the original complaint that Traxcell contends are insubstantial. (*Id.*) However, Traxcell has not cited any case law to show any insubstantiality exception to the rule presented in *King v. Dogan*. Accordingly, even if service through the Texas Secretary of State was an appropriate mechanism for service of HMD Global Oy, the failure to provide an operative complaint makes Traxcell's attempt at service through the Texas Secretary of State ineffective.

      c. **Even if the Hague Convention is not implicated here, HMD Global Oy should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the same rule provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, Traxcell filed the original complaint on September 26, 2018, so Traxcell must show good cause before the Court may allow further attempts at service as over 90 days have passed since the filing of the original complaint. However, Traxcell has already been given additional time to serve HMD Global Oy and at least six different attempts at service of HMD Global Oy. Under these facts, the Court concludes that good cause is not present, making dismissal without prejudice appropriate.

Accordingly, it is recommended that Defendant HMD Global Oy be **DISMISSED WITHOUT PREJUDICE**. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation **must be filed** in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of October, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE