**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, § § *Plaintiff*, § § v. § § NOKIA SOLUTIONS AND § NETWORKS US LLC ET AL, § § *Defendants*. § | Case No. 2:18-cv-00412-RWS-RSP |

### REPORT AND RECOMMENDATION

Before the Court is Defendant T-Mobile USA, Inc.'s (hereinafter "T-Mobile") Motion to Dismiss the First Amended Complaint. (Dkt. No. 33.) T-Mobile seeks the dismissal of Traxcell's claims against T-Mobile for (1) direct infringement; (2) inducement; and (3) willfulness. (*Id*. at 4–13.) After consideration, the Court recommends that T-Mobile's Motion to Dismiss be **DENIED**.

Traxcell's First Amended Complaint provides sufficient detail for claims of direct infringement against T-Mobile and the other Defendants. The Complaint tracks the language of specific claims within the asserted patents and provides general guidance on how the accused products infringe when they are combined with other products or components. (*See, e.g*., Dkt. No. 22 at 8.) The information included within the Complaint provides fair notice of "what the . . . claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc*., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007))).

Traxcell's First Amended Complaint also provides fair notice of its induced infringement claim and the ground upon which it rests. Plaintiff has provided sufficient detail for its claims of direct infringement as stated above. Further, Traxcell also alleges that T-Mobile and the other

Defendants had knowledge of the patent as of the date that the Complaint was served against them. (*E.g.*, Dkt. No. 22 at ¶ 28.) The allegations at least give rise to a plausible allegation of knowledge, specific intent, and active encouragement or instruction to infringe (*e.g., id.*), so Traxcell has therefore provided sufficient detail to provide circumstantial evidence of an intent to induce infringement. Accordingly, the Court concludes that dismissal is not appropriate with respect to Traxcell's induced infringement claim against T-Mobile.

The Court also concludes that Traxcell has adequately pled its willfulness claim against T-Mobile. The Court concluded that the Complaint is sufficient with respect to claims of direct infringement against T-Mobile, and Traxcell also alleges that T-Mobile had knowledge of the patent as of the date that the Complaint was served. In light of this, the Court concludes that Traxcell has provided enough facts to state a claim to relief for willful infringement that is plausible on its face.

The Court therefore recommends that T-Mobile's Motion to Dismiss (Dkt. No. 33) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from de novo review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and

Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 23rd day of October, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE